IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CREE, INC.,                                    )
                                               )
                Plaintiff,                     )
                                               )
        v.                                     )
                                               )        C.A. No. 10-866-PSD
SEMILEDS CORPORATION and HELIOS                )
CREW CORP.,                                    )
                                               )
                Defendants.                    )
                                               )
                                               )

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), this Court, having been duly advised,

finds that there is good cause for the entry of this Order and hereby ORDERS that:

1.      This Protective Order shall apply to all information, documents and things

produced by a party ("party" shall include without limitation third parties, such as subpoena

respondents) in this Action ("Action" shall include without limitation this litigation and any

adjunct subpoena proceedings incident hereto before any tribunal) including, without limitation,

testimony adduced at deposition upon oral examination or upon written questions, answers to

interrogatories, documents and things produced, information obtained from inspection of

premises or things, and answers to requests for admission, or information disclosed pursuant to

subpoena under Fed. R. Civ. P. 45.

### Designation of Confidential Information

2.      Each party that produces or discloses any materials, answers to interrogatories,

responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial

testimony and depositions, or other information that the disclosing party believes should be

subject to this Protective Order, may designate the information as "HIGHLY CONFIDENTIAL" (hereafter referred to as "Protected Materials").

3.     **Designation as "HIGHLY CONFIDENTIAL"**: The term "HIGHLY CONFIDENTIAL" shall apply only to a party's highly confidential and proprietary business, commercial, competitive, financial, marketing, sales, and technical information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to an employee of the receiving party would reveal significant business, commercial, competitive, financial, marketing, sales, or technical advantages of the disclosing party. "HIGHLY CONFIDENTIAL" information shall include, but is not limited to: (1) business/strategic plans; (2) sales, cost, and price information including future sales/financial projections; (3) non-public marketing information including future marketing or business plans; (4) detailed sales and financial data that includes costs and profits information; (5) customer lists; (6) licenses, licensing policies, and licensing negotiations; (7) non-public semiconductor "recipes," specifications, schematics, and other documents used in connection with generating such "recipes"; (8) non-public semiconductor growth, fabrication, testing, packaging, and other non-public technical specifications, schematics, and documents showing the disclosing party's product design, functionality, features, and operation; and (9) other information of business, commercial, competitive, financial, marketing, sales, and technical significance comparable to the items listed in this paragraph.

4.     In determining the scope of information which a party may designate as its Protected Materials, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Protected Materials and responses to requests to

- 2 -

permit more widespread disclosure of Protected Materials shall be made in good faith and not (1)

to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

No published documents shall be designated as "HIGHLY CONFIDENTIAL."

5.      All documents or other tangible items which the disclosing party claims are

"HIGHLY CONFIDENTIAL" and subject to the terms of this Order must be so designated by

conspicuously marking "HIGHLY CONFIDENTIAL" on each page or, in the case of other

tangible items, by notifying the other parties in writing.

6.      Protected Materials and/or testimony disclosed at a deposition shall be designated

as such on the record or by a letter to all counsel of record within 30 days of receiving the

transcript. The parties shall treat such deposition material and/or testimony as "HIGHLY

CONFIDENTIAL" until the 30-day period elapses.

### Restrictions on Use of Highly Confidential Information

7.      Information designated as "HIGHLY CONFIDENTIAL" shall not be disclosed or

disseminated to anyone, except:

a.      Outside counsel involved in this action, including both local and trial

counsel, provided that all such individuals have agreed to be bound by this Order and have

signed the undertaking attached as Exhibit A;

b.      Employees and agents of such counsel of record, including paralegals,

litigation support services, secretarial and clerical staff;

c.      Any graphics, translation, or design consultants retained by counsel of

record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other

court proceedings in this action and non-technical jury or trial consulting services, including

mock jurors; provided that all such individuals have agreed to be bound by this Protective Order and have signed the undertaking attached as Exhibit A;

        d.      The Court, the jury, court personnel, court reporters, and persons engaged to make copies (with such Protected Materials having been filed under seal or with other suitable precautions as determined by the Court);

        e.      At a deposition or at trial, any person who authored or previously received the Protected Materials and any person currently employed by the designating party;

        f.      Any expert or consultant who (1) is engaged by counsel of record in this action, whether or not such expert or consultant is paid directly by a party, and (2) is not regularly employed by a party hereto, provided however that disclosure to such persons shall be made only on the conditions set forth in Paragraph 8 below, and provided that all such experts or consultants agree to be bound by this Protective Order and have signed the undertaking attached as Exhibit A;

        g.      Any other person with the prior written consent of the party who designates the material as "HIGHLY CONFIDENTIAL"; provided that all such persons have agreed to be bound by this Protective Order and have signed the undertaking attached as Exhibit A; and

        h.      Independent legal translators retained by counsel of record to translate in connection with this action and independent stenographic reporters and videographers retained by counsel of record to record and transcribe testimony in connection with this action; provided that all such persons have agreed to be bound by this Protective Order and have signed the undertaking attached as Exhibit A.

j.      For disclosure to individuals pursuant to Paragraph (7)(f) above, at least
ten (10) days in advance of the proposed disclosure of any Protected Materials to that person,
counsel shall serve that person's signed declaration and curriculum vitae or resume by facsimile
or electronic mail on every other party. A party may object for cause to the proposed disclosure
by serving a written objection on every other party within ten (10) days after receiving the copy
of the signed declaration. Failure to timely object shall operate as a waiver of the objection. If a
party objects to the proposed disclosure, the objecting party's Protected Materials shall not be
disclosed to such person except by order of the Court or by written consent of the objecting
party. In the event that a motion is made, the objecting party shall have the burden of proving
that disclosure should not be made.

### General Provisions

8.      Each person to whom Protected Materials will be disseminated (other than those
exempted by Paragraph 7 above) will be required, prior to any dissemination, to receive and read
a copy of this Protective Order and to agree, in writing, by executing a declaration in the form
attached hereto as Exhibit A, to be bound by the terms of this Order and to be personally subject
to the jurisdiction of this Court for the purpose of enforcement hereof. Counsel for any party
receiving Protected Materials and disseminating such shall maintain a list of all such persons
along with the written agreement of each person to that effect, and shall be prepared to provide
copies of such written agreements to the Court for *in camera* inspection if any party files a
motion to enforce this Protective Order suggesting that any part of this Order may have been
violated.

9.      Any court hearing which refers to or describes Protected Materials may, in the
Court's discretion, be held *in camera*. Before a party may refer to or describe Protected

- 5 -

Materials in a court hearing, that party must give the other party notice to allow for a request that the hearing be held *in camera*. Nothing contained herein shall be deemed to constitute a waiver of any party's right to contest the sealing of any documents or testimony pursuant to Rule 26 of the Federal Rules of Civil Procedure. Any party may at any time request the Court to determine whether the Protected Materials are properly designated as "HIGHLY CONFIDENTIAL" and whether or not they satisfy the requirements of Fed. R. Civ. P. 26.

10.     The parties agree to file with the Court any documents or other items identified as "HIGHLY CONFIDENTIAL" under this Protective Order only "Under Seal," to the extent allowed by the Court.

11.     If an objection to a designation of material as "HIGHLY CONFIDENTIAL" is made, counsel for the objecting party shall set forth its objection in writing to counsel for the designating party and, hereafter, such counsel and designating party shall meet and confer as soon as practicable in a good faith effort to resolve their differences. Failing resolution, the objecting party may, within seven (7) days after the meeting and conference, file a motion to remove the "HIGHLY CONFIDENTIAL" designation. Pending resolution of the motion, the information in controversy shall be treated as if it bears the confidential classification sought by the designating party, except as required by the Court and agreed upon in writing by the parties. This paragraph in no way changes the burden of proof on the parties under existing case law with respect to confidentiality of documents.

12.     Nothing contained herein shall be construed to preclude or limit any party from opposing any discovery on any grounds which would otherwise be available. Entry of this Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order and any consent hereto constitute waiver of any right to seek relief from the Court from

- 6 -

any and all of the provisions hereof or other modifications of the term hereof. This Order shall

not limit any party's right to seek judicial review or to seek further and additional protection

against or limitation upon production or dissemination of information and documents or their

contents.

13.     A misdesignation or an inadvertent failure to designate may be corrected by

written notification from counsel for the disclosing party to counsel for the receiving party, and

the receiving party shall thereafter mark and treat the materials as "HIGHLY

CONFIDENTIAL," as appropriate, and such material shall be subject to this Order as if it had

been initially so designated. If, prior to receiving such notice, the receiving party has

disseminated the Protected Materials to individuals not authorized to receive it hereunder and the

material is capable of being marked as "HIGHLY CONFIDENTIAL," the receiving party shall,

upon notice, promptly collect the Protected Materials or otherwise assure that the recipient(s)

properly mark the newly designated Protected Materials and maintain the confidentiality of the

materials.

14.     All information and/or documents that are inadvertently produced by any party in

connection with discovery proceedings in the action, which but for such inadvertent production

would otherwise have been entitled to be protected from discovery by any privilege, exemption

or immunity, shall continue to be protected by such privilege, exemption or immunity, subject to

specific objections to the contrary that may be filed by any party, and such inadvertent

production shall not be deemed to be a waiver of any such privilege, exemption or immunity.

Promptly after discovering any inadvertently produced information and/or documents, the

disclosing party shall provide to the other parties written notification identifying the document

that has been inadvertently produced and stating the privilege, exemption, or immunity under

RLF1 3973866v. 1

which such document is allegedly protected. Upon receipt of such written notification from the

disclosing party, the other parties shall, within three (3) business days, return to the disclosing

party or destroy each inadvertently produced document or item containing the information and

any and all copies made of such document or item. Any analyses, memoranda, or notes which

were internally generated based upon such inadvertently-produced information shall immediately

be quarantined away from counsel working on the case and destroyed.[1] The return of

inadvertently produced documents under this Protective Order shall not prevent any party from

asserting specific objections to any claims of privilege, exemption, or immunity regarding such

documents as would normally be made. This paragraph is not intended to require the return of

Protected Materials regarding which a privilege, exemption, or immunity is not claimed.

      15.     Nothing in this Protective Order shall bar or otherwise restrict any attorney for the

parties from rendering advice to his or her client with respect to this litigation. In the course of

doing so, said attorney may generally refer to or rely upon his or her examination of "Highly

Confidential" material, but shall not disclose the specific contents of such information to persons

not authorized to receive such information pursuant to this Protective Order, except by written

agreement with opposing counsel.

## Use of and Return of Confidential Information

      16.     Documents and information protected by this Order shall be used for the sole and

limited purpose of this action and shall not be used for any other purpose. Within thirty (30)

days after the judgment in this litigation is final (including after the exhaustion of all appeals),

each party shall use best efforts to retrieve all copies of "HIGHLY CONFIDENTIAL" materials

---

[1] The discovering party may, if it chooses to object to the assertion of privilege, quarantine any such analyses, memoranda, or notes until such challenge has been adjudicated or otherwise resolved. In the event the assertion of privilege is upheld despite challenge, the

RLF1 3973866v. 1

from their own files, and from experts or other persons to whom they have been provided consistent with this Order, and to return to the opposing party all documents or other materials and copies thereof produced during discovery in this action, provided that in lieu of returning the same, counsel may certify that all such materials and all copies thereof have been destroyed. All information protected by this Order which has been placed in any computer data bank shall be completely erased, and any documents listing or summarizing information protected by this Order shall be destroyed within the same period. Each party shall provide the opposing party a letter certifying that he, she, or it has complied with this paragraph.

### Prosecution Bar

17. Absent written consent from the producing party, any individual who receives access to "HIGHLY CONFIDENTIAL" information shall not be involved in the prosecution of patents or patent applications that relate to the subject matter of the patents-in-suit (namely, LEDs where the claimed invention relates to: current spreading layers and light extraction structures; multilayer conductive stacks, including a reflector layer, an ohmic contact layer, and a barrier layer; specific area and performance characteristics; reflective bond pads; and reduced conductivity areas), before any foreign or domestic agency, including the United States Patent and Trademark Office ("Patent Office"); and, in any event, shall not use "HIGHLY CONFIDENTIAL" technical information produced by the opposing party for purposes of the prosecution of any patent or patent application before any foreign or domestic agency, including the Patent Office. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as

---

discovering party shall then promptly destroy any such analyses, memoranda, or notes previously held in quarantine.

used in this paragraph does not include representing a party challenging or defending a

patent before a domestic or foreign agency (including, but not limited to, a reissue protest,

ex parte reexamination, or inter partes reexamination).  This Prosecution Bar applies only to

the individual attorneys and/or engineers actually involved in the prosecution of a patent or

patent application, and shall not extend to (1) other individuals practicing within the same

law firm or company, or (2) individuals who are responsible for supervising the individuals

involved in the prosecution of the patent or patent application but who are not themselves

substantively involved in the prosecution of the patent or patent application.  This

Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL" information is

first received by the affected individual and shall end two (2) years after final termination of

this litigation, including all appeals.


SIGNED this 13th day of Avil , 2011.

PAUL DIAMOND
UNITED STATES DISTRICT JUDGE

RLF1 3973866v. 1

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 10-866-PSD |
| SEMILEDS CORPORATION and HELIOS CREW CORP., | ) |
| Defendants. | ) |

## UNDERTAKING CONCERNING RECEIPT OF PROTECTED MATERIALS SUBJECT TO PROTECTIVE ORDER

I, _____ declare that:

1.    My present residential address is

_____.

2.    My present employer is _____

and the address of my present employer is

_____.

3.    My present occupation or job description is

_____.

4.    I have received and carefully read the Protective Order in this Action dated

_____, and understand its provisions.  As a condition precedent to receiving any

Protected Materials, as such are defined in the Protective Order, I agree to subject myself to the

personal jurisdiction of this Court with respect to the enforcement of the provisions of the

- 1 -

attached Protective Order. I understand that I am obligated, under Order of the Court, to hold in

confidence and not to disclose the contents of any document marked or later designated pursuant

to the Protective Order as "HIGHLY CONFIDENTIAL" to anyone other than those persons

identified in Paragraph 7 of the Protective Order to the extent that such persons are qualified to

review such information. I further understand that I am not to disclose to persons other than

those persons identified in Paragraph 7 of the Protective Order any words, substances,

summaries, abstracts, or indices of Protected Materials or transcripts disclosed to me. In addition

to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5.      At the termination of this Action or at any time requested by counsel of record in this

Action, I will return to counsel of record in this Action all documents and other materials,

including notes, computer data, summaries, abstracts, or any other materials including or

reflecting Protected Materials which have come into my possession, and will return all

documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of this Protective Order, I will be in violation

of a Court Order and subject to sanctions or other remedies that may be imposed by the Court

and potentially liable in a Civil Action for damages by the disclosing party.

7.      I declare under penalty of perjury of the laws of the United States that the foregoing is

true and correct.


Executed on: _____   Name: _____

RLF1 3973866v. 1