IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-866 (PD) |
| | ) | |
| SEMILEDS, INC., HELIOS CREW CORP., | ) | **DEMAND FOR JURY TRIAL** |
| and SEMILEDS OPTOELECTRONICS CO., | ) | |
| LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF SEMILEDS
CORPORATION, HELIOS CREW CORPORATION, AND
SEMILEDS OPTOELECTRONICS CO., LTD.
TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants SemiLEDs Corporation ("SemiLEDs"), Helios Crew Corporation
("Helios"), and SemiLEDs Optoelectronics Co., Ltd. ("SemiLEDs Optoelectronics")
(collectively, "Defendants"), by and through their undersigned attorneys, hereby respond to the
Third Amended Complaint (hereafter, "Complaint") of Plaintiff Cree, Inc. ("Cree") with the
following Answer, Affirmative Defenses, and Counterclaims, and jury demand:

## GENERAL DENIAL

Unless specifically admitted below, Defendants deny each and every allegation in
the Complaint.

## RESPONSE TO SPECIFIC ALLEGATIONS

Defendants hereby answer the numbered paragraphs of the Complaint with the
following correspondingly numbered responses:

## THE PARTIES[1]

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and on that basis deny those allegations.

2.      Defendants admit that SemiLEDs is a Delaware corporation and otherwise deny the allegations of paragraph 2 of the Complaint.  SemiLEDs has a principal place of business at 3F, No.11 Ke Jung Rd., Chu-Nan Site, Hsinchu Science Park, Chu-Nan 350, Miao-Li County, Taiwan, R.O.C.

3.      Defendants admit that Helios is a Delaware corporation and otherwise deny the allegations of paragraph 3 of the Complaint.  Helios has a principal place of business at No. 12-5, Dungshr 2 Lin Dungming Tsuen Shinwu Shiang, 327 Taoyuan County, Taiwan, R.O.C.

4.      Defendants admit that SemiLEDs Optoelectronics is a Taiwan company and otherwise deny the allegations of paragraph 4 of the Complaint.  SemiLEDs Optoelectronics has a principal place of business at 3F, No.11 Ke Jung Rd., Chu-Nan Site, Hsinchu Science Park, Chu-Nan 350, Miao-Li County, Taiwan, R.O.C.

## JURISDICTION AND VENUE

5.      This paragraph seeks to characterize and assert legal conclusions regarding Cree's claims and, therefore, no response is required.  To the extent a response is nonetheless deemed to be required, Defendants admit that the Complaint purports to assert

---

[1]     The headings in the Complaint are reproduced in this Answer for convenience. Defendants do not admit, and instead expressly deny, any allegations contained or implied by the headings.

claims arising under 35 U.S.C. § 1, et seq. and that this Court has subject matter jurisdiction over this action.

6.      Defendants admit that this Court has personal jurisdiction over SemiLEDs and Helios for purposes of this action.  Defendants deny that either SemiLEDs or Helios has committed any act of infringement in this judicial district.

7.      Defendants deny that this Court has personal jurisdiction over SemiLEDs Optoelectronics but agree that, pursuant to the parties' stipulation resolving Cree's motion for leave to amend its Complaint, Defendants will not contend for purposes of this action that the Court lacks personal jurisdiction over SemiLEDs Optoelectronics.  Defendants deny that SemiLEDs Optoelectronics has committed any act of infringement in this judicial district.

8.      SemiLEDs and Helios admit that venue in this district is proper under 28 U.S.C. § 1391(c) and (d) and § 1400(b), although this district is not the most convenient or most appropriate forum for this action.  SemiLEDs Optoelectronics admits that venue in this district is proper under 28 U.S.C. § 1391(d), although this district is not the most convenient or most appropriate forum for this action.

## FACTUAL BACKGROUND

9.      Defendants admit that LEDs are an alternative to traditional light sources such as incandescent light bulbs.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and on that basis deny those allegations.

10.      Defendants deny the allegations of paragraph 8 of the Complaint.

11.     Defendants admit that Exhibit 1 to the Complaint appears to be a copy of U.S. Patent No. 7,737,459 (hereafter "the '459 patent"), entitled "High Output Group III Nitride Light Emitting Diodes."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

12.     Defendants admit that Exhibit 2 to the Complaint appears to be a copy of U.S. Patent No. 7,211,833 (hereafter "the '833 patent"), entitled "Light Emitting Diodes Including Barrier Layers/Sublayers."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

13.     Defendants admit that Exhibit 3 to the Complaint appears to be a copy of U.S. Patent No. 7,611,915 (hereafter "the '915 patent"), entitled "Methods of Manufacturing Light Emitting Diodes Including Barrier Layers/Sublayers."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

14.     Defendants admit that Exhibit 4 to the Complaint appears to be a copy of U.S. Patent No. 6,657,236 (hereafter "the '236 patent"), entitled "Enhanced Light Extraction in LEDs Through the Use of Internal and External Optical Elements."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

15.     Defendants admit that Exhibit 5 to the Complaint appears to be a copy of U.S. Patent No. 7,795,623 (hereafter "the '623 patent"), entitled "Light Emitting Devices Having Current Reducing Structures and Methods of Forming Light Emitting Devices Having

Current Reducing Structures." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

16.     Defendants admit that Exhibit 6 to the Complaint appears to be a copy of U.S. Patent No. 7,557,380 (hereafter "the '380 patent"), entitled "Light Emitting Devices Having a Reflective Bond Pad and Methods of Fabricating Light Emitting Devices Having Reflective Bond Pads." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis deny these allegations.

18.     Defendants deny the allegations of paragraph 16 of the Complaint.

19.     Defendants deny the allegations of paragraph 17 of the Complaint.

## Count 1 – Defendants' Infringement of U.S. Patent No. 7,737,459

20.     Defendants repeat each of their respective responses to paragraphs 1-19 as if set forth fully here.

21.     Defendants deny the allegations of paragraph 21 of the Complaint.

22.     Defendants deny the allegations of paragraph 22 of the Complaint.

23.     Defendants deny the allegations of paragraph 23 of the Complaint.

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

**Count 2 – Defendants' Infringement of U.S. Patent No. 7,211,833**

25. Defendants repeat each of their respective responses to paragraphs 1-24 as if set forth fully here.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

**Count 3 – Defendants' Infringement of U.S. Patent No. 7,611,915**

30. Defendants repeat each of their respective responses to paragraphs 1-29 as if set forth fully here.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

**Count 4 – Defendants' Infringement of U.S. Patent No. 6,657,236**

35. Defendants repeat each of their respective responses to paragraphs 1-34 as if set forth fully here.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

## Count 5 – Defendants' Infringement of U.S. Patent No. 7,795,623

40.     Defendants repeat each of their respective responses to paragraphs 1-39 as if set forth fully here.

41.     Defendants deny the allegations of paragraph 41 of the Complaint.

42.     Defendants deny the allegations of paragraph 42 of the Complaint.

43.     Defendants deny the allegations of paragraph 43 of the Complaint.

44.     Defendants deny the allegations of paragraph 44 of the Complaint.

## Count 6 – Defendants' Infringement of U.S. Patent No. 7,557,380

45.     Defendants repeat each of their respective responses to paragraphs 1-44 as if set forth fully here.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Defendants deny the allegations of paragraph 47 of the Complaint.

48.     Defendants deny the allegations of paragraph 48 of the Complaint.

49.     Defendants deny the allegations of paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Cree is entitled to any relief whatsoever against Defendants in this action, either as prayed for in its Complaint or otherwise.

## AFFIRMATIVE DEFENSES

## First Defense: Non-Infringement

Defendants have not and do not infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '459 patent, the '833 patent, the '915 patent, the '236 patent, the '623 patent or the '380 patent (collectively, the "patents-in-suit").

**Second Defense: Invalidity**

Each claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, because one or more of the claims lack definiteness, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention.

**Third Defense: Estoppel and Waiver**

As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the patents-in-suit, specifically the admissions, representations, and amendments made on behalf of the applicants for the patents-in-suit, Cree is estopped from asserting any construction of the claims of the patents-in-suit to cover any activity engaged in or product sold by Defendants.

**Fourth Defense: Failure to State a Claim**

The Complaint fails to state any claim against Defendants upon which relief may be granted.

**Fifth Defense: Lack of Standing**

On information and belief, Cree lacks standing to bring a patent infringement action based on the patents-in-suit and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

**Sixth Defense: Costs Barred**

Cree is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## Seventh Affirmative Defense: Marking

Cree's recovery is barred, in whole or in part, by its failure to comply with the provisions of 35 U.S.C. § 287.

## Eighth Defense: Unenforceability

On information and belief, the '459 patent is unenforceable due to inequitable conduct by Cree, the named inventors, and/or the patent attorneys who prosecuted the application that led to the issuance of the '459 patent because they failed to discharge their duty of candor to the USPTO during the prosecution of the '459 patent. Cree, the named inventors, and/or the patent attorneys, including Mr. Philip Summa, failed to disclose to the Examiner information material to the patentability of the pending claims, including adverse decisions by another Examiner and the Board of Patent Appeals and Interference in application no. 11/037,965, to which the '459 patent claims priority. These individuals/entities acted with the intent to deceive the patent office in order to obtain an allowance of the claims. Additional information supporting this affirmative defense is set forth below in Paragraphs 16 through 25 of SemiLEDs' Third Counterclaim. Those paragraphs are incorporated by reference as though fully pleaded herein.

## COUNTERCLAIMS

SemiLEDs, for its counterclaims against Cree, alleges as follows:

## GENERAL ALLEGATIONS

1.     Paragraphs 1 through 47 of this answer, Defendants' response to the prayer for relief, and the affirmative defenses raised by Defendants, are incorporated by reference as though fully pleaded herein.

2.     Counterclaimant SemiLEDs is a corporation organized and existing under the laws of Delaware, with a principal place of business at 3F, No.11 Ke Jung Rd., Chu-Nan Site, Hsinchu Science Park, Chu-Nan 350, Miao-Li County, Taiwan, R.O.C.

3.     Plaintiff and counterclaim defendant Cree alleges in the Complaint that it is a corporation organized and doing business under the laws of North Carolina, having a principal place of business in Durham, North Carolina.

4.     Cree alleges that it is the sole owner of U.S. Patents Nos. 7,737,459, 7,211,833, 7,611,915, 6,657,236, 7,795,623 and 7,557,380 (collectively, the "patents-in-suit").

## JURISDICTION AND VENUE

5.     In its counterclaims, SemiLEDs seeks to obtain a judgment declaring that the patents-in-suit are invalid and not infringed by SemiLEDs.  These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, §§ 2201 and 2202, and Title 35 of the United States Code.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue in this district is permissible under 28 U.S.C. § 1391(c) and (d) and § 1400(b).

## FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

8.     Paragraphs 1 through 7 are incorporated by reference as though fully pleaded herein.

9.     SemiLEDs' products do not infringe, either directly or indirectly, any claim of the patents-in-suit, either literally or under the doctrine of equivalents, and SemiLEDs is not liable for infringement thereof, and SemiLEDs' actions do not infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the patents-in-suit.

10.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between SemiLEDs and Cree concerning whether SemiLEDs infringes, or contributes to the infringement of, the patents-in-suit.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

11.     Paragraphs 1 through 10 are incorporated by reference as though fully pleaded herein.

12.     The patents-in-suit, and each claim thereof, are invalid for failure to comply with the requirements of the Patent Laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

13.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between SemiLEDs and Cree concerning the validity of the patents-in-suit.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability)

14.     Paragraphs 1 through 13 are incorporated by reference as though fully pleaded herein.

15.     On information and belief, the '459 patent is unenforceable due to inequitable conduct by Cree, the named inventors, and/or the patent attorneys who prosecuted the application that led to the issuance of the '459 patent because they failed to discharge their duty of candor to the USPTO during the prosecution of the '459 patent.  Cree, the named

inventors, and/or the patent attorneys, including Mr. Philip Summa, failed to disclose to the Examiner information material to the patentability of the pending claims, including adverse decisions by another Examiner and the Board of Patent Appeals and Interference in application no. 11/037,965, to which the '459 patent claims priority. These individuals/entities acted with the intent to deceive the patent office in order to obtain an allowance of the claims.

16.     Application no. 11/112,429 (the "'459 patent application"), filed on April 22, 2005 and assigned to Examiner Louie, issued as the '459 patent and is a continuation-in-part of pending application no. 11/037,965 (the "'965 application"), filed on January 18, 2005 and assigned to Examiner Arena.

17.     The claims of the '459 patent and the '965 application both recite a light emitting diode that possesses certain properties and characteristics.

18.     Registered patent attorney Philip Summa (registration no. 31,573) prosecuted both the '459 patent application and the '965 application. Specifically, Mr. Summa held the Power of Attorney for the '459 patent application and the '965 application until March 30, 2010 and August 31, 2010, respectively.

19.     On January 10, 2006, Examiner Arena issued a Non-Final Rejection as to all claims of the '965 application. On September 25, 2006, Examiner Arena issued a Final Rejection as to all claims of the '965 application. On February 26, 2007, patent attorney Summa submitted a Request for Continued Examination with respect to the '965 application. On June 15, 2007, Examiner Arena issued a Non-Final Rejection as to all claims of the '965 application.

20.     On September 12, 2007, patent attorney Summa submitted a Notice of Appeal with respect to the '965 application. On January 14, 2009, the Board of Patent Appeals

and Interference (the "BPAI") issued its decision, affirming Examiner Arena's rejections with respect to the '965 application.  The BPAI adopted the Examiner's reasoning that since the prior art disclosed the light emitting diode structure described by the Applicant, the prior art inherently possesses the properties and characteristics recited in the claims, unless the Applicant proves otherwise.

21.    On March 6, 2009, Examiner Louie issued a Requirement for Restriction/Election with respect to the '459 patent application.  Patent Attorney Summa responded thereto on April 2, 2009.

22.    On March 14, 2009, patent attorney Summa submitted a Request for Continued Examination with respect to the '965 application.  On June 11, 2009, Examiner Arena issued a Non-Final Rejection as to all claims of the '965 application.

23.    On July 16, 2009, Examiner Louie issued a Notice of Allowance with respect to the '459 patent application.  On September 22, 2009, patent attorney Summa submitted a Request for Continued Examination with respect to the '459 patent application, and filed with the Request for Continued Examination in a supplemental Information Disclosure Statement citing all of the references made of record in application no. 11/082,470 after the filing of the '459 patent continuation in part application.  On February 5, 2010, Examiner Louie issued a Notice of Allowance with respect to the '459 patent application.

24.    Pending application no. 12/796,365 (the "'365 application"), filed June 8, 2010, is a divisional of the '459 patent application and is assigned to Examiner Arena.  The claims of the '365 application also recite a light emitting diode that possesses certain properties and characteristics.  As further evidence of materiality, Examiner Arena issued a non-final

rejection as to all claims of the '365 application on December 23, 2010, relying on the same references and reasoning that the BPAI affirmed with respect to the '965 application.

25.     During the prosecution of the '459 patent application, Cree, the named inventors, and the patent attorneys including Mr. Summa failed to apprise Examiner Louie of numerous material adverse decisions by Examiner Arena and the BPAI in the closely-related '965 application, to which the '459 patent claims priority.

26.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between SemiLEDs and Cree concerning the enforceability of the '459 patent.

## PRAYER FOR RELIEF

WHEREFORE, SemiLEDs prays for judgment:

### On Plaintiff's Claims

A.     Enter judgment in SemiLEDs' favor, and against Cree, thereby dismissing Cree's Complaint in its entirety, with prejudice, with Cree taking nothing by way of its claims;

B.     Find that each of the claims of the patents-in-suit is not infringed, either willfully or otherwise, by any actions of SemiLEDs or its customers, suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

C.     Find that each of the claims of the patents-in-suit is invalid and/or unenforceable;

D.     Deny all of Cree's requests for injunctive relief;

E.     Declare that this is an exceptional case under 35 U.S.C. § 285 and award SemiLEDs its costs, attorneys' fees, and expenses; and

F.      Grant SemiLEDs such other and further relief as this Court deems just and proper under the circumstances.

On SemiLEDs' Counterclaims

G.      Enter judgment against Cree and in favor of SemiLEDs with respect to SemiLEDs' counterclaims;

H.      Declare that SemiLEDs and its customers, affiliates, and all others in privity with SemiLEDs do not infringe and have not infringed any of the claims of the patents-in-suit;

I.      Declare that the patents-in-suit asserted by Cree are invalid;

J.      Declare that the '459 patent is unenforceable due to inequitable conduct;

K.      Declare that this is an exceptional case under 35 U.S.C. § 285 and award SemiLEDs its costs, attorneys' fees, and expenses; and

L.      Grant SemiLEDs such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

SemiLEDs demands a trial by jury as to all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

William H. Wright
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017
(213) 629-202

Steven J. Routh
Sten A. Jensen
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington DC  20005
(202) 339-8400

May 16, 2011
4268172

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2011, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Frederick L. Cottrell, III, Esquire
> Anne Shea Gaza, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused to be served copies of the foregoing document on

May 16, 2011, upon the following in the manner indicated:

Frederick L. Cottrell, III, Esquire                          *VIA ELECTRONIC MAIL*
Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801

William F. Lee, Esquire                                       *VIA ELECTRONIC MAIL*
Cynthia D. Vreeland, Esquire
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109

Heath A. Brooks, Esquire                                      *VIA ELECTRONIC MAIL*
WILMER CUTLER PICKERING HALE AND DORR LLP
1801 Pennsylvania Avenue, NW
Washington, DC  20006

Lynne A. Borchers, Esquire                                    *VIA ELECTRONIC MAIL*
MYERS BIGEL
4140 Parklake Avenue, Suite 600
Raleigh, NC  27612

*/s/ Rodger D. Smith II*

_____
Rodger D. Smith II (#3778)