# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE INC., | |
| Plaintiff, | C.A. No. 10-866-PD |
| v. | |
| SEMILEDS CORPORATION et al., | |
| Defendants. | |

## DEFENDANTS' FIRST NOTICE OF DEPOSITION TO CREE, INC.

PLEASE TAKE NOTICE that SemiLEDs Corporation ("SemiLEDs"), SemiLEDs Optoelectronics, Inc. ("Semi-Opto") and Helios Crew Corporation ("Helios") (collectively, "Defendants"), by and through their attorneys, will take the deposition upon oral examination of Plaintiff Cree, Inc. ("Cree") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, commencing at 9:00 a.m. on June 6, 2011, at a location to be determined near Cree's principal place of business in North Carolina. The testimony shall be before a notary public or other person authorized to administer oaths. The testimony shall be recorded by stenographic means and will also be videotaped.

Pursuant to Fed. R. Civ. P. 30(b)(6), Cree is required to produce one or more officers, directors, managing agents, or other persons who are designated and consent to testify on its behalf as to each of the subject matters set forth in Attachment A, attached hereto. The deposition will proceed in accordance with the Federal Rules of Civil Procedure and will continue from day to day until completed, unless otherwise agreed. You are invited to attend and cross-examine.

Dated: May 18, 2011

                                        Respectfully submitted,

                                        /s/ Rodger Smith

                                        Rodger D. Smith II (#3778)
                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                        1201 North Market Street
                                        P.O. Box 1347
                                        Wilmington, DE 19899
                                        (302) 658-9200
                                        rsmith@mnat.com

                                        *Attorneys for Defendants*

*Of Counsel:*

William H. Wright
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
(213) 629-202

Steven J. Routh
Sten A. Jensen
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington DC 20005
(202) 339-8400

# ATTACHMENT A

## DEFINITIONS

1. The term "Patents-In-Suit" shall mean, both individually and collectively, U.S. Patent Nos. 7,737,459 (the '459 patent), 7,211,833 (the '833 patent), 7,611,915 (the '915 patent), 6,657,236 (the '236 patent), 7,795,623 (the '623 patent), 7,557,380 (the '380 patent) and any other patent alleged by Plaintiff to be infringed.

2. The term "Related Applications" shall mean any pending or abandoned United States or foreign patent applications that (i) relate to or claim priority to or from any of the applications that led to the Patents-In-Suit or (ii) relate to or claim in whole or in part any of the subject matter disclosed or claimed in the Patents-In-Suit.

3. The term "Related Patents" shall mean any and all patents, other than the Patents-In-Suit, associated with or granted by the United States or any other jurisdiction that (i) relate to or claim priority to or from any of the applications that led to the Patent-In-Suit or (ii) relate to or claim in whole or in part any of the subject matter disclosed or claimed in the Patent-In-Suit.

4. The term "LED Manufacturers" shall mean, both individually and collectively, SemiLEDs, Semi-Opto, Helios, any and all predecessors-in-interest, successors-in-interest, divisions or subsidiaries thereof, all controlling or affiliated companies or corporations, any and all other persons who are, or at any time to which these requests relate were, controlled by, acting or purporting to act on behalf of any of the foregoing, and all present and former officers, directors, employees, agents, shareholders, attorneys, and representatives of any of the foregoing.

5. The term "Inventors" shall mean any one or more of (i) the persons named as inventors on the Patents-In-Suit, Related Applications or Related Patents and (ii) attorneys and agents acting or purporting to act on their behalf or on behalf of any entity controlling prosecution of the Patents-In-Suit, Related Applications or Related Patents.

6. The terms "You," "Your," "Plaintiff" and "Cree" refers both individually and collectively to plaintiff Cree Inc., any and all predecessors-in-interest, successors-in-interest, divisions or subsidiaries thereof, all controlling or affiliated companies or corporations, any and all other persons who are, or at any time to which these requests relate were, controlled by, acting or purporting to act on behalf of any of the foregoing, and all present and former officers, directors, employees, agents, shareholders, attorneys, and representatives of any of the foregoing.

7. The term "Other Interested Entities" shall mean any and all persons or entities, other than Cree and the Inventors, who had or has, directly or indirectly, (i) a full or partial ownership interest in any Patents-In-Suit, Related Patents or Related Applications, (ii) a full or partial ownership interest in an entity owning or controlling any Patents-In-Suit, Related Patents or Related Applications, or (iii) any rights or other consideration, if any, resulting from the licensing or enforcement of any Patents-In-Suit, Related Patents or Related Applications. "Other Interested Entities" further includes any and all predecessors-in-interest, successors-in-interest, divisions or subsidiaries of the foregoing, all controlling or affiliated companies or corporations, any and all other persons who are, or at any time to which these requests relate were, controlled by, acting or purporting to act on behalf of any of the foregoing, and all present and former officers, directors, employees, agents, shareholders, attorneys, and representatives of any of the foregoing.

8. The term "Interested Entit(ies)" shall mean any and all persons and/or entities identified in paragraphs 5, 6, and 7 of these Definitions.

9. The terms "and" and "or" are to be read in both the conjunctive and disjunctive and shall serve as a request for all information that would be responsive under a conjunctive reading and all information that would be responsive under a disjunctive reading.

10. The terms "any" and "all" as used herein shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

11. The terms "concerning," "relating to," or "related to" in regard to a particular subject shall mean, without limitation, assessing, analyzing, constituting, containing, comprising, describing, discussing, embodying, reflecting, evidencing, identifying, mentioning, memorializing, stating, referring directly or indirectly to or in any way relevant to such subject.

12. "Communication" means the transmittal of information in any form, whether orally, electronically or by document, and whether face to face, by telephone, mail, facsimile, electronic mail or internet communication.

13. "Document" or "documents" means any "writings," "recordings," or "photographs," as those terms are defined by Rule 1001 of the Federal Rules of Evidence, and shall be interpreted to have the broadest meaning under the Federal Rules of Civil Procedure and the relevant case law.

14. "Person(s)" and/or "individual(s)" means any natural individual(s) and/or natural person(s), in any capacity whatsoever, or any entity or organization including divisions, subsidiaries, departments, and other units thereof, and shall include, but not be limited to, public or private corporation(s), partnership(s), professional corporation(s), limited liability company(ies), business trust(s), banking institution(s), firm(s), joint venture(s), voluntary or unincorporated association(s), organization(s), proprietorship(s), trust(s), estate(s), governmental agency(ies), commission(s), bureau(s) and/or department(s), and/or any other legal entity.

15. The term "describe" means to provide a narrative statement or description, phrased in specifics, of the facts or matters to which an Interrogatory refers, including but not limited to an identification of all persons, communications, acts, transactions, events, agreements, recommendations, and documents used, necessary or desirable to make such statement or description complete.

16. The term "Accused Device(s)" shall mean any of Defendants' products or devices that You contend infringes the Patents-In-Suit.

17. The term "Patented Products" refers to any product or components or portions of products made, used, sold, offered for sale or imported within the United States by or on behalf of any Interested Entities or licensees of the Patents-in-Suit, that embodied, incorporated, included, used, employed or performed any apparatus or method described in the claims of the Patents-In-Suit.

18. The term "identify" means:

(1) When used with respect to an individual or natural person, to state: (a) his or her name; (b) any other name used by him or her presently or in the past; (c) his or her present or last known business address, residence address and telephone numbers; and (d) the corporation, partnership, association, foundation, trust, organization or other entity, and the functional division thereof, with which he or she is now associated, and his or her title, status, position, rank or classification with such entity at the present and throughout the time period specified.

(2) When used with respect to a person other than a natural person, including but not limited to any corporation, partnership, association, foundation, trust, organization, or other entity or functional division thereof, to state: (a) its full name; (b) the address of its principal office or place of business; (c) all names under which it is doing business or ever has done business; (d) the nature of the venture (e.g., sole proprietorship, partnership, corporation, etc.); and (e) the identities of its officers, directors, partners or administrators.

(3) When used with respect to a communication, to: (a) state the dates and places of origin and reception of such communication; (b) identify each person who was present at or participated in such communication; (c) identify the type of communication (e.g., letter, facsimile transmission, face-to-face conversation, telephone conversation, etc.); (d) describe the

6

substance of each such communication; and (e) identify each document which records, shows, or refers to such communication.

(4) When used with respect to a document or tangible thing, to state: (a) the type of document or tangible thing (e.g., letter, memoranda, computer disk, etc.); (b) the date it was created; (c) its author and signatories; (d) its addresses and all other persons receiving copies; (e) the nature and substance of the document with sufficient particularity to enable it to be identified; and (f) its location and its custodian (or if it is no longer within your possession, custody or control, state what disposition was made of it; state the date of such disposition; identify every person who participated in or approved such disposition; and identify the person or persons having knowledge of its contents).

(5) When used with respect to a fact, to: (a) describe the fact; (b) state when it became known to Cree; (c) identify the source from which Cree learned the fact; (d) identify the documents that record, show or refer to the fact; and (e) state why the fact is believed to be true.

(6) When used with respect to a patent or patent application, to state: (a) its country, patent number and application number; (b) its dates of filing, publication and issuance; (c) the names of all patentees, applicants or inventors; (d) its title; (e) the identity of each counterpart (United States or foreign) application and patent; (f) its status; and (g) the docket number or other designation thereof used by Cree to identify it in its files.

# TOPICS

1. The conception and reduction to practice of each alleged invention claimed in the '236, '915 and '833 patents, including:

   a. an identification of the date each such alleged invention was first conceived;

   b. the date each such alleged invention was first reduced to practice;

   c. all evidence of reasonable diligence between conception and the date of reduction to practice;

   d. all persons who participated in the conception and reduction to practice of each alleged invention claimed in the '236, '915 and '833 patents; and

   e. the facts and circumstances relating to the conception and reduction to practice of each alleged invention claimed in the '236, '915 and '833 patents.

2. The preparation and prosecution of the '236, '915 and '833 patents, including, without limitation, each person involved in the preparation and/or prosecution thereof.

3. The priority date for the '236, '915 and '833 patents, including whether Cree contends that any of these patents is entitled to a priority date earlier than the filing date of the latest U.S. application that resulted in issuance of the patent.

4. All facts and circumstances concerning when and how Cree first became aware of any alleged infringement of the Patents-in-Suit by the Defendants.

5. All inspections, tests, evaluations, or analyses (hereinafter "analyses") of any Defendants' products (including but not limited to the Accused Devices) done by or on behalf of Cree whether in preparation for this lawsuit or otherwise, including but not limited to:

   a. the date of such analyses;

  b. the persons that conducted such analyses;

  c. the particular product analyzed;

  d. the circumstances relating to how such product was obtained;

  e. the nature of the analyses performed;

  f. the results of the analyses;

  g. the equipment used in the analyses;

  h. any conclusion(s) or opinion(s) formed as a result of the analyses; and

  i. all documents and things used, relied upon or created during the analyses.

6. All facts and circumstances concerning any contacts between Cree and any third parties relating to possible infringement of the Patents-in-Suit, including identification of each individual involved in such contacts and all documents relating thereto.

7. Any written or oral opinions, evaluations, searches, studies, investigations, analyses, reviews, reports, prior art searches or observations concerning the infringement or non-infringement of any of the Patents-in-Suit by Defendants or any other entity.

8. Any written or oral opinions, evaluations, searches, studies, investigations, analyses, reviews, reports, prior art searches or observations concerning the validity or invalidity of any of the Patents-in-Suit.

9. Any written or oral opinions, evaluations, searches, studies, investigations, analyses, reviews, reports, prior art searches or observations concerning the enforceability or unenforceability of any of the Patents-in-Suit.

10. The design, development, or testing of any products and/or prototypes that practice the alleged invention(s) disclosed or claimed in the '236, '915 and '833 patents, including identification of the persons involved in such design, development and testing.

11. The first sale, first offer to sell, public use, disclosure or other commercialization of a Patented Product for each of the '236, '915 and '833 patents, and the identification of the persons involved in such first sale or use.

12. Identification and explanation of the structure of each LED manufactured by Cree that Cree contends practices the inventions claimed in one or more of the '236, '915 and '833 patents.

13. Sales, marketing and financial documents relating to each of the Patented Products for the '236, '915 and '833 patents, including without limitation, for each such product:

   a. The types of sales, marketing and financial documents that Cree has retained relating to the product; and

   b. The identities of the persons who would have generated or received the documents identified in response to topic 13(a).

14. The use and function of barrier layers in LEDs manufactured by Cree during the time period 1995 to the present.

15. The use and function of ohmic contact layers in LEDs manufactured by Cree during the time period 1995 to the present.

16. The identification of ohmic contact layer sidewalls in LEDs manufactured by Cree during the time period 1995 to the present.

17. The identification, function, and use of light extraction structures in LEDs manufactured by Cree during the time period 1995 to the present.

18. Identification of the p-type layer, n-type layer, active layer, first spreader layer, and second spreader layer, as those terms are used in the '236 patent, that Cree contends are present in Defendants' LED products.

19. Identification of the ohmic contact layer and ohmic contact layer sidewall, as those terms are used in the '833 and '915 patents, that Cree contends are present in Defendants' LED products.

20. Cree's efforts to search for and collect documents responsive to Defendant's Document Requests.

21. Laboratory and record keeping practices, policies and procedures at Cree from 1997 to the present, including, without limitation, any practices, policies or procedures concerning the accuracy, use, signing, witnessing, dating, copying, keeping of duplicates, integrity and storage of laboratory notebooks.

22. The organizational structure and departmental management of Cree for the last six (6) years, including but not limited to, the identification of all individuals occupying any position in the organizational structure and departmental management, and documents identifying the structure and management.

23. Cree's document retention policies and/or procedures for the period 1995 to the present.

24. Cree's first knowledge of SemiLEDs' initial public offering, the substance of all internal Cree communications relating to SemiLEDs' initial public offering, and the identification of all individuals involved in such communications.

# CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Frederick L. Cottrell, III, Esquire
>Anne Shea Gaza, Esquire
>RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused to be served copies of the foregoing document on May 18, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| William F. Lee, Esquire<br>Cynthia D. Vreeland, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109 | *VIA ELECTRONIC MAIL* |
| Heath A. Brooks, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1801 Pennsylvania Avenue, NW<br>Washington, DC 20006 | *VIA ELECTRONIC MAIL* |
| Lynne A. Borchers, Esquire<br>MYERS BIGEL<br>4140 Parklake Avenue, Suite 600<br>Raleigh, NC 27612 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)