## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEMILEDS CORPORATION, HELIOS<br>CREW CORP., and SEMILEDS<br>OPTOELECTONICS CO., LTD.<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§　　　　C.A. No. 10-866-PSD |

### CREE, INC.'S SECOND NOTICE OF DEPOSITION OF DEFENDANTS

PLEASE TAKE NOTICE that Plaintiff Cree, Inc. ("Cree"), by and through its attorneys,

will take the deposition upon oral examination of SemiLEDs Corporation and SemiLEDs

Optoelectronics Co., Ltd. (collectively, "SemiLEDs") and Helios Crew Corporation ("Helios")

(collectively, "Defendants") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

commencing at 9:00 a.m. on Monday, June 27, 2011, at the Sheraton Hsinchu Hotel, 302 Taiwan

Hsinchu County Jhubei City 光明六路東一段265號 , Hsinchu, Taiwan R.O.C, or at such other

time and place as agreed by counsel.  The testimony shall be before a notary public or other

person authorized to administer oaths.  Testimony shall be recorded by stenographic means, and

will also be videotaped.

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendants are required to produce one or more

officers, directors, managing agents, or other persons who are designated and consent to testify

on their behalf as to each of the subject matters set forth in Schedule A, attached hereto.  The

deposition will proceed in accordance with the Federal Rules of Civil Procedure and will

continue from day to day until completed, unless otherwise agreed.

Defendants are requested to identify in writing to Cree, on or before Monday, June 13, 2011, the one or more officers, directors, managing agents, or other persons who consent to testify on their behalf and the subject matters on which each person will testify.  You are invited to attend and cross-examine.

OF COUNSEL:

William F. Lee
Cynthia D. Vreeland
Ryann M. Muir
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Heath A. Brooks
WILMER CUTLER PICKERING
HALE AND DORR LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC  27612
(919) 854-1400

Dated:  June 6, 2011

/s/ Laura D. Hatcher
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Laura D. Hatcher (#5098)
hatcher@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware  19801
(302) 651-7700

*Attorneys for Plaintiff Cree, Inc.*

**DEFINITIONS**

1.　　"Accused Products," as used in these Topics, means every model of LED and LED chip or component manufactured by, for, or on behalf of SemiLEDs or Helios, sold or imported by, for, or on behalf of SemiLEDs or Helios, or that is marked to indicate SemiLEDs or Helios as its source or with a SemiLEDs or Helios designation, including, but not limited to, those products identified in Cree's Third Amended Complaint and interrogatory responses, any products identified in the course of discovery, and any LEDs or LED chips or components that are currently being designed or manufactured by or for SemiLEDs or Helios or that may be imported or sold by or for SemiLEDs or Helios for the first time after filing of the Third Amended Complaint, including without limitation SemiLEDs' mvpLED and I-Do product families and Helios' P2 LED product family.

2.　　"And" and "or" shall be construed conjunctively or disjunctively, whichever makes these Requests more inclusive, and "any" shall mean each and every.

3.　　"Communication" means a transfer of information, written or oral, by any means whatsoever.

4.　　"Concerning" means and includes affecting, relating, relating to, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating, or in any manner whatsoever pertaining to that subject.

5.　　"Cree" means plaintiff/counterdefendant Cree, Inc. and each of its predecessors, present or former parents, subsidiaries, affiliated or controlled companies or joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who has acted on or purported to act on any of their behalf.

RLF1 4065212v. 1

6.      "Data Sheets" means all data sheets that SemiLEDs or Helios have prepared for any of the Accused Products, including without limitation all data sheets that SemiLEDs or Helios have made available on their Internet sites.

7.      "Defendants" or "you" means SemiLEDs and Helios, as those terms are defined herein.

8.      "Document" is synonymous in meaning and equal in scope to this term as used in Fed. R. Civ. P. 34(a) and includes, without limitation, electronic or computerized data compilations, tangible things and any information-containing paper or other medium or materials, whether handwritten, printed, recorded, filmed, or produced by any other mechanical, chemical, or electronic process, whether or not asserted to be privileged or immune from discovery, and whether a draft, original, or copy, including any notes or marginal notations appearing on any document, including self-stick removable notes.

9.      "Helios" means Helios Crew Corporation and each of its predecessors, present or former parents, subsidiaries, affiliated or controlled companies or joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who has acted on or purported to act on any of their behalf (including, but not limited to, all distributors or agents authorized to distribute and/or sell Helios' products and all entities or agents under their control).

10.     "Layer" means any material included in any of Defendants' LEDs, whether the material includes all or part of the width of the chip.

11.     "LED" means light-emitting diode.

12.     "Related to" and "relating to" mean and include affecting, concerning, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing

a basis for, reflecting, regarding, respecting, stating, or in any manner whatsoever pertaining to that subject.

13.     "SemiLEDs" means SemiLEDs Corporation and SemiLEDs Optoelectronics Co., Ltd. collectively, and each of its predecessors, present or former parents, subsidiaries (including without limitation, defendant Helios Crew Corporation, Semi-Photonics Co., Ltd., and Silicon Base Development, Inc.), affiliated or controlled companies or joint ventures (including Xurui Guangdian Co., Ltd. (or China SemiLEDs)), their respective directors, officers, employees, agents, attorneys, accountants and any other person who has acted on or purported to act on any of their behalf (including, but not limited to, all distributors or agents authorized to distribute and/or sell SemiLEDs' or Helios' products and all entities or agents under their control).

14.     The use of the singular form of any word includes the plural and vice versa.

## TOPICS

1.     The structure and composition of the Accused Products, including without limitation the structure and composition of each separate layer of material contained in the Accused Products (including without limitation each separate semiconductor layer, metal layer, current spreading layer, ohmic layer, reflector or reflective layer, barrier or protective layer, bond pad, conductive or contact finger, etc.), the order of the layers, the approximate dimensions of each separate layer (including without limitation its thickness), the function and purposes of each separate layer, and the identity of any documents depicting or describing the structure and composition of the Accused Products or any of the separate layers of material contained in the Accused Products.

2.     The identity, structure, composition, function, and purposes of each separate semiconductor layer in the Accused Products (including without limitation each separate n-type,

RLF1 4065212v. 1

p-type, and light emitting layer); the employee(s) who participated in the decision to include each layer in the Accused Products; and the dates and reasons these decisions were made.

3.      For each semiconductor layer identified in response to Topic No. 2, including each separate n-type, p-type, or light emitting layer, the doping and conductivity of the layer, the dopant included in the layer, the doping type, the dopant concentration, and the distribution or gradation of dopants or contaminants within the layer.

4.      The identity, structure, function, and purposes of each nickel layer or each alloy layer that contains nickel that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

5.      The identity, structure, function, and purposes of each aluminum layer or each alloy layer that contains aluminum that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

6.      The identity, structure, function, and purposes of each titanium layer or each alloy layer that contains titanium that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

7.      The identity, structure, function, and purposes of each silver layer or each alloy layer that contains silver that Defendants have ever used or contemplated using in any of the

Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

8.      The identity, structure, function, and purposes of each gold layer or each alloy layer that contains gold that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

9.      The identity, structure, function, and purposes of each copper layer or each alloy layer that contains copper that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

10.     The identity, structure, function, and purposes of each ohmic contact or ohmic contact layer that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include or potentially include these contacts in the Accused Products; and the dates and reasons these decisions were made.

11.     The identity, structure, function, and purposes of each reflector or reflective layer that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

12.     The identity, structure, function, and purposes of each layer that Defendants have ever used or contemplated using in any of the Accused Products to spread or distribute current or

electricity across the Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

13.     The identity, structure, function, and purposes of each barrier or protective layer that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include or potentially include these layers in the Accused Products; and the dates and reasons these decisions were made.

14.     The identity, structure, function, and purposes of any light extraction elements, or patterned or roughened surfaces, that Defendants have ever used or contemplated using in any of the Accused Products; the employee(s) who participated in the decision to include these structures in the Accused Products; and the dates and reasons these decisions were made.

15.     The manufacturing and fabrication of each Accused Product, including the processes or recipes for the manufacture, fabrication, and growth of each separate layer of material contained in the Accused Products; the person(s) who participated in the manufacturing and fabrication; the locations of the facilities at which the manufacturing and fabrication are performed; and the identity of all documents relating to the manufacturing and fabrication.

16.     The evaluation, testing, and analysis of each Accused Product, including without limitation the identity of each evaluation, test, or analysis that is performed on each Accused Product prior to its sale, whether for manufacturing, quality control, or marketing purposes; the purposes of each evaluation, test, or analysis; the devices, equipment, protocols, and procedures used for each evaluation, test, or analysis; the person(s) who participated in the evaluations, tests, or analysis; the locations of the facilities at which each evaluation, test, or analysis is performed;

RLF1 4065212v. 1

the results of the evaluations, tests, or analysis; and the identity of all documents relating to the evaluations, tests, or analysis.

17.     The evaluation, testing, and analysis of any Cree product, including without limitation the identity of each such evaluation, test, or analysis that has been performed; the purposes of each evaluation, test, or analysis; the devices, equipment, protocols, and procedures used for each evaluation, test, or analysis; the person(s) who participated in the evaluations, tests, or analysis; the locations of the facilities at which each evaluation, test, or analysis is performed; the results of the evaluations, tests, or analysis; and the identity of all documents relating to the evaluations, tests, or analysis.

18.     SemiLEDs' Data Sheets for each Accused Product, including without limitation all evaluations and tests referenced or reflected in the Data Sheets.

19.     The BIN Tables in SemiLEDs' Data Sheets for each Accused Product, including without limitation the tests and/or calculations performed to calculate the wavelength, forward current, and output power for each bin of each Accused Product; the person(s) who performed the relevant tests and/or calculations, the dates the tests and/or calculations were performed; the results of the tests and/or calculations; and the identity and characteristics of any bins not listed on the Data Sheets.

20.     The laboratory notebooks produced by Defendants in this case (including without limitation the notebooks bearing the Bates numbers LEDS0009307-9806, 9872-9978), including whether the copies produced by Defendants are authentic copies of the original laboratory notebooks; whether the entries in the notebooks were made at or near the time of the occurrences and analysis set forth in the notebooks by or from information transmitted by a person with knowledge of those matters; whether the notebooks have been kept in the regular course of

Defendants' business; whether it is the regular practice of Defendants' technical employees to create and maintain such notebooks.

21.     Any actual or considered efforts or attempts by or for Defendants to design around any of the claims of any of the Cree patents-in-suit, including without limitation any evaluations or analysis of the design, feasibility, cost, customer acceptance, or timing for any actual or considered design-arounds; the person(s) involved; and the identity of all documents relating to the actual or considered design-arounds.

22.     All communications between Tyler Sander and any employee or representative of any company that is located in the United States,, or that is affiliated with a company located in the United States, concerning the Accused Products.

23.     All communications between Tyler Sander and any employee or representative of the Defendants concerning (1) any actual or potential customer for the Accused Products in the United States, or (2) any Accused Product that has been sold, offered for sale, or imported into the United States, whether by Defendants or by any of their downstream customers.

RLF1 4065212v. 1