IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEMILEDS CORPORATION, HELIOS CREW CORP., and SEMILEDS OPTOELECTRONICS CO., LTD., <br><br> Defendants. | § § § § § § § § § § § § § § § | C.A. No. 10-866-PD |

**CREE, INC.'S ANSWER TO COUNTERCLAIMS OF SEMILEDS
CORPORATION, HELIOS CREW CORPORATION,
AND SEMILEDS OPTOELECTRONICS COMPANY, LTD.**

Plaintiff Cree, Inc. ("Cree") hereby responds to the Counterclaims by defendants SemiLEDs Corporation ("SemiLEDs"), Helios Crew Corporation ("Helios"), and SemiLEDs Optoelectronics Co., Ltd. ("SemiLEDs Optoelectronics") (collectively, "Defendants") as follows:

## GENERAL ALLEGATIONS

1. Paragraph 1 does not contain allegations requiring an answer from Cree.

2. Cree admits that SemiLEDs is a corporation organized and existing under the laws of Delaware, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Defendants' Counterclaims.

3. Cree admits that it is a corporation organized and existing under the laws of North Carolina, with a principal place of business in Durham, North Carolina.

-2-

4. Cree admits that it is the sole owner of U.S. Patent Nos. 7,737,459, 7,211,833, 7,611,915, 6,657,236, 7,795,623, and 7,557,380 (collectively, the "patents-in-suit").

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent that a response is deemed required, Cree admits that Defendants purport to base their Counterclaims on the specified sections of the United States Code. The allegations are otherwise denied.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent that a response is deemed required, Cree admits that this Court has subject matter jurisdiction over these Counterclaims.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response is deemed required, Cree admits that venue is proper in this district.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

8. Cree repeats and reasserts all responses to Paragraphs 1-7 as if they were stated fully herein.

9. Cree denies the allegations of Paragraph 9 of Defendants' Counterclaims.

10. The allegations of Paragraph 10 are legal conclusions to which no response is required. To the extent that a response is deemed required, Cree admits that it filed an action for patent infringement, including direct infringement and any contributory and induced infringement, against Defendants and that Defendants have denied infringement. The allegations are otherwise denied.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

11. Cree repeats and reasserts all responses to Paragraphs 1-10 as if they were stated fully herein.

12. Cree denies the allegations of Paragraph 12 of Defendants' Counterclaims.

13. The allegations of Paragraph 13 are legal conclusions to which no response is required. To the extent that a response is deemed required, Cree admits that it filed an action for patent infringement of the validly issued patents-in-suit, including direct infringement and any contributory and induced infringement, and that Defendants have denied validity of the patents-in-suit. The allegations are otherwise denied.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability)

14. Cree repeats and reasserts all responses to Paragraphs 1-13 as if they were stated fully therein.

15-26. Cree has filed a motion to dismiss Defendants' Third Counterclaim so no response is required to Paragraphs 15-26 at this time. *See* Plaintiff's Motion to Dismiss Defendants' Inequitable Conduct Counterclaim and Affirmative Defense. To the extent that a response is deemed required, Cree denies the allegations of these paragraphs.

### RESPONSE TO DEFENDANTS' PRAYER FOR RELIEF

No response is required to Defendants' Prayer for Relief. To the extent that a response is deemed required, Cree denies that Defendants are entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Cree reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation of this case.

## THIRD AFFIRMATIVE DEFENSE

Defendants' Third Counterclaim fails to state with particularity the circumstances constituting fraud or mistake.

## **PRAYER FOR RELIEF**

WHEREFORE, upon final hearing or trial, plaintiff Cree prays for the following relief:

(a) Dismiss Defendants' Counterclaims with prejudice;

(b) Enter judgment on Defendants' Counterclaims in favor of Cree;

(c) Award Cree the relief sought in the First Amended Complaint;

(d) Award Cree its costs and attorneys' fees in defending against the Counterclaims; and

(e) Award Cree such other costs and further relief to which Cree is entitled.

OF COUNSEL:

William F. Lee
Cynthia D. Vreeland
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Heath A. Brooks
WILMER CUTLER PICKERING HALE
AND DORR LLP
1801 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC 27612
(919) 854-1400

Dated: June 9, 2011

/s/ *Laura D. Hatcher*
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Laura D. Hatcher (#5098)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, 902 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
hatcher@rlf.com

*Attorneys for Plaintiff, Cree, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2011, I caused to be served by electronic mail copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
rsmith@mnat.com

William H. Wright
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
wwright@orrick.com

Steven J. Routh
Sten A. Jensen
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington DC 20005
srouth@orrick.com
sjensen@orrick.com

/s/ Laura D. Hatcher
Laura D. Hatcher (#5098)
hatcher@rlf.com