# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE INC., <br><br> Plaintiff, <br><br> v. <br><br> SEMILEDS CORPORATION, HELIOS CREW CORP. and SEMILEDS OPTOELECTRONICS CO., <br><br> Defendants. | C.A. No. 10-866-PD |

## DEFENDANTS' SECOND NOTICE OF DEPOSITION TO CREE, INC.

PLEASE TAKE NOTICE that SemiLEDs Corporation ("SemiLEDs"), SemiLEDs Optoelectronics Co., Ltd. ("Semi-Opto") and Helios Crew Corporation ("Helios") (collectively, "Defendants"), by and through their attorneys, will take the deposition upon oral examination of Plaintiff Cree, Inc. ("Cree") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, commencing at 9:00 a.m. on July 11, 2011, at a location to be determined near Cree's principal place of business in North Carolina. The testimony shall be before a notary public or other person authorized to administer oaths. The testimony shall be recorded by stenographic means and will also be videotaped.

Pursuant to Fed. R. Civ. P. 30(b)(6), Cree is required to produce one or more officers, directors, managing agents, or other persons who are designated and consent to testify on its behalf as to each of the subject matters set forth in Attachment A, attached hereto. The deposition will proceed in accordance with the Federal Rules of Civil Procedure and will continue from day to day until completed, unless otherwise agreed. You are invited to attend and cross-examine.

OF COUNSEL:

William H. Wright
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017
(213) 629-2020

Steven J. Routh
Sten A. Jensen
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington DC  20005
(202) 339-8400

June 27, 2011

4345820

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendants*

# ATTACHMENT A

# DEFINITIONS

1. The term "Patents-In-Suit" shall mean, both individually and collectively, U.S. Patent Nos. 7,737,459 (the '459 patent), 7,211,833 (the '833 patent), 7,611,915 (the '915 patent), 6,657,236 (the '236 patent), 7,795,623 (the '623 patent), 7,557,380 (the '380 patent) and any other patent alleged by Plaintiff to be infringed.

2. The term "Related Applications" shall mean any pending or abandoned United States or foreign patent applications that (i) relate to or claim priority to or from any of the applications that led to the Patents-In-Suit or (ii) relate to or claim in whole or in part any of the subject matter disclosed or claimed in the Patents-In-Suit.

3. The term "Related Patents" shall mean any and all patents, other than the Patents-In-Suit, associated with or granted by the United States or any other jurisdiction that (i) relate to or claim priority to or from any of the applications that led to the Patent-In-Suit or (ii) relate to or claim in whole or in part any of the subject matter disclosed or claimed in the Patent-In-Suit.

4. The term "LED Manufacturers" shall mean, both individually and collectively, SemiLEDs, Semi-Opto, Helios, any and all predecessors-in-interest, successors-in-interest, divisions or subsidiaries thereof, all controlling or affiliated companies or corporations, any and all other persons who are, or at any time to which these requests relate were, controlled by, acting or purporting to act on behalf of any of the foregoing, and all present and former officers, directors, employees, agents, shareholders, attorneys, and representatives of any of the foregoing.

5.      The term "Inventors" shall mean any one or more of (i) the persons named as inventors on the Patents-In-Suit, Related Applications or Related Patents and (ii) attorneys and agents acting or purporting to act on their behalf or on behalf of any entity controlling prosecution of the Patents-In-Suit, Related Applications or Related Patents.

6.      The terms "You," "Your," "Plaintiff" and "Cree" refers both individually and collectively to plaintiff Cree Inc., any and all predecessors-in-interest, successors-in-interest, divisions or subsidiaries thereof, all controlling or affiliated companies or corporations, any and all other persons who are, or at any time to which these requests relate were, controlled by, acting or purporting to act on behalf of any of the foregoing, and all present and former officers, directors, employees, agents, shareholders, attorneys, and representatives of any of the foregoing.

7.      The term "Other Interested Entities" shall mean any and all persons or entities, other than Cree and the Inventors, who had or has, directly or indirectly, (i) a full or partial ownership interest in any Patents-In-Suit, Related Patents or Related Applications, (ii) a full or partial ownership interest in an entity owning or controlling any Patents-In-Suit, Related Patents or Related Applications, or (iii) any rights or other consideration, if any, resulting from the licensing or enforcement of any Patents-In-Suit, Related Patents or Related Applications. "Other Interested Entities" further includes any and all predecessors-in-interest, successors-in-interest, divisions or subsidiaries of the foregoing, all controlling or affiliated companies or corporations, any and all other persons who are, or at any time to which these requests relate were, controlled by, acting or purporting to act on behalf of any of the foregoing, and all present and former officers, directors, employees, agents, shareholders, attorneys, and representatives of any of the foregoing.

8. The term "Interested Entit(ies)" shall mean any and all persons and/or entities identified in paragraphs 5, 6, and 7 of these Definitions.

9. The terms "and" and "or" are to be read in both the conjunctive and disjunctive and shall serve as a request for all information that would be responsive under a conjunctive reading and all information that would be responsive under a disjunctive reading.

10. The terms "any" and "all" as used herein shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

11. The terms "concerning," "relating to," or "related to" in regard to a particular subject shall mean, without limitation, assessing, analyzing, constituting, containing, comprising, describing, discussing, embodying, reflecting, evidencing, identifying, mentioning, memorializing, stating, referring directly or indirectly to or in any way relevant to such subject.

12. "Communication" means the transmittal of information in any form, whether orally, electronically or by document, and whether face to face, by telephone, mail, facsimile, electronic mail or internet communication.

13. "Document" or "documents" means any "writings," "recordings," or "photographs," as those terms are defined by Rule 1001 of the Federal Rules of Evidence, and shall be interpreted to have the broadest meaning under the Federal Rules of Civil Procedure and the relevant case law.

14. "Person(s)" and/or "individual(s)" means any natural individual(s) and/or natural person(s), in any capacity whatsoever, or any entity or organization including divisions, subsidiaries, departments, and other units thereof, and shall include, but not be limited to, public or private corporation(s), partnership(s), professional corporation(s), limited liability

company(ies), business trust(s), banking institution(s), firm(s), joint venture(s), voluntary or unincorporated association(s), organization(s), proprietorship(s), trust(s), estate(s), governmental agency(ies), commission(s), bureau(s) and/or department(s), and/or any other legal entity.

15. The term "describe" means to provide a narrative statement or description, phrased in specifics, of the facts or matters to which an Interrogatory refers, including but not limited to an identification of all persons, communications, acts, transactions, events, agreements, recommendations, and documents used, necessary or desirable to make such statement or description complete.

16. The term "Accused Device(s)" shall mean any of Defendants' products or devices that You contend infringes the Patents-In-Suit.

17. The term "Patented Products" refers to any product or components or portions of products made, used, sold, offered for sale or imported within the United States by or on behalf of any Interested Entities or licensees of the Patents-in-Suit, that embodied, incorporated, included, used, employed or performed any apparatus or method described in the claims of the Patents-In-Suit.

18. The term "identify" means:

(1) When used with respect to an individual or natural person, to state: (a) his or her name; (b) any other name used by him or her presently or in the past; (c) his or her present or last known business address, residence address and telephone numbers; and (d) the corporation, partnership, association, foundation, trust, organization or other entity, and the functional division thereof, with which he or she is now associated, and his or her title, status, position, rank or classification with such entity at the present and throughout the time period specified.

(2) When used with respect to a person other than a natural person, including but not limited to any corporation, partnership, association, foundation, trust, organization, or other entity or functional division thereof, to state: (a) its full name; (b) the address of its principal office or place of business; (c) all names under which it is doing business or ever has done business; (d) the nature of the venture (e.g., sole proprietorship, partnership, corporation, etc.); and (e) the identities of its officers, directors, partners or administrators.

(3) When used with respect to a communication, to: (a) state the dates and places of origin and reception of such communication; (b) identify each person who was present at or participated in such communication; (c) identify the type of communication (e.g., letter, facsimile transmission, face-to-face conversation, telephone conversation, etc.); (d) describe the substance of each such communication; and (e) identify each document which records, shows, or refers to such communication.

(4) When used with respect to a document or tangible thing, to state: (a) the type of document or tangible thing (e.g., letter, memoranda, computer disk, etc.); (b) the date it was created; (c) its author and signatories; (d) its addresses and all other persons receiving copies; (e) the nature and substance of the document with sufficient particularity to enable it to be identified; and (f) its location and its custodian (or if it is no longer within your possession, custody or control, state what disposition was made of it; state the date of such disposition; identify every person who participated in or approved such disposition; and identify the person or persons having knowledge of its contents).

(5) When used with respect to a fact, to: (a) describe the fact; (b) state when it became known to Cree; (c) identify the source from which Cree learned the fact; (d)

identify the documents that record, show or refer to the fact; and (e) state why the fact is believed to be true.

(6) When used with respect to a patent or patent application, to state: (a) its country, patent number and application number; (b) its dates of filing, publication and issuance; (c) the names of all patentees, applicants or inventors; (d) its title; (e) the identity of each counterpart (United States or foreign) application and patent; (f) its status; and (g) the docket number or other designation thereof used by Cree to identify it in its files.

### TOPICS

1. The conception and reduction to practice of each alleged invention claimed in the '459, '623 and '380 patents, including:

    a. an identification of the date each such alleged invention was first conceived;

    b. the date each such alleged invention was first reduced to practice;

    c. all evidence of reasonable diligence between conception and the date of reduction to practice;

    d. all persons who participated in the conception and reduction to practice of each alleged invention claimed in the '459, '623 and '380 patents; and

    e. the facts and circumstances relating to the conception and reduction to practice of each alleged invention claimed in the '459, '623 and '380 patents.

2. The preparation and prosecution of the '459, '623 and '380 patents, including, without limitation, each person involved in the preparation and/or prosecution thereof.

3. The design, development, or testing of any products and/or prototypes that practice the alleged invention(s) disclosed or claimed in the '459, '623 and '380 patents, including identification of the persons involved in such design, development and testing.

4. The first sale, first offer to sell, first public use, and first public disclosure of a Patented Product for each of the '459, '623 and '380 patents, and the identification of the persons involved in such first sale or use.

5. Identification and explanation of the structure of each LED manufactured by Cree that practices the inventions claimed in one or more of the '459, '623 and '380 patents.

6. Any evidence that the inventions of the '459, '623, '833, '915, '236 and/or '380 patents have enjoyed commercial success, met long felt needs, solved a problem that others had failed to solve, been praised by others, overcame skepticism by experts, recognized a problem that had not been recognized before, or were copied by competitors.

7. The use and function of barrier layers in LEDs manufactured by Cree during the time period 1995 to the present.

8. The testing and experimental data underlying the invention claimed in the '459 patent, including but not limited to the data reflected in Figure 2 of the '459 patent.

9. The structure and functions of the structure of each device represented by the data associated with line A in FIG. 2 of the '459 patent.

10. Identification and explanation of the structure of any device that had an area of more than 80,000 square microns made, advertised, described in a publication, sold or otherwise made public by a third party before April 22, 2005 and known to Cree at any time before June 15, 2010.

9

11. Identification and explanation of the structure of any device that had a radiant flux at 20 milliamps current of at least 25 milliwatts at its dominant wavelength between 390 and 540 nanometers made, advertised, described in a publication, sold or otherwise made public by a third party before April 22, 2005 and known to Cree at any time before June 15, 2010.

12. Identification and explanation of the structure of any device that had an area of more than 80,000 square microns made, advertised, described in a publication, sold or otherwise made public by Cree before April 22, 2004.

13. Identification and explanation of the structure of any device that had a radiant flux at 20 milliamps current of at least 25 milliwatts at its dominant wavelength between 390 and 540 nanometers made, advertised, described in a publication, sold or otherwise made public by Cree before April 22, 2004.

14. For any device identified in response to Topics 10-13, identification and explanation of any differences in structure or manufacture between such device and the structure and manufacture of each device represented by the data associated with line A in FIG. 2 of the '459 patent.

15. The manner in which Cree calculates, tracks, and/or records the radiant flux of each of its LED products, either in the ordinary course of business or otherwise.

16. The calculations supporting Cree's claim that Defendants are infringing the '459 patent, including but not limited to the calculations set forth in the tutorial Cree presented to the Court on April 14, 2011.

17. The identification and description of all testing performed by or on behalf of Cree to determine the output power of any of Defendants' LED products.

18. Identification and explanation of all technology obtained through transfer or license from Osram, including the terms of any transfer agreement between Cree and Osram, the structure and manufacture of any LED developed by Osram and described or otherwise communicated to Cree, and the use Cree made of the technology it obtained from Osram.

19. Identification and explanation of the structure of any LED having a top contact electrically connected to a bonding pad structure where the LED was commercialized by Cree or developed by a third party prior to July 27, 2004, as well as all facts related to Cree's commercialization and/or Cree's knowledge of the third party LED.

20. Identification and explanation of the structure of any LED having a current reducing structure and a top contact electrically connected to a bonding pad structure where the LED was commercialized by Cree or developed by a third party prior to June 30, 2004, as well as all facts related to Cree's commercialization and/or Cree's knowledge of the third party LED.

21. Identification and explanation of the structure of any LED having a current reducing structure and a top contact electrically connected to a bonding pad structure where the LED was commercialized by Cree or developed by a third party prior to March 8, 2007, as well as all facts related to Cree's commercialization and/or Cree's knowledge of the third party LED.

22. Cree's licensing policies, practices and procedures, including, without limitation, policies, practices and procedures regarding patent licenses.

23. All licenses or agreements concerning each of the Patents-in-Suit, including, without limitation, the terms of the licenses or agreements, the negotiations leading to the licenses or agreements, and the identity of all persons involved in the negotiations.

24. All royalties paid or received by Cree pursuant to license or other agreements that include licenses for one or more of the Patents-in-Suit.

25. Any harm suffered by Cree as a consequence of any alleged infringement by Defendants.

26. Any written or oral opinions, evaluations, searches, studies, investigations, analyses, reviews, reports, prior art searches or observations concerning the potential value of any of the Patents-in-Suit.

27. Identification and description of all facts and legal bases for Cree's decision to mark any products with the Patents-in-Suit, including, without limitation, the identity of all products or product packaging or label that Cree has marked with the numbers of any of the Patents-in-Suit and the period of time for which Cree performed such marking.

28. Cree's policies and procedures for marking any product or any product packaging or label with the patent numbers of any of the Patents-in-Suit.

29. Cree's policies and procedures for requiring any of its licensees to mark any product or product packaging or label with the patent numbers of any of the Patents-in-Suit, including but not limited to an identification of all Cree licensees who have marked and/or do mark any products with the patent numbers of any of the Patents-in-Suit (including identification of the specific products and the patent numbers marked on those products) and an identification of all Cree licensees who have not and/or do not mark any products with the patent numbers of any of the Patents-in-Suit.

30. Identification of all geographic and product-specific markets in which Cree competes with SemiLEDs.

31. Identification of any customers to whom Cree lost sales to SemiLEDs or Helios and the volume of potential sales that Cree allegedly lost with respect to each such customer.

32. Identification of all time periods from January 1, 2004 to the present in which the demand for Cree's LED chips has exceeded Cree's ability to supply that demand.

33. Identification of all time periods, if any, during which Cree sold ultraviolet ("UV") LED chips.

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Frederick L. Cottrell, III, Esquire
> Anne Shea Gaza, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused to be served copies of the foregoing document on June 27, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| William F. Lee, Esquire<br>Cynthia D. Vreeland, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109 | *VIA ELECTRONIC MAIL* |
| Heath A. Brooks, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1801 Pennsylvania Avenue, NW<br>Washington, DC  20006 | *VIA ELECTRONIC MAIL* |
| Lynne A. Borchers, Esquire<br>MYERS BIGEL<br>4140 Parklake Avenue, Suite 600<br>Raleigh, NC  27612 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)