# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 Fax
rsmith@mnat.com

August 16, 2011 - Original Filing Date
August 23, 2011 - Redacted Filing Date

REDACTED - PUBLIC VERSION

**VIA E-FILING**

The Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room #6613
Philadelphia, PA 19106-1710

Re: *Cree, Inc. v. SemiLEDs Corp. and Helios Crew Corp.*,
C.A. No. 10-866-PD (D. Del.)

Dear Judge Diamond:

This letter concerns a dispute between the parties relating to Cree's untimely service of *fourteen* third party subpoenas during the last three days of the fact discovery period. Cree could not reasonably have anticipated that any of the subpoenaed entities could have complied with any of these subpoenas before the close of fact discovery. Indeed, some of the subpoenas expressly sought document production or deposition testimony *after* the close of discovery, while others purported to seek compliance on July 29, the last day of the discovery period, even though they were served on July 26, 27 or 28. The parties have met and conferred but were unable to resolve this dispute.

Accordingly, for the reasons summarized below, SemiLEDs requests that the Court enter a protective order precluding Cree from enforcing its 14 last-minute subpoenas. Although some reasonable continuation of discovery may be warranted to complete discovery that was timely noticed but not completed due to the schedules of witnesses and counsel, Cree should not be permitted to foist onto SemiLEDs the burdens of addressing 14 third-party subpoenas that were served in the final days of discovery with no good faith basis that the discovery called for therein could be completed before the discovery deadline set by this Court.

## FACTUAL BACKGROUND

In the final three days of the fact discovery period, Cree served 14 subpoenas on 10 different third parties. *See* Exhibits A-D. The subpoenaed entities include SemiLEDs' customers and certain of the underwriters that handled SemiLEDs' initial public offering in December 2010. In most cases, the subpoenas demanded compliance on July 29, the last day of fact discovery, providing SemiLEDs and the third parties with less than 24 hours notice of purported document production and deposition times in some instances. For example, Cree noticed 6 depositions to occur on the same day that subpoenas were served. None of the subpoenas in question were served earlier than July 26 (the date the first subpoena was signed), and some were served as late as July 29, the fact discovery cut-off date. And in no instance had Cree arranged in advance with the third-party subpoena recipients for service of or compliance with the subpoenas. Accordingly, Cree clearly knew that this third-party discovery could not possibly be completed before the close of fact discovery. Indeed, with respect to certain of the subpoenas (*see* Exhibits B, C and D), Cree did not even ask for compliance before the fact discovery cutoff, scheduling document productions and depositions to occur on August 5, 8, and 15, even though none of those later dates were maintained for compliance with the subpoenas.

There is no reasonable justification for Cree's delay in serving these subpoenas. Cree served document subpoenas on several of the recent subpoena recipients at the very beginning of the discovery period: Lite-On (March 23), Intematix (March 23), Caris (February 25), Jefferies (March 3), Barclays (March 3), and Canaccord Genuity (March 3). Accordingly, there can be no dispute that Cree knew long ago that these entities had information that Cree deemed to be relevant to its claims or SemiLEDs' defenses. Cree has provided no good reason for its decision to wait until the very last minute to serve deposition subpoenas on these third parties. Moreover, during the early stages of the discovery process, SemiLEDs produced a spreadsheet that identified all of the customers to whom it sold LED chips during the period 2005-2010. As a result, Cree has known for months the identity of all of SemiLEDs' customers, and it could have served subpoenas on any of those customers in a time frame that would have permitted compliance within the discovery period. Cree elected not to do so, and its decision to issue 14 last minute subpoenas smacks of an attempt to harass SemiLEDs and its customers and to impose undue costs and burdens in discovery that the Court intended to limit when it set a cut-off date for fact discovery of July 29, 2011.

## ARGUMENT

Cree's last-minute barrage of subpoenas was made in complete disregard of the Court's Scheduling Order, which set a date of July 29, 2011 for the "Completion of Fact Discovery." In addition, in its rush to beat the clock with these subpoenas, counsel for Cree made errors that render many of the subpoenas facially invalid. Those errors provide additional, independent grounds for the Court to grant the relief requested by SemiLEDs and reject Cree's unilateral attempt to extend the discovery period. Because Cree's last-minute third-party subpoenas do not comply with Fed. R. Civ. P. 45 or the Local Rules, SemiLEDs requests that the

Court enter a protective order precluding Cree from enforcing any of the 14 untimely third party subpoenas served during the final week of the discovery period.

Rule 45 requires that a subpoena must provide a party with "reasonable time to comply." A reasonable time to comply must include "sufficient time to allow the answering party to respond before the termination of discovery." *Tormasi v. Hayman*, 2010 U.S. Dist. LEXIS 138196, at *6 (D.N.J. Dec. 30, 2010) (*citing Brooks v. Johnson & Johnson*, 1990 U.S. Dist. LEXIS 8144, at *3 (E.D. Pa. 1990)). Indeed, the Delaware Local Rules expressly require that "reasonable notice for the taking of depositions under Fed. R. Civ. P. 30(b)(1) and 30(b)(6) **shall be not less than 10 days.**" D. Del. LR 30.1 (emphasis added); *accord, e.g., Tormasi*, 2010 U.S. Dist. LEXIS 138196 at *6 (collecting cases); *Nationwide Ins. Co. v. Seven-Up Bottling Co.*, 1993 U.S. Dist. LEXIS 3839, at *4-5 (E.D. Pa. Mar. 17, 1993) (finding that a deposition subpoena served four days prior to the noticed deposition failed to provide a reasonable time for compliance). When a party propounds untimely discovery requests that require completion after the discovery deadline, the recipient of the requests need not respond. *See Whitman v. Proconex, Inc.*, 2009 U.S. Dist. LEXIS 2930 (E.D. Pa. Jan. 14, 2009); *Zhang v. ING Direct*, 2009 WL 922421, at *1 (D. Del. Apr. 3, 2009). Accordingly, courts routinely quash or modify subpoenas that fail to provide a reasonable time to respond during the discovery period. Fed. R. Civ. P. 45(c)(3)(A)(i).

Rule 45 subpoenas directed to third parties fall squarely within the mandated discovery deadlines of the Court. *Dow Chem. Canada, Inc. v. HRD Corp.*, 2009 U.S. Dist. LEXIS 108802, at *2 (D. Del. Sept. 24, 2009); *see also Medimmune, LLC v. PDL BioPharma, Inc.*, 2010 WL 1266770, at *1 (N.D. Cal. Apr. 1, 2010) (noting that the majority view is that Rule "45 subpoenas constitute pretrial discovery that must be served within the specified discovery period."). Therefore, in order to obtain discovery of third parties, a party must comply with the discovery deadlines in the scheduling order, or obtain leave from the court. *Id.*

1. **Cree's Last-Minute Subpoenas to Six SemiLEDs' Customers Fail to Provide a Reasonable Time to Respond And Amount to a Transparent Attempt to Harass SemiLEDs and to Disrupt Its Business**

Within three days of the July 29 discovery deadline, Cree served subpoenas on *six* of SemiLEDs' customers. None of these subpoenas could have been completed prior to the discovery deadline, and Cree could not have had a good faith belief that compliance was in any way possible. Moreover, each of these six subpoenas is on its face invalid and unenforceable, because each calls for production of documents and/or depositions with fewer than ten days notice, as required by the Delaware Local Rules. These subpoenas, therefore, do not comply with the Court's Scheduling Order, the Local Rules, or Rule 45 of the Federal Rules of Civil Procedure. Accordingly, Cree should not be allowed to enforce them, and SemiLEDs should be shielded from any requirement to participate in discovery called for by the subpoenas.

The Honorable Paul S. Diamond
August 16, 2011
Page 4

### A. <u>Lite-On</u> and <u>Intematix</u> Subpoenas

Cree has represented that it served deposition subpoenas for Lite-On and Intematix on July 26 purporting to require depositions on July 29. This three-day period for compliance, the *longest* amount of time Cree allowed for compliance prior to the end of the discovery period, is plainly unreasonable under Rule 45 and fails to provide the required ten-day notice under the Local Rules. Thus, the Court should grant a protective order against the Lite-On and Intematix subpoenas because they fail to provide a reasonable time for compliance and violate the Federal Rules, the Local Rules, and the Court's Scheduling Order.

Because it is clear on the face of these subpoenas that they fail to provide a reasonable time for compliance, it is a reasonable and fair assumption that Cree never intended these depositions to be completed on the date noticed. Indeed, Cree did not send any attorneys to take depositions of either of these third parties on July 29, nor has Cree ever given SemiLEDs or its counsel notice that these depositions have been continued to a later date. Because Cree did not anticipate compliance with the subpoenas as served, it apparently served these subpoenas with "placeholder" dates, thereby attempting to secure for itself a unilateral extension of the discovery deadline. A party cannot unilaterally extend the discovery period through its own dilatory conduct. *See Dow Chem. Canada, Inc.*, 2009 U.S. Dist. LEXIS 108802, at *2; *see also Rosetsky v. Nat'l Bd. of Med. Examiners of the U.S.*, 350 Fed. Appx. 698, 702 (3d Cir. 2009) (affirming district court's denial of a discovery extension when counsel served deposition subpoenas on the eve of the discovery deadline and only provided one week's notice). For that reason as well, the Court should grant the relief requested by SemiLEDs.

Nor can Cree justify its untimely service of these subpoenas on the ground that it only learned at the end of the discovery period that Lite-On and Intematix might have relevant information. Cree was clearly aware of these entities when it served document subpoenas on them on March 23, 2011, at the very beginning of the discovery period, and when it asked questions about them during the deposition of SemiLEDs' Vice President of Sales and Marketing on March 10. *See* Exhibit E (Jack Yeh 3-10-11 Deposition), at 68:23-25 and 77:24 – 78:23. If Cree wanted to take the depositions of Lite-On or Intematix, it could have served subpoenas on them at any time during the first four months of the discovery period. For these reasons, the Court should enter a protective order preventing Cree from unilaterally granting itself an extension of this Court's discovery deadline.

### B. <u>Code 3</u>, <u>Light Engines</u>, and <u>Edison Opto</u> Subpoenas

Cree has represented that it served a deposition subpoena on Edison Opto on July 26 and deposition subpoenas on Code 3 and Light Engines on July 27. Cree also served separate document subpoenas on each entity on the same respective days. With respect to all three deposition subpoenas, the depositions were noticed for July 29 at 9:00 am. As with the Lite-On and Intematix subpoenas discussed above, these deposition subpoenas fail to provide reasonable notice and violate Rule 45, the Local Rules and this Court's Scheduling Order. Accordingly, a protective order should be issued on that basis alone.

The Honorable Paul S. Diamond
August 16, 2011
Page 5

For both the deposition and document subpoenas, a protective order should also be entered to prevent Cree from unilaterally extending the discovery deadline. During the meet and confer process, Cree attempted to excuse the tardiness of the subpoenas by suggesting that it only recently learned of the relevance of these SemiLEDs' customers. However, as counsel for Cree has acknowledged, SemiLEDs produced its complete customer list to Cree in the very beginning of the discovery period. Moreover, citing privilege issues, counsel for Cree has refused to provide any information regarding what it purportedly has learned about the alleged relevance of these customers to justify third-party discovery outside the fact discovery period set by the Court. Because Cree failed to serve these subpoenas in a time period that would have allowed for compliance before the discovery cutoff, and because it can provide no reasonable justification for its attempt to secure a unilateral extension of the discovery deadline, a protective order should be entered.[1]

### C.    Kingbright Subpoena

Cree has represented that it served notice of a deposition subpoena and a document subpoena for Kingbright Corporation on July 28 and July 27, respectively. The Kingbright deposition subpoena provides for a date of compliance on August 15, *two weeks after* the discovery deadline. Similarly, the document subpoena calls for production of documents on August 8, over a week after the discovery deadline. These are the only subpoenas served by Cree in the final week of discovery that even come close to providing the recipients and SemiLEDs with reasonable notice of the requested discovery, but they do so by scheduling discovery that on its face is in violation of this Court's Scheduling Order.

Cree has been aware of Kingbright since at least the beginning of discovery, by virtue of SemiLEDs' production of its customer list. Cree's counsel has offered no justification for the delay in the service of the Kingbright subpoena, other than to recite as a general matter

---

[1]    The Code 3, Kingbright, and Edison Opto document subpoenas are facially invalid because they require production of documents outside the jurisdiction of the issuing court. Each subpoena purports to require the production of documents in Massachusetts, but was issued from a different jurisdiction. To obtain documents from a nonparty witness, a subpoena "should command production in the district court where the witness resides or where the headquarters of the witness are located." *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, 2009 U.S. Dist. LEXIS 94721, at *8 (D. Del. Oct. 8, 2009) (quashing a subpoena issued in Delaware District Court for the production of documents in Illinois); *see also Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004) ("production refers to the delivery of documents, not their retrieval."). Accordingly, "[t]he subpoena issued in this case is void or invalid on its face under *Rule 45* because [the issuing] court cannot compel the return of documents outside its jurisdiction." *Ace Hardware*, 2009 U.S. Dist. LEXIS 94721, at *8. Accordingly, this Court should issue a protective order for this reason as well.

The Honorable Paul S. Diamond
August 16, 2011
Page 6

that it learned about SemiLEDs' business during the course of discovery. Nor did it seek the court's approval to extend the discovery deadline to permit discovery after the July 29 cut-off date. Such a unilateral attempt to extend discovery must be denied. *See Dow Chem. Canada, Inc.*, 2009 U.S. Dist. LEXIS 108802, at *2; *see also Rosetsky*, 350 Fed. Appx. at 702.

### 2. Cree's Subpoenas to Underwriters <u>Caris, Jefferies, Canaccord Genuity</u> and <u>Barclays</u> Fail to Provide Reasonable Time to Respond During the Discovery Period

Cree served a deposition subpoena on Caris & Company on July 26 and served deposition subpoenas on Jefferies & Company, Barclays Capital, and Canaccord Genuity on July 29. The Court should preclude these depositions for at least two reasons. First, Cree failed to provide reasonable notice as required by Rule 45 of the Federal Rules, the Local Rules, and the law of this Circuit. None of these subpoenas provide as much as seven days notice, which is well short of the ten-day requirement established by the Delaware Local Rules. Second, Cree served these subpoenas and deposition notices without any good faith belief that compliance could or would be completed during the discovery period. Indeed, certain of these subpoenas were served on July 29, *the last day of the discovery period*, on Jefferies, Canaccord, and Barclays, and all notice depositions for August 5. Only the Caris subpoena includes a date of compliance within the discovery period, and the Caris subpoena provides less than three days notice and identifies the location of the deposition as "To be determined." Cree clearly had no intention of completing any of these depositions during the discovery period, and its failure to provide reasonable notice to the noticed parties or to SemiLEDs warrants entry of a protective order precluding the depositions that are the subjects of the defective subpoenas from going forward.

As noted above, since the very beginning of the discovery period Cree has been keenly focused on SemiLEDs' IPO and served document subpoenas on all of these entities in March. Accordingly, Cree cannot credibly contend that it did not know of the relevance of these entities until the end of the discovery period.

During the parties' meet and confer, Cree indicated that these four subpoenas were only served as placeholders for the purpose of authenticating documents at a deposition.[2] SemiLEDs would be willing to consider a stipulation on the authentication of documents in lieu of a deposition for each of these entities, assuming that SemiLEDs could verify with counsel for

---

[2] Cree further indicated that an underlying purpose behind the Caris subpoena was to explore the basis for privilege in a clawed-back document. There is no reason for this issue to be explored in a deposition. Indeed, Cree has clawed back hundreds of documents in this case, and to the extent SemiLEDs disagreed with Cree's assertion of privilege, that issue has been the subject of conferences and correspondence between counsel.

The Honorable Paul S. Diamond
August 16, 2011
Page 7

each underwriter that the documents in question are in fact authentic. However, to the extent that Cree seeks to move forward with depositions of any of these entities, SemiLEDs will maintain its position that these subpoenas are improper and untimely and that the Court should issue a protective order to prevent the requested depositions from taking place.

## CONCLUSION

Cree's untimely service of 14 subpoenas in the final days before the discovery deadline was in total disregard for this Court's Scheduling Order and should not be allowed to stand. Although SemiLEDs sought Cree's explanation for each of its late-filed subpoenas during the meet and confer process, Cree failed to provide any reasonable explanation for its delay. Cree has been aware of every SemiLEDs customer for months and chose not to conduct depositions or collect documents from many of them. It also has been aware for many months of the underwriters involved in SemiLEDs' financing efforts, as evidenced by its document subpoenas directed to those underwriters last spring. Accordingly, there is no legitimate justification for Cree's eleventh-hour decision to conduct expansive third party discovery, which has the effect of imposing undue burdens on SemiLEDs and harassing its customers. The Court should enter a protective order to protect SemiLEDs and its customers and underwriters from further harassment by Cree.

Counsel for SemiLEDs will be prepared to discuss this issue at Your Honor's convenience.

Respectfully,

Rodger D. Smith II (#3778)

RDS/nlm

cc: Counsel of Record

4433067.1