

Frederick L. Cottrell, III
302-651-7509
Cottrell@rlf.com

August 29, 2011

**VIA E-FILING AND FACSIMILE**

The Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room #6613
Philadelphia, PA  19106-1710

              Re:    *Cree, Inc. v. SemiLEDs Corp. and Helios Crew Corp.*
                    *C.A. No. 10-866-PD (D. Del.)*

Dear Judge Diamond:

      On behalf of Cree, Inc., I write in response to the letter filed by Defendants SemiLEDs Corporation, SemiLEDs Optoelectronics Co., and Helios Crew Corp. (collectively, "SemiLEDs") on August 26, 2011, concerning their outstanding third party subpoena.

      Cree has been equally diligent in attempting to secure completion of its outstanding third party subpoenas, and has had multiple calls and conversations in an effort to secure the subpoenaed documents and testimony by August 26. Despite these efforts, however, it has been unable to complete the subpoenas issued to the following SemiLEDs' customers:

      <u>Intematix</u>: Cree contacted Martin Fliesler, outside counsel for Intematix, to inform him of the Court's order and to request that the deposition take place by August 26. Mr. Fliesler ultimately agreed to produce Ian Collier for the deposition, but said that Mr. Collier would be out of the country until August 29. Intematix has offered to provide Mr. Collier for a deposition on Wednesday, August 31 or Thursday, September 1.

      <u>Code 3</u>: Cree contacted John Ryan and Jack Walsh, outside counsel for Code 3, to inform them of the Court's order and to request that Code 3 complete its production of documents and provide a deposition take place by August 26. Mr. Walsh ultimately conveyed, through a series of conversations, that the witnesses with knowledge relevant to Topic 1 were all at a trade show through August 26, and that the witness with knowledge relevant to Topics 2

The Honorable Paul S. Diamond
Page 2
August 29, 2011

through 7 is too ill to testify, having recently undergone a gall bladder operation with some significant complications. Code 3 has offered to provide a witness with knowledge of Topic 1 on Thursday, September 1. It also has offered to produce the employee with knowledge of Topics 2 through 7 after he returns to work, which will likely be another 30 to 60 days. Code 3 also offered to provide documents relevant to Topic 1 shortly before the September 1 deposition; and any responsive documents relating to Topics 2 through 7 shortly before the deposition on those topics.

Light Engines: Cree contacted John Ottenberg, outside counsel for Light Engines, to inform him of the Court's order and to request that Light Engines complete its production of documents and provide a deposition witness by August 26. Mr. Ottenberg insisted that no one in the United States could testify regarding the deposition topics, and that Light Engines would need more time to locate and identify certain documents responsive to the subpoena. After several further conversations, Mr. Ottenberg ultimately informed Cree that Light Engines could likely complete its document production by September 2, and produce a witness for deposition by September 13, 2011.

Edison Opto: Cree contacted Edison Opto to inform it of the Court's order and to request that it complete its production of documents and provide a deposition witness by August 26. Edison Opto U.S. instructed Cree to contact Calvin Sun at Edison Opto Taiwan. Cree phoned Mr. Sun in Taiwan on four separate occasions between Monday, August 22 and Tuesday, August 23, and left multiple messages with Mr. Sun's assistant, but has not yet been able to speak with Mr. Sun directly. Cree would like to continue its efforts to secure a date for Edison Opto's compliance with the subpoena.

Lite-On: Cree contacted Chris Neumeyer, in-house counsel for Lite-On's parent company, to inform him of the Court's order and to request that the deposition take place by August 26. Mr. Neumeyer insisted that there was no one in the U.S. that could testify regarding the deposition topics, and continued to assert Lite-On's various objections to the deposition. Cree subsequently proposed a telephone deposition with a witness in Taiwan. Mr. Neumeyer was initially amenable to the deposition, stating that he would inquire to identify a witness that was suitable and available for a telephone deposition. Cree proposed taking the deposition on Thursday, August 25 or Friday, August 26. On Thursday, Lite-On's counsel sent a letter flatly refusing to provide a witness.

Each of these subpoenas is relevant to the induced infringement and damages issues in the case.

Cree had assumed – based on the Court's August 19, 2011 order – that the Court would not permit the parties to complete any further third party depositions after August 26, 2011. If the Court agrees to permit SemiLEDs to complete its outstanding subpoena to LumiLEDs, Cree requests that it also be permitted to complete its outstanding subpoenas to Intematix, Code 3, Light Engines, Edison Opto, and Lite-On.

The Honorable Paul S. Diamond
Page 3
August 29, 2011

                                    Respectfully,

                                    */s/ Frederick L. Cottrell, III*

                                    Frederick L. Cottrell, III (#2555)

FLC:kdm
cc:    All Counsel of Record (via email)