# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 Fax
rsmith@mnat.com

August 29, 2011

**VIA E-FILING**

The Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room #6613
Philadelphia, PA  19106-1710

Re:  *Cree, Inc. v. SemiLEDs Corp. and Helios Crew Corp.*,
C.A. No. 10-866-PD (D. Del.)

Dear Judge Diamond:

I am writing on behalf of defendants in response to the letter Cree submitted earlier today (D.I. 133).  It strains credulity for Cree to compare itself to SemiLEDs regarding unfinished third party discovery.  Cree served 10 separate third party subpoenas in the three days before the July 29 discovery cutoff.  Thus, it is hardly surprising that Cree still has not completed nine of those third party depositions, including the five customer depositions referenced in its letter.  In contrast, SemiLEDs served its final three third party subpoenas on June 30 and July 1, nearly a month before the fact discovery cut-off, and there is only one third party deposition that could not be completed, due to unexpected circumstances involving Lumileds' key employee's extended travel in India, as described in SemiLEDs' letter to the Court of August 26 (D.I. 128).

Cree's argument is as overly simplistic as it is self-serving, and should be rejected.  There are sound reasons for the Court to allow SemiLEDs to complete the single Lumileds deposition (noticed on July 1) while rejecting Cree's attempt to take five third party late-noticed depositions.  If the Court permits SemiLEDs to take the deposition of Lumileds (which it should), Cree should be permitted to take at most one third party deposition.

We also wish to advise the Court that Cree attempted to add 12 new patent claims to this case during the last week of discovery.  Because those patent claims were not asserted by Cree earlier in the case, they were not the subject of claim construction discussions or briefing, and no discovery or invalidity contentions have even begun regarding those new patent claims.  Defendants will be submitting a letter requesting that the Court strike Cree's newly asserted claims.  If the Court were to allow those claims to remain in the case, SemiLEDs would need

The Honorable Paul S. Diamond
August 29, 2011
Page 2

substantial additional time to conduct discovery and to search for prior art on those claims, and Court would need to re-open the Markman process.

Respectfully,

Rodger D. Smith II (#3778)

cc:      Counsel of Record

4466434.1