# RICHARDS LAYTON & FINGER

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

September 12, 2011

**VIA E-FILE AND FACSIMILE**

The Honorable Paul S. Diamond
United States District Court for the
 District of Delaware
6613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Re:   *Cree, Inc. v. SemiLEDS Corp. et al.*, C.A. No. 10-866-PSD

Dear Judge Diamond:

Although we hesitate to add another letter to the Court's mailbox, we write to respond to a few additional points raised in SemiLEDs' September 9, 2011 letter to the Court concerning the parties' supplemental interrogatory responses. Cree would be happy to address these and any other related issues in a telephonic conference, if such a conference would be helpful to the Court.

First, with regard to Cree's supplemental interrogatory response, SemiLEDs faults Cree for having waited until after the depositions of SemiLEDs' technical witnesses before identifying the additional patent claims. However, SemiLEDs offers no explanation for having offered at the Court's tutorial a cross-section of its LED chip which its own Director of R&D, Chen Fu Chu, conceded was incorrect in his deposition. (Exhibit 5, 7/1/11 Chu 30(b)(6) Dep., at 08-109) Cree appropriately waited until after confirming the relevant features of SemiLEDs' products before identifying any additional patent claims.

Second, with regard to SemiLEDs' own supplemental invalidity contentions, SemiLEDs attempts to justify its late supplements on the ground that they simply identify "new combinations of references," or are based on references that were previously disclosed to Cree. However, SemiLEDs could have and *should have* identified these "new combinations of references" in its original interrogatory response. Moreover, if the standard were *prior notice* of a *potential* contention, SemiLEDs clearly was on notice that Cree might identify additional patent claims - while Cree has had to take discovery to ascertain and understand the relevant

■ ■ ■

Honorable Paul S. Diamond
September 12, 2011
Page 2

features of SemiLEDs' products, SemiLEDs has known all along how its products are built and, thus, which claims Cree might add to the case.

   Third, if the Court were to agree to extend discovery, given the limited number of additional claims, SemiLEDs could easily complete this discovery by the end of the month, and any extension to discovery should be mutual. SemiLEDs does not dispute that it provided its initial interrogatory response on invalidity on March 31, 2011, less than one month after Cree provided its interrogatory response on infringement. Moreover, although SemiLEDs relies almost entirely on the local patent rules of other courts (not adopted by Delaware), it also does not dispute that most of these courts require that the parties' *final* amendments to their infringement and invalidity contentions be exchanged either ***simultaneously***, or within a very short time of each other (e.g., 15 or 20 days). *See, e.g.,* Mass. Local Rule 16.6 Appendix (D)(1) (simultaneous exchange 30 days after *Markman* ruling); N.D. Ill. Local Patent Rule LPR 3.1 (simultaneous exchange); N.D. Ohio Local Patent Rule 3.10(b) and (c) (15 and 30 days after *Markman* ruling); E.D. Tex. Local Patent Rule 3-6 (30 and 50 days after *Markman* ruling). SemiLEDs has now had Cree's supplemental interrogatory response for more than six weeks.

   Finally, if the Court were to set a schedule for any supplemental Markman filings, the process should begin with a mutual exchange of proposed constructions (like the original Markman process in this case), and could easily be completed by mid-October.

   Cree would be happy to address these and any other related issues in a telephonic conference, if such a conference would be helpful to the Court.

                Respectfully,

                */s/ Frederick L. Cottrell, III*

                Frederick L. Cottrell, III

cc:  Counsel of Record