IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREE INC., | : | CIVIL ACTION |
|     Plaintiff. | : | |
| v. | : | |
| | : | NO. 1:10-866 |
| SEMILEDS CORPORATION, et al. | : | |
|     Defendants. | : | |

## ORDER

On September 6, 2011, Defendant Semileds submitted a letter asking me to strike as untimely Plaintiff's supplemental interrogatory response—filed during the final days of discovery—which added new infringement claims. On September 8, 2011, Plaintiff responded, arguing that on the final day of discovery Defendant had itself filed a supplemental response, expanding Defendant's invalidity contentions. On September 9 and September 12, 2011, the Parties filed additional letters.

Although this District does not have local patent rules, such rules often permit parties—even *after* conducting a *Markman* hearing—to amend simultaneously their infringement and invalidity contentions. See, e.g., Mass. Local Rule 16.6 Appendix (D)(1) (simultaneous exchange of final infringement and invalidity contentions 30 days after *Markman* ruling); N.D. Ill. Local Patent Rule LPR 3.1 (simultaneous exchange of final infringement and invalidity contentions); N.C. Ohio Local Patent Rule 3.10(b) and (c) (final amendment to infringement contentions 15 days after *Markman* ruling, and to invalidity contentions 30 days after *Markman* ruling); E.D. Tex. Local Patent Rule 3-6 (final amendments to infringement contentions 30 days

after *Markman* ruling, and to invalidity contentions 50 days after *Markman* ruling). Likewise, the cases cited by Defendant are distinguishable because those courts had already conducted *Markman* hearings. Elan Pharma International Ltd. v. Abraxis Bioscience, Inc. C.A. No. 06-438 GMS (D. Del. 2007) (holding a *Markman* hearing then denying amendment); Globespanivirata, Inc. v. Texas Instruments Inc., 2005 U.S. Dist. LEXIS 16348, at *15 (D.N.J. July 11, 2005) (same). I have scheduled the *Markman* hearing in the instant matter for November 4, 2011. Accordingly, neither Plaintiff's supplemental response nor Defendant's supplemental response is untimely.

AND NOW, this 16th day of September, 2011, upon consideration of Defendant's request to strike and related submissions, it is hereby **ORDERED** that Defendant's request is **DENIED**. Both Parties' supplemental responses are timely.

IT IS SO ORDERED.

_____
Paul S. Diamond, J.