# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH II
302 351 9205
302 498 6209 FAX
rsmith@mnat.com

September 6, 2011 - Original Filing Date
September 20 - Redacted Filing Date

REDACTED - PUBLIC VERSION

**VIA E-FILING**

The Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room #6613
Philadelphia, PA 19106-1710

Re: *Cree, Inc. v. SemiLEDs Corp. and Helios Crew Corp.*,
C.A. No. 10-866-PD (D. Del.)

Dear Judge Diamond:

Nearly five months after its infringement contentions were due, and with only two days left in the discovery period, Cree served a supplemental interrogatory response purporting to expand the scope of this case substantially by adding 12 new claims from five of the six patents-in-suit on top of the 29 claims that it previously had asserted against SemiLEDs. Absent an order from the Court precluding Cree's untimely assertion of additional patent claims, SemiLEDs will be deprived of the opportunity to conduct any discovery or prepare any invalidity contentions on those 12 new claims. Moreover, none of the new claims was included in the claim construction briefing process that the parties completed on August 26, despite the fact that those claims contain a number of terms in need of construction by the Court that are not found in the claims previously asserted by Cree.

If Cree were permitted to add new 12 claims to the case at this late date, the Scheduling Order that governs this case would have to be abandoned to reopen fact discovery for SemiLEDs, allow SemiLEDs to investigate additional prior art and supplement its invalidity contentions, require the parties to meet and confer on additional terms in need of construction, and permit the filing of supplemental *Markman* briefs. SemiLEDs respectfully submits that neither the Court nor SemiLEDs should be required to bear the additional burdens, inefficiencies, and expenses associated with such a re-writing of the schedule to accommodate Cree's untimely attempt to assert patent claims that it previously had indicated would not be part of this case.

The parties have met and conferred on this issue but Cree has not agreed to withdraw its newly asserted claims. Accordingly, SemiLEDs requests that the Court strike as

The Honorable Paul S. Diamond
September 6, 2011
Page 2

untimely Cree's attempt to expand the case by asserting 12 new claims for the first time on the eve of the fact discovery cutoff.

## Factual Background

On January 31, 2011, SemiLEDs served its second set of interrogatories on Cree. (*See* Exhibit A). Interrogatory No. 11 asked Cree to set forth its infringement contentions, including an identification of each asserted claim. On March 2, 2011, Cree served interrogatory responses that identified 29 claims from among the six patents-in-suit that Cree accused SemiLEDs' products of infringing. (*See* Exhibit B). Based on Cree's assertion of those 29 patent claims, the parties undertook discovery directed to those claims and to completing all fact discovery by July 29, 2011, pursuant to the Court's Scheduling Order. Notwithstanding that the framework for the case had been established by Cree's March 2 identification of 29 asserted claims, Cree attempted to supplement its answer to Interrogatory No. 11 on July 27 to assert 12 additional claims from five of the six patents-in-suit. (*See* Exhibit C). Significantly, Cree's supplemental contentions did not cite any new evidence to support the addition of new claims. ███████████████████████████████████████████████████████████████████████ ██████████ Instead, it relied on the same publicly available information it relied upon to support its original March 2 responses, and amended the contentions for the sole purpose of adding 12 new claims to the case. None of these 12 claims was included in the claim construction process that began on June 14 with the identification of proposed terms for construction and concluded on August 26 with the filing of the parties' respective responsive claim construction briefs.

## Argument

The Court should strike Cree's supplemental response to Interrogatory No. 11 to the extent it purports to add 12 new claims to the case. The Delaware courts have previously refused to allow patentees to assert additional claims when the assertion of untimely claims would conflict with the Scheduling Order and/or *Markman* process. *See, e.g., Elan Pharma Int'l Ltd. v. Abraxis Bioscience, Inc.*, C.A. No. 06-438 GMS (D. Del. Dec. 6, 2007) (precluding addition of 4 claims) (attached hereto as Exhibit D). In *Elan*, the Court noted that allowing plaintiff to assert new claims at the end of fact discovery would require the Court to reopen the *Markman* process and would render the scheduling order meaningless. *Id.* at 3. The Court also noted the fundamental unfairness of allowing plaintiff to add new claims at the eleventh hour:

> Secreting infringement contentions until an opponent is left with no meaningful opportunity to address them through the process of fact discovery and expert opinions is not only inconsistent with the Federal Rules of Civil Procedure, but fundamentally unfair to an opponent.

*Id.* at n.2. Cree's addition of 12 new claims with only two days remaining in the discovery period would create a much greater prejudice to SemiLEDs than the untimely addition of four claims in *Elan*. *Accord, e.g., Berger v. Rossignol Ski Co.,* 2006 U.S. Dist. LEXIS 23085, at *7 (N.D. Cal. 2006) (denying motion to amend infringement contentions and noting that "patent rules are designed to avoid 'vexatious shuffling of positions' that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action."). Accordingly, the Court should strike Cree's supplemental interrogatory response and reject its untimely attempt to inject new claims into the case.

If Cree is allowed to add any of these 12 new claims at this late stage of the case, SemiLEDs should be given additional time to conduct discovery regarding those new claims, including retaking inventor depositions on issues relating to the new claims, searching for prior art relevant to the new claims, and considering and proposing claim constructions for multiple claim terms/phrases in the new claims.[1] And because the fact discovery period has now closed, the Court would have to modify its Scheduling Order, restart the *Markman* process, and delay expert discovery and trial. The Court in *Elan* refused to countenance that result, and it should be rejected here as well.

During the parties' meet and confers on this subject, Cree argued that it should be allowed to add new claims to the case because SemiLEDs supplemented its interrogatory responses to add new prior art references to support its invalidity defenses. But Cree's self-styled "two way street" argument is a non-sequitor; there is no logical connection between SemiLEDs' supplemental interrogatory responses and Cree's attempt to add new patent claims to the case that had not previously been asserted. Moreover, Cree's overly simplistic argument fails to take account of the clear differences between a plaintiff adding new patent claims to a case and a defendant supplementing its invalidity contentions with additional references or theories as to *why the claims that are already part of the case* are invalid. As courts in this Circuit have recognized, there are substantial differences between the consequences of adding new asserted claims at the end of discovery and adding new invalidity theories that do not inject previously unasserted patent claims into the case. *See, e.g., Globespanvirata, Inc. v. Texas Instruments Inc.,* 2005 U.S. Dist. LEXIS 16348, at *15 (D.N.J. July 11, 2005) ("supplementation of evidence by [an accused infringer] is entirely different to allowing [the patentee] permission to assert a new claim") (attached hereto as Exhibit E). Unlike the addition of new asserted claims, the inclusion of a new prior art reference generally does not necessitate reopening fact discovery, restarting the *Markman* process, or conducting a second round of inventor depositions. At most, it requires

---

[1] During the parties' meet and confers on this issue, SemiLEDs explained that the following additional terms would need to be construed if the Court allowed Cree to add the 12 new claims identified for the first time in its July 27 supplemental response to Interrogatory No. 11: '459 patent: "forward voltage"; '833/'915 patents: "epitaxial region"; '236 patent: "(curved or) piecewise linear surfaces," "bias," "electrical contacts," "trapped"; '623 patent: "passivation region" and "current spreading finger."

additional expert analysis, but in this case the parties have not even begun the process of preparing expert reports.

Cree's "two-way street" argument also ignores the sequence of disclosures that parties follow in patent infringement suits. In district courts with local patent rules, for example, infringement contentions must be served *before* a party is required to serve its invalidity contentions.[2] Likewise, even in district courts such as Delaware, where there are no patent rules, the Court frequently requires the patentee to identify the asserted claims before requiring the accused infringer to disclose its invalidity contentions. *See, e.g.,* Transcript of Scheduling Conference in *Walker Digital LLC v. Apple, Inc. et al.,* C.A. No. 11-309-SLR (D. Del. Aug. 5, 2011) at 30 (establishing schedule that required identification of asserted claims followed by invalidity contentions "some time down the road") (attached hereto as Exhibit F). Indeed, without a patentee's identification of asserted claims, it is impossible for an accused infringer to know which claims might be subject to an invalidity challenge or to conduct a prior art search and develop invalidity positions directed to the claims actually be in the case. This is why SemiLEDs would suffer extreme prejudice if Cree is allowed to assert the claims it sought to add to the case on the eve of the discovery deadline; SemiLEDs had no reason to conduct a prior art search and develop invalidity positions directed to the new claims asserted by Cree.

Finally, SemiLEDs understands that Cree views its delay in asserting the additional 12 patent claims as being justified by its misunderstanding of the structure of SemiLEDs' devices that was cleared up by the testimony of SemiLEDs' engineers during depositions in Taiwan in July. Cree's argument on this point, however, is a red herring. Cree utilized nothing in its July 27 supplemental infringement claim charts that was not in its possession or available to it from the beginning of discovery.[3] Moreover, to the extent a plaintiff does not receive in discovery "documents necessary to develop a case, the appropriate response [is] a motion to compel," not a late-served assertion of new patent claims. *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, 2007 WL 5448209, at *2 (W.D. Wisc. Dec. 31, 2007) (noting that plaintiffs may not assert new claims at any point in the litigation because it "would cause significant unfair prejudice to the other side" and "cause havoc in the case"). Cree's reliance on publicly available information in its July 27 supplemental interrogatory responses demonstrates that it was Cree's own lack of diligence that led to any delay in identifying the newly asserted claims. *See Orion IP, LLC v. Staples, Inc.*, No. 2:04-CV-297, at 3 (E.D. Tex. July 7, 2005) (attached hereto as Exhibit G) (granting motion to strike amended infringement contentions

---

[2] *See, e.g.,* District of New Jersey L. Civ. R. 3.1-3.3; Northern District of California Patent L.R. 3.1-3.4; Northern District of Illinois LPR 2.2-2.3, 3.1-3.2; Northern District of Ohio L.P.R. 3.1-3.5; Eastern District of Texas P.R. 3.1-3.3.

[3] *See, e.g.,* '459 patent claim 18: "Almost all of the blue MvpLED™ chips listed on SemiLEDs' website have a forward voltage less than 3.1 volts at 20 millamps current. For example, the Product Data Sheet for the SL-V-B45AK..." (Exhibit C, Ex. 1).

The Honorable Paul S. Diamond
September 6, 2011
Page 5

because they were based on publicly available information, which plaintiff failed to utilize when serving its infringement contentions, and noting that allowing untimely assertion of new infringement theories would be "prejudicial to defendants, who must rely on the specific positions articulated in [infringement contentions] to build their case").

## Conclusion

Because Cree's untimely attempt to add 12 previously unasserted claims to the case will substantially prejudice SemiLEDs and disrupt the Court's April 6, 2011 Scheduling Order, the Court should strike Cree's supplemental response to Interrogatory No. 11.

Counsel for SemiLEDs will be prepared to discuss this issue at Your Honor's convenience.

Respectfully,

Rodger D. Smith II (#3778)

cc:   Counsel of Record
4478814.1