## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CREE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | C.A. No. 10-866-PSD |
| | § | |
| SEMILEDS CORPORATION, HELIOS | § | **REDACTED** |
| CREW CORP., and SEMILEDS | § | **PUBLIC VERSION** |
| OPTOELECTRONICS CO., LTD., | § | |
| | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS
### MOTION FOR LEAVE TO FILE
### FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

OF COUNSEL:
William F. Lee
Cynthia D. Vreeland
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Heath A. Brooks
WILMER CUTLER PICKERING HALE
AND DORR LLP
1801 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC  27612
(919) 854-1400

Dated: November 1, 2011

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Anne Shea Gaza (#4093)
Gaza@rlf.com
Laura D. Hatcher (#5098)
Hatcher@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
902 N. King Street
Wilmington, Delaware  19801
(302) 651-7700

*Attorneys for Plaintiff Cree Inc.*

**TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................1

II.     BACKGROUND ..................................................................................................1

III.    ARGUMENT .......................................................................................................3

        A.      Leave To Amend Should Be Freely Given...........................................3

        B.      The Court Should Grant Cree Leave To Amend ...................................4

IV.     CONCLUSION ....................................................................................................5

RLF1 5545188v. 1

## TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Johnson & Johnson, Inc.*,
  524 F. Supp. 2d 553 (D. Del. 2007)................................................................... 3

*Bechtel v. Robinson*,
  886 F.2d 644 (3d Cir. 1989).......................................................................... 4

*Berkshire Fashions, Inc. v. The M.V. Hkusan II*,
  954 F.2d 874 (3d Cir. 1992).......................................................................... 3

*Davis v. Piper Aircraft Corp.*,
  615 F.2d 606 (4th Cir. 1980) ........................................................................5

*Foman v. Davis*,
  371 U.S. 178 (1962)..................................................................................... 3

*Inline Connection Corp. v. AOL Time Warner Inc.*,
  237 F.R.D. 361 (D. Del. 2006) ...................................................................... 4

*Medeva Pharma Ltd. v. American Home Products Corp.*,
  201 F.R.D. 103 (D. Del. 2001) ...................................................................... 4

*Miller v. Rykoff-Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1988) ........................................................................ 5

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
  203 F.3d 790 (Fed. Cir. 2000)....................................................................... 5

*Senza-Gel Corp. v. Seiffhart*,
  803 F.2d 661 (Fed. Cir. 1986)....................................................................... 4

*Shane v. Fauver*,
  213 F.3d 113 (3d Cir. 2000).......................................................................... 3

RLF1 5545188v. 1

## I.   INTRODUCTION

Plaintiff Cree, Inc. ("Cree") requests leave to file a Fourth Amended Complaint (Exhibit 1) to add a claim that SemiLEDs' infringement of U.S. Patent No. 6,657,236 (the "'236 patent"), a patent already asserted in this case, has been willful.   Pursuant to 35 U.S.C. 284, if a defendant's infringement is willful, the patentee may be awarded enhanced damages.

Cree seeks to add a claim for willful infringement of the '236 patent
REDACTED

This amendment will not require any change in the current case schedule.   Cree notified SemiLEDs of its intent to add a claim for willful infringement promptly after discovering the REDACTED       The parties have been meeting and conferring on this issue for nearly three weeks, and Defendants finally indicated yesterday that they may not ultimately oppose the motion, but will make a decision after reviewing the motion papers.   Cree provided an earlier draft of the papers.

## II.   BACKGROUND

On October 8, 2010, Cree filed its original Complaint in this action, claiming infringement of three Cree patents.   (D.I.. 1.)   Later, Cree amended its complaint to add three more asserted patents, including the '236 patent that is the subject of this motion.   (D.I.. 15, 16.)

Cree's Interrogatory No. 4 asked Defendants to identify when they first became aware of

each of the patents-in-suit.                    REDACTED

However, on September 23, 2011, ***nearly two months after the close of fact discovery in***

***this case***, Defendants produced                    REDACTED

This REDACTED was responsive to several of Cree's document requests served on

December 30, 2010, including, at the very least, Cree's Request No. 50 (all documents relating to

any Cree patent), No. 52 (all documents relating to any comparison of Defendants' products to

Cree's patents), No. 53 (all documents relating to any internal analyses by Defendants of Cree's

patents-in-suit), and Nos. 56-57 (Defendants' communications involving Cree's patents-in-suit). (*See* Cree's First Set of Requests for Production at 13-14 (attached hereto as Ex. 5).)

## III.   ARGUMENT

REDACTED

Because of this belatedly produced evidence, the Court should grant Cree's motion to amend its complaint to add a claim for willful infringement of the '236 patent.

### A.   Leave To Amend Should Be Freely Given

The Federal Rules of Civil Procedure provide that courts "should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Shane v. Fauver*, 213 F.3d 113, 115-17 (3d Cir. 2000) (stating that leave to amend must be given freely); *Berkshire Fashions, Inc. v. The M.V. Hkusan II*, 954 F.2d 874, 887 (3d Cir. 1992) (stating that the liberal construction of FED. R. CIV. P. 15(a) flows from the liberal approach to amendments to pleadings). The Third Circuit has adopted a liberal approach to granting amendments to pleadings "to ensure that a particular claim will be decided on the merits rather than on technicalities." *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007).

The Supreme Court has made clear that denying a request to amend under Rule 15(a) is appropriate only when there is a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This standard for denial is high. It is only when delay becomes "undue," placing an

3

unwarranted burden on the court, or results in "undue prejudice," placing an unfair burden on the opposing party, that denial of leave should be considered. *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 367 (D. Del. 2006).

Moreover, it is the nonmoving party's burden to show first that any prejudice exists at all, and then to establish that it is "undue." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). Undue prejudice exists only when the nonmovant demonstrates that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Furthermore, courts are given broad discretion in granting amendments to secure "the just, speedy and inexpensive determination of every action." *Medeva Pharma Ltd. v. American Home Products Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001).

### B. The Court Should Grant Cree Leave To Amend

In accordance with the Federal Rules' liberal approach to granting amendments, the Court should grant Cree's motion to amend for the following reasons:

*First*, Cree's motion to amend is timely. It is only through REDACTED that Defendants produced in late September that Cree has discovered, REDACTED

Cree is filing its motion promptly after REDACTED completing the meet-and-confer process.

*Second*, Defendants will not be unduly prejudiced by allowing this amendment. Cree does not anticipate that the amendment will require any further discovery by Cree or any change in the case schedule. Moreover, Defendants should not require any further discovery on this issue because the relevant evidence is within Defendants' possession.

RLF1 5545188v. 1

***Third***, Cree's amended pleading is in no way "futile." An amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In light of the recently produced evidence, Cree is entitled to pursue its claim for willful infringement of the '236 patent against Defendants. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may be clearly seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."); *see also Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (complaint that "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked" is sufficient to state claim under Rule 12(b)(6)).

## IV. CONCLUSION

For the foregoing reasons, Cree respectfully requests that the Court grant its motion for leave to file the Fourth Amended Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2011, I caused to be served by electronic mail copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
rsmith@mnat.com

William H. Wright
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
wwright@orrick.com

Steven J. Routh
Sten A. Jensen
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington DC 20005
srouth@orrick.com
sjensen@orrick.com

*/s/ Laura D. Hatcher*
Laura D. Hatcher (#5098)
hatcher@rlf.com