# EXHIBITS 3 & 4

# REDACTED IN THEIR ENTIRETY

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEMILEDS CORPORATION and HELIOS CREW CORP., <br><br> Defendants. | § § § § § § § § § § § § § Case No. 1:10-cv-00866-PSD |

## CREE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Fed. R. Civ. P. 34 and Local Rule 26.1, Plaintiff Cree, Inc. requests that Defendants SemiLEDs Corporation and Helios Crew Corporation produce the following documents and things for inspection, copying, and/or testing, within thirty days from the service hereof, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109, or at such other time and place as may be agreed upon by the parties' counsel.

## INSTRUCTIONS

1. Produce all responsive documents and things in your actual or constructive possession, custody, or control.

2. Produce all documents and things requested in the same file or manner in which they are kept in the usual course of business.

3. Provide the following information for any responsive document withheld from production on the grounds that it is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other relevant privilege:

    a. The author of the document;

  b. The person(s) for whom the document was prepared, to whom it was sent, or who received copies;

  c. The date of the document;

  d. The subject matter of the document;

  e. The type of document (e.g., letter, memorandum, note, report, etc.);

  f. The number of pages and attachments; and

  g. The nature and the basis for the claim of privilege.

 4. If you object to a request or any part of a request, produce all documents to which your objection does not apply.

 5. In the event that multiple copies of a document exist, produce every copy on which appear any notations or marking of any sort not appearing on any other copy.

 6. In the event that any document within the scope of these Requests was in your possession, custody, or control at any time since the filing of this lawsuit, but no longer is in your possession, custody, or control, please specify the disposition made of it, and identify the person or entity you believe has possession, custody, or control over it.

 7. In the event that any document within the scope of these Requests was destroyed after the filing of this lawsuit, please specify the date of destruction, the person authorizing destruction, the person destroying the document, and the custodian of the document at the time of its destruction.

 8. These document requests are continuing. If you obtain or become aware of further information that is responsive to these Requests, your responses should be amended and/or supplemented to the extent required by Fed. R. Civ. P. 26(e).

## DEFINITIONS

1. "Accused Products," as used in these Requests, means every model of LED and LED chip or component manufactured by, for, or on behalf of SemiLEDs or Helios, sold or imported by, for, or on behalf of SemiLEDs or Helios, or that is marked to indicate SemiLEDs or Helios as its source or with a SemiLEDs or Helios designation, including, but not limited to, those products identified in the Amended Complaint, any products identified in the course of discovery, and any LEDs or LED chips or components that are currently being designed or manufactured by or for SemiLEDs or Helios or that may be imported or sold by or for SemiLEDs or Helios for the first time after filing of the Complaint, including without limitation SemiLEDs' mvpLED product family and Helios' P2 LED product family.

2. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes these Requests more inclusive, and "any" shall mean each and every.

3. "Communication" means a transfer of information, written or oral, by any means whatsoever.

4. "Concerning" means and includes affecting, relating, relating to, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating, or in any manner whatsoever pertaining to that subject.

5. "Cree" means plaintiff/counterdefendant Cree, Inc. and each of its predecessors, present or former parents, subsidiaries, affiliated or controlled companies or joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who has acted on or purported to act on any of their behalf.

6. "Defendants" or "you" means SemiLEDs and Helios, as those terms are defined herein.

7. "Document" is synonymous in meaning and equal in scope to this term as used in Fed. R. Civ. P. 34(a) and includes, without limitation, electronic or computerized data compilations, tangible things and any information-containing paper or other medium or materials, whether handwritten, printed, recorded, filmed, or produced by any other mechanical, chemical, or electronic process, whether or not asserted to be privileged or immune from discovery, and whether a draft, original, or copy, including any notes or marginal notations appearing on any document, including self-stick removable notes.

8. "Helios" means Helios Crew Corporation and each of its predecessors, present or former parents, subsidiaries, affiliated or controlled companies or joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who has acted on or purported to act on any of their behalf (including, but not limited to, all distributors or agents authorized to distribute and/or sell Helios' products and all entities or agents under their control).

9. "Infringement" shall be defined broadly to include direct (whether literal or under the doctrine of equivalents), contributory, and/or induced infringement.

10. "Intematix" means Intematix Corporation and each of its predecessors, present or former parents, subsidiaries, affiliated or controlled companies or joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who has acted on or purported to act on any of their behalf.

11. "LED" means light-emitting diode.

12. "Lite-on" means Lite-on Technology Corporation and each of its predecessors, present or former parents, subsidiaries (including without limitation, Lite-on Technology USA, Inc.), affiliated or controlled companies or joint ventures, their respective directors, officers,

employees, agents, attorneys, accountants and any other person who has acted on or purported to act on any of their behalf.

13. "Patents-In-Suit" means United States Patent Nos. 7,737,459, ("the '459 patent"), 7,211,833 ("the '833 patent"), and 7,611,915 ("the '915 patent") and, if the Court grants Cree's Motion to Amend, U.S. Patent Nos. 7,557,380 ("the '380 patent"), 6,657,236 ("the '236 patent") and 7,795,623 ("the '623 patent").

14. "Prior art" encompasses all categories of documents, information, events, and circumstances described in 35 U.S.C. § 102(a) – (g), including without limitation, patents, patent applications, printed publications, public use or on-sale status in this country more than one year prior to the date of application, knowledge, or use by others in this country before the invention by the applicants, and prior inventions that were not abandoned, suppressed, or concealed.

15. "Related to" and "relating to" mean and include affecting, concerning, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating, or in any manner whatsoever pertaining to that subject.

16. "SemiLEDs" means SemiLEDs Corporation and each of its predecessors, present or former parents, subsidiaries (including without limitation, defendant Helios Crew Corporation, SemiLEDs Optoelectronics Co., Ltd. (or Taiwan SemiLEDs), Semi-Photonics Co., Ltd., and Silicon Base Development, Inc.), affiliated or controlled companies or joint ventures (including Xurui Guangdian Co., Ltd. (or China SemiLEDs)), their respective directors, officers, employees, agents, attorneys, accountants and any other person who has acted on or purported to act on any of their behalf (including, but not limited to, all distributors or agents authorized to

distribute and/or sell SemiLEDS' or Helios' products and all entities or agents under their control).

17. The use of the singular form of any word includes the plural and vice versa.

**DOCUMENT REQUESTS AND INSPECTION REQUEST**

1. Five fully operative and functional samples of each of the Accused Products.

2. All documents relating to the engineering, operation, design, development, fabrication, manufacturing, analysis, evaluation, and testing of the Accused Products, including without limitation, specifications, schematics, blueprints, technical drawings, engineering drawings, simulations and articles appearing in technical or scientific journals, recipes, production documents, process documents, epitaxial growth documents, wafer/fabrication documents and packaging documents.

3. All documents relating to the conception, design, or development of the Accused Products, including without limitation, development documents, laboratory notebooks, meeting minutes, early drafts of technical or engineering drawings, recipes, invention disclosures, test results and any relevant notes.

4. All documents relating to the structure and composition of each of the Accused Products, including, but not limited to, the composition of each layer in each of the Accused Products; the dopants included in each layer; the dopant concentration in each layer; the distribution or gradation of dopant within each layer; the doping type or conductivity type of each layer; the ordering of the layers; and the locations, positioning, shape(s), and function(s) of other structures or materials included as part of each of the Accused Products, including, without limitation, any electrodes, bonding pads, contacts, or other structures or materials.

5. All documents relating to the locations, positioning, shape(s), and function(s) of any structure(s) or material(s) used to spread or distribute current or electricity within, from, or to any of the Accused Products.

6. All documents relating to the locations, positioning, shape(s), and function(s) of any structure(s) or material(s) used to extract light from any of the Accused Products.

7. All documents relating to the technical specifications for each of the Accused Products.

8. All documents relating to SemiLEDs' or Helios' decision to develop, manufacture, distribute, and sell the Accused Products, including, without limitation, design reviews, business plans, product or project proposals and approvals, meeting minutes, patent clearance or infringement reviews or investigations, strategic plans or forecasts, market studies, market projections or forecasts, marketing plans and competitive analyses.

9. All documents showing any modifications, deletions, or additions made to any features of the Accused Products during design or development and through the date of trial.

10. All documents relating to any actual, potential, or perceived failures, shortcomings, or deficiencies of the Accused Products.

11. All documents relating to any actual, potential, or perceived successes or superiority (relative to the competition and/or prior art) of the Accused Products.

12. All instructional or training materials or manuals related to the Accused Products.

13. All documents relating to the manufacturing or testing of the Accused Products, including without limitation, manufacturing drawings, manufacturing instructions, machine specifications, product specifications, test plans, test results, recipes, production documents,

process documents, epitaxial growth documents, wafer/fabrication documents and packaging documents.

14. All documents relating to the testing of each of the Accused Products made, used, sold, offered for sale, distributed or imported by Defendants including, but not limited to:

    a. Each test performed, the purpose of each such testing activity, and the devices, equipment, protocols and procedures used for each such test;

    b. The identities and responsibilities of all of Defendants' employees involved in each such testing activity;

    c. The identities and responsibilities of all third party employees involved in each such testing activity;

    d. The identity of the facility (or facilities) at which each of the Accused Product was tested;

    e. The date(s) of each such testing activity, and a description of each of the Accused Products tested on that date;

    f. The terms of any agreement(s), both oral and written, under which each such testing activity was performed, and any other agreement(s) pertaining to each such testing activity; and

    g. All communications, negotiations, or execution of any agreements relating to each such testing activity.

15. All documents concerning any communications with any direct or downstream customer, past customer, prospective customer, or user located in the U.S., or affiliated with an entity located in the U.S., including, but not limited to, U.S. packagers and/or distributors, that pertain to any of the Accused Products, including, but not limited to, emails, customer contact reports, or any salesperson's notes.

16. All documents relating to any Accused Product that, to SemiLEDs' or Helios' knowledge, has been or will be imported into the U.S. or is intended to be imported into the U.S. by any entity, including, but not limited to, documents relating to any Accused Product that has been or will be imported into the U.S. or is intended to be imported into the U.S. by SemiLEDs,

Helios, a SemiLEDs or Helios customer or potential customer, or any downstream customer or user.

17. All documents relating to any Accused Product that, to SemiLEDs' or Helios' knowledge, has ever been in the possession, custody, or control of an entity that is located in the U.S. or affiliated with an entity that is located in the U.S..

18. All customer lists identifying any direct or downstream customers, past customers, or prospective customers located in the U.S. or affiliated with an entity located in the U.S. (including any entities that have received samples of the Accused Products).

19. All documents relating to purchase or sale contracts, draft contracts, proposed contracts, purchase orders, or offers for sale pertaining to any Accused Product with any company located in the U.S. or affiliated with any entity located in the U.S.

20. All documents concerning the distribution system and/or channels of the Accused Products (including for both product samples and for sales).

21. Documents sufficient to show the identity of each of Defendants' past or present distributors, marketers, customers, or any third party purchasing or selling the Accused Products.

22. Documents sufficient to show shipments or other distributions of the Accused Products to each of Defendants' past or present distributors, marketers, customers, or any third parties purchasing or selling the Accused Products and any payments from such party to Defendants.

23. All documents concerning customers, packagers, packaging companies, distributors, or end customers for the Accused Products, including without limitation, all communications with direct or downstream customers, packagers, packaging companies, distributors, or end-customers for the Accused Products.

24. All communications to or from Helios Crew Corporation, Lite-On or Intematix regarding the Accused Products, including such communications to or from any employee, representative, partner, or agent of Helios Crew Corporation, Lite-On, Inc. or Intematix.

25. Documents sufficient to identify all persons who, to your knowledge, have been involved in the sale, offering for sale, making, testing, using, or importing into the U.S. of Accused Products.

26. All documents relating or referring to technical support, assistance, advice, collaboration or services provided by Defendants to any person or entity located in the U.S., or affiliated with an entity located in the U.S., regarding the Accused Products.

27. All documents relating to Defendants' transactions with non-US based entities, including without limitation, sales or marketing transactions, licensing negotiations, settlement agreements or other business transactions that were undertaken or took place in the U.S.

28. Documents sufficient to show the cost of production for each of the Accused Products, including without limitation, all direct and allocated costs.

29. Documents sufficient to show on a monthly, quarterly and yearly basis for each of the Accused Products sold in the U.S. and outside the U.S., the total revenue, net revenue, total gross sales, total net unit sales, total gross dollar sales, total net dollar sales, average unit gross wholesale selling price, average unit net wholesale selling price, total cost of goods sold, average unit cost of goods sold, total gross profit margin, average gross profit margin per unit, total net profit margin and average net profit margin per unit.

30. All documents relating to projected future sales, profits, or return on investment for each of the Accused Products.

31. All annual and monthly audited financial statements relating to the Accused Products, including without limitation, annual reports and SEC filings.

32. All documents relating to the market or demand for the Accused Products (including the market or demand for LEDs or LED components), including without limitation, market and competitive analyses.

33. All documents concerning the market share of SemiLEDs, Helios, Cree, or any other company in the market for LEDs and LED components.

34. All documents prepared by or for SemiLEDs for the purpose of raising money or capital for making an initial public offering of stock that reference or otherwise relate to the Accused Products.

35. All documents reviewed or relied upon by SemiLEDs in determining whether to submit an initial public offering of stock that reference or otherwise relate to the Accused Products.

36. All documents relating to the criteria upon which SemiLEDs based its decision to submit an initial public offering of stock that reference or otherwise relate to the Accused Products.

37. All documents relating to the marketing or advertising of the Accused Products, including without limitation, marketing plans, marketing brochures, marketing presentations, product samples, and white papers.

38. All documents relating to sales strategies and methods for the Accused Products, including without limitation, sales plans, sales presentations, and sales training materials.

39. All documents relating to any alleged acceptable noninfringing substitutes for the devices claimed in the Patents-In-Suit.

40. All documents relating to licensing of the Accused Products or any technology incorporated in the Accused Products.

41. All documents relating to any license, agreement, contract, or negotiations regarding intellectual property rights to which Defendants are a party, including, without limitation, whether or not Defendants are the licensor or licensee, and all communications relating to any licensing efforts or offers to license involving the Accused Products, whether or not such efforts resulted in a license.

42. All documents relating to any contention by Defendants that any of the Patents-In-Suit are invalid or unenforceable.

43. All documents relating to any contention by Defendants that they have not infringed and/or are not infringing the Patents-In-Suit.

44. All documents that Defendants contend affects or limits the interpretation of any claim of the Patents-In-Suit.

45. All documents concerning prior art to the Patents-In-Suit or any search for prior art.

46. All documents evidencing the level of ordinary skill in the art to which Defendants contend the subject matter of the Patents-In-Suit pertains.

47. All documents relating to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, or evaluation concerning the Patents-In-Suit.

48. All documents relating to any opinions of counsel received by Defendants with respect to the infringement, validity, or enforceability of the Patents-In-Suit.

49. All documents relating to competition between Defendants and Cree.

50. All documents relating to Cree or any Cree product, patent, method, or technology.

51. All documents relating to whether or not Cree's LEDs and LED components are commercially successful.

52. All documents relating to any comparison of any Defendants' product, patent, method, or technology, including without limitation, the Accused Products, with any Cree LED product, patent, method, or technology.

53. All documents relating to any internal investigations, analyses, or studies conducted by Defendants on Cree's Patents-in-Suit (other than opinions of outside counsel), including, but not limited to, the date of commencement of each such investigation, analyses, or study, the purpose of each such investigation, analyses, or study, the identities of all individuals involved in each such investigation, analyses, or study, all documents related to each such investigation, analyses, or study, and any steps that Defendants took to determine whether any of the Accused Products infringes any claim of each of Cree's Patents-In-Suit, or that any such claims are invalid or unenforceable.

54. All documents relating to any efforts, attempts, implementation or consideration, by or for Defendants, to design around any claims of the Cree Patents-In-Suit, including but not limited to, the feasibility, cost, customer acceptance and time for any such design around, including but not limited to the identities of all persons directly involved in those efforts, attempts, implementation or consideration to design around any claims of the Patents-In-Suit.

55. All documents concerning any effort to obtain patent protection for any aspect of any of the Accused Products, including without limitation, communications relating to any U.S. or foreign patent applications.

56. All communications between or among any Defendants' employee, representative, partner, or agent concerning the Patents-In-Suit or this lawsuit.

57. All communications between any Defendants' employee, representative, partner, or agent and any non-Defendant employee, representative, partner, or agent (including without limitation, any customer) concerning the Patents-In-Suit or this lawsuit.

58. All documents concerning Defendants' contention that Cree is barred from asserting infringement of the Patents-In-Suit by the doctrine of estoppel.

59. All documents concerning Defendants' contention that Cree has failed to comply with the notice and marking requirements of 35 U.S.C. § 287.

60. All documents related to, supporting, or contradicting Defendants' contentions concerning damages.

61. Documents sufficient to describe all document retention policies in place at SemiLEDs and Helios at any time.

62. Documents sufficient to describe all patent or intellectual property policies in place at SemiLEDs and Helios from 2003 through the present.

63. All documents that otherwise relate to the allegations set forth in Cree's Complaint, Cree's Amended Complaint, Defendants' Answer and Counterclaims thereto, and Cree's Answer to SemiLEDs' Counterclaims.

64. All documents identified in Defendants' Rule 26(a) Initial Disclosures, and any supplements or amendments to those disclosures.

65. Documents sufficient to show the organizational structure of SemiLEDs and Helios over the last five (5) years, including without limitation, organizational charts and

personnel lists for each team, group, or division having anything to do with studying, testing, researching, designing, developing, producing, marketing or selling any of the Accused Products.

66. Documents sufficient to identify the custodians of all documents responsive to these Requests, including documents sufficient to identify the Bates numbers of the documents provided by each custodian.

Respectfully submitted,

CREE, INC.

By their attorneys,

/s/ Ryann M. Muir

William F. Lee
Cynthia D. Vreeland
Ryann M. Muir
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Heath A. Brooks
WILMER CUTLER PICKERING
HALE AND DORR LLP
1801 Pennsylvania, Avenue NW
Washington, DC 20006
(202) 663-6000

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC 27612
(919) 854-1400

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square

920 N. King Street
Wilmington, Delaware  19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Plaintiff Cree, Inc.*

Dated:  December 30, 2010

-16-