IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 10-866 (PD) |
| SEMILEDS CORPORATION, HELIOS | ) |
| CRES CORP. and SEMILEDS | ) |
| OPTOELECTRONICS CO. LTD., | ) PUBLIC - REDACTED VERSION |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

William H. Wright
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
(213) 629-2020

Steven J. Routh
Sten A. Jensen
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington DC 20005
(202) 339-8400

Original Filed: November 18, 2011
Redacted Filed: November 29, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 10-866 (PD) |
| SEMILEDS CORPORATION, HELIOS | ) |
| CRES CORP. and SEMILEDS | ) **CONFIDENTIAL –** |
| OPTOELECTRONICS CO. LTD., | ) **FILED UNDER SEAL** |
| | ) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants SemiLEDs Corporation, SemiLEDs Optoelectronics Co., Ltd., and Helios Crew Corporation (collectively, "Defendants" or "SemiLEDs") hereby oppose Cree's Motion for Leave to File Fourth Amended Complaint for Patent Infringement ("Motion to Amend") on the ground that the newly asserted claim of willful infringement is objectively futile.

Even when viewing the evidence and allegations in a light most favorable to Cree, Cree's willful infringement claim is legally insufficient on its face.

## STATEMENT OF FACTS

Cree has yet again requested leave to amend its complaint.  This time, Cree seeks leave to file a Fourth Amended Complaint to add a claim of willful infringement of the '236 patent.  Cree does *not* make any allegation of willful infringement as to any of the five other asserted patents.

As of the close of fact discovery, Defendants had produced nearly 128,000 pages of documents responsive to Cree's discovery requests.  (Ex. 1, July 29, 2011 Letter to Brooks). *Both parties* continued to diligently search for, collect and produce responsive documents –

– after

the close of discovery.  (Cree Ex. 3).

(Ex. 2, Sep. 23, 2011 Letter to H. Brooks; Ex. 3, Aug. 1, 2011 letter to S. Routh; Ex. 4, Aug. 11, 2011 Letter to S. Routh and S. Jensen).  Cree was still producing documents as of October 7, 2011, more than two months after the fact discovery cut-off.  (Ex. 5, Oct. 7, 2011 letter to S. Routh and S. Jensen.)

Case 1:10-cv-00866-RGA   Document 165   Filed 11/29/11   Page 4 of 12 PageID #: 3449

- 3 -

### C.  Cree Never Put SemiLEDs on Notice of Any Asserted Patents

Cree does not allege that it provided SemiLEDs with actual notice of any of the asserted patents.  (*See* Cree Ex. 1).

---

[1]

**ARGUMENT**

    A.    **Futility is an Appropriate Ground on Which to Deny Cree's Motion for Leave to Amend**

"It is well recognized that futility is an appropriate ground for denying leave to amend a complaint." *Fishbein Family Partnership v. PPG Industries, Inc.*, 871 F. Supp. 764, 768 (D.N.J. 1994), c*iting Allied Erecting and Dismantling Co., Inc. v. United States Steel Corp.*, 786 F. Supp. 1223, 1227 (W.D. Pa. 1992). The Third Circuit[2] has made it clear that "an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ("This case presents a situation in which amendment of the Complaint would be futile."), *quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000) (affirming the district court's denial of leave to amend because of futility of amendment); *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 188-89 (3d Cir. 2000) (affirming district court's denial of leave to amend because it found that "it would be futile to amend the complaint to include a meritless claim").

"If the proposed amendment 'is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.'" *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D. N.J. 1990) (citations omitted). "The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Id., quoting Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; this does require, however, that the newly asserted defense

---

[2] "Third Circuit law controls procedural questions even though the Federal Circuit has jurisdiction over the substantive issue in dispute." *Site Microsurgical Systems, Inc. v. Cooper Companies, Inc.*, 797 F. Supp. 333, 336 n.5 (D. Del. 1992) (citations omitted).

appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage*, 133 F.R.D. at 469.

### B. Cree's Willfulness Claim Relies Upon Expressly Overruled Law

To determine whether a proposed amendment is futile, the Court applies the same standard as a motion to dismiss under Rule 12(b)(6). *Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co.*, 380 F. Supp. 2d 457, 462 (D. N.J. 2005) (denying the opposed sections of defendant's motion for leave to amend as futile), *citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. The Court therefore must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

> The Defendants had knowledge of the '236 Patent, and the *possibility* that their products infringe that patent, at least as early as 2006, and have willfully, deliberately and intentionally infringed the '236 Patent. (Cree Ex. 1) (emphasis added).

In making this argument, Cree's relies on an outdated standard. The Federal Circuit has expressly overruled the affirmative duty of due care requirement set forth in a line of cases beginning with *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (1983). *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) ("Accordingly, we overrule the standard set out in *Underwater Devices* and hold that proof of

willful infringement permitting enhanced damages requires at least a showing of objective recklessness. Because we abandon the affirmative duty of due care, we also reemphasize that there is no affirmative obligation to obtain opinion of counsel."). Under current law, in order to establish willful infringement "a patentee must show by *clear and convincing evidence* that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a *valid* patent." *Id.* at 1371 (emphasis added).

Cree's Fourth Amended Complaint and Motion to Amend admits as much by relying on the alleged "possibility" or "likelihood" of infringement.

Even assuming, *arguendo*, that Cree could meet this threshold objective test with clear and convincing evidence, it must also satisfy the subjective test – that is, Cree "must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to" SemiLEDs. *Id.*

*Compare Power Integrations, Inc. v. Fairchild Semiconductor, Int'l, Inc.*, 725 F. Supp. 2d 474, 477 (D. Del. 2010) ("Faced with this failed attempt and despite its knowledge of the '075 patent and its importance to the industry, Fairchild chose the option that presented the most objectively high risk of infringement, namely to continue the development of its product by copying, through reverse engineering, the methods and features claimed in the patent.").

Even under the overruled *Underwater Devices* affirmative duty of care standard, an accused infringer must have *actual knowledge* of a patent in order to willfully infringe it. *State Industries, Inc. v. AO Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985).

*Compare Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1415 (Fed. Cir. 1996) (imputing defendant's in-house patent attorney's knowledge of the patent to the company because "he was charged with responsibilities with regard to intellectual property affairs."); *Great Northern Corp. v. Davis Core & Pad Co., Inc.*, 782 F.2d 159, 167 (Fed. Cir. 1986) (imputing the president's knowledge of the patent to the company). *See also* RESTATEMENT (THIRD) OF THE LAW OF AGENCY § 5.02(1) (2006) ("A notification given to an agent is effective as notice to the principal if the agent has actual or apparent authority to receive the notification."); *see also id.* at § 5.03 ("For purposes of determining a principal's legal

relations with a third party, notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is material to the agent's duties to the principal.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Cree's Motion to Amend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

William H. Wright
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017
(213) 629-2020

Steven J. Routh
Sten A. Jensen
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington DC  20005
(202) 339-8400

November 18, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on November 29, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| William F. Lee, Esquire<br>Cynthia D. Vreeland, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109 | *VIA ELECTRONIC MAIL* |
| Heath A. Brooks, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1801 Pennsylvania Avenue, NW<br>Washington, DC  20006 | *VIA ELECTRONIC MAIL* |
| Lynne A. Borchers, Esquire<br>MYERS BIGEL<br>4140 Parklake Avenue, Suite 600<br>Raleigh, NC  27612 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)