## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CREE, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | C.A. No. 10-866-RGA |
| SEMILEDS CORPORATION, HELIOS CREW CORP., and SEMILEDS OPTOELECTRONICS CO., LTD., | § § § § § | **REDACTED PUBLIC VERSION** |
| Defendants. | § § | |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR LEAVE TO FILE
## FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

OF COUNSEL:
William F. Lee
Cynthia D. Vreeland
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Heath A. Brooks
WILMER CUTLER PICKERING HALE
AND DORR LLP
1801 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC  27612
(919) 854-1400

Dated: November 28, 2011

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Anne Shea Gaza (#4093)
Gaza@rlf.com
Laura D. Hatcher (#5098)
Hatcher@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
902 N. King Street
Wilmington, Delaware  19801
(302) 651-7700

*Attorneys for Plaintiff Cree Inc.*

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     APPLICABLE LAW ...............................................................................................2

III.    ARGUMENT...........................................................................................................4

        A.      A Jury Could Find That SemiLEDs Acted Despite an Objectively High
                Likelihood of Infringement.........................................................................4

        B.      The Objectively High Risk of Infringement of the '236 Patent Was Known
                or Should Have Been Known to SemiLEDs No Later Than 2006. .........6

        C.      Cree Was Not Equally to Blame For Late Production of Important
                Documents. ................................................................................................8

IV.     CONCLUSION........................................................................................................9

i

## TABLE OF AUTHORITIES

<u>Cases</u>

*Abstrax, Inc. v. Dell, Inc.,*
   2009 WL 3255089 (E.D. Tex. Oct. 7, 2009) ...................................................... 3, 6

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,*
   610 F. Supp. 2d 370 (M.D. Pa. 2009) ............................................................. 2, 6

*Davis v. Piper Aircraft Corp.,*
   615 F.2d 606 (4th Cir. 1980) .......................................................................... 2

*Hellenic Inc. v. Bridgeline Gas Dist. LLC,*
   252 F.3d 391 (5th Cir. 2001) .......................................................................... 6

*i4i Limited Partnership v. Microsoft Corp.,*
   598 F.3d 831 (Fed. Cir. 2010) .................................................................... 2, 5, 7

*In re Seagate Tech., LLC,*
   497 F.3d 1360 (Fed. Cir. 2007) ............................................................... passim

*Miller v. Rykoff-Sexton, Inc.,*
   845 F.2d 209 (9th Cir. 1988) ....................................................................... 2, 5

*Powell v. Home Depot U.S.A., Inc.,*
   --- F.3d ---, 2011 WL 5519820 (Fed. Cir. Nov. 14, 2011) ...................................... 5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,*
   725 F. Supp. 2d 474 (D. Del. 2010) ........................................................... 2-3, 5

## I.    INTRODUCTION

In their opposition brief ("Defs' Opp."), Defendants SemiLEDs Corporation, Helios

Crew Corporation, and SemiLEDs Optoelectronics Co., Ltd. ("Defendants" or "SemiLEDs") do

not challenge the timeliness or good faith of Plaintiff Cree, Inc.'s motion to amend its Complaint

to add a claim for willful infringement of the '236 patent—filed shortly after their production of

REDACTED

REDACTED

Nor does SemiLEDs contend that the case would be delayed or that it would be prejudiced in any

way if Cree's motion were granted.  Instead, SemiLEDs merely contends, based on a mistaken

view of the law and the facts, that Cree's motion should be denied because it would be futile.[1]

SemiLEDs' arguments should be rejected.

First, contrary to SemiLEDs' representations, Cree is not applying the older affirmative-

duty-of-care standard for willful infringement, but rather the "objective recklessness" standard of

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc)—a standard that SemiLEDs'

conduct easily satisfies.  Second, a jury could easily find that SemiLEDs made and sold its

products despite an objectively high likelihood of infringement—especially given the

REDACTED     Third, and finally, a jury also could easily

find that SemiLEDs knew or should have known of the likelihood of its infringement—*i.e.*, by

virtue of                                   REDACTED

            REDACTED

---

[1]      SemiLEDs' suggestion that Cree's motion is "frivolous" (Defs' Br. at 6-7) contradicts its
initial response to Cree's motion during the parties' meet-and-confer, when SemiLEDs indicated
it was "not inclined to oppose" Cree's motion based                    REDACTED
            REDACTED

For these reasons and those set forth below, the Court should reject the argument that Cree's motion to amend is futile at this early stage of the proceedings, and grant Cree's motion to amend.

## II.    APPLICABLE LAW

The issue of futility—the only basis on which SemiLEDs opposes Cree's motion to amend—is one for which there is a high bar for denying amendment. Indeed, an amended pleading is futile "only if *no set of facts* can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (emphasis added).

Moreover, the willfulness determination is a question of fact. *i4i Limited Partnership v. Microsoft Corp.*, 598 F.3d 831, 859 (Fed. Cir. 2010). It is not a question of law to be determined at the pleading stage. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may be clearly seen to be futile because of substantive or procedural considerations ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 610 F. Supp. 2d 370, 389 (M.D. Pa. 2009) ("judgments of credibility and the reasonableness of various business decisions," and/or "conflict regarding the existence of infringement," "compel resolution of [the willfulness] question by the jury").

Claims for willful infringement typically arise where there is evidence that an accused infringer knew of a patent before it was sued for infringement. *See, e.g., i4i*, 598 F.3d at 860 ("Infringement is willful when the infringer was aware of the asserted patent, but nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." (internal quotation omitted)); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 725 F. Supp. 2d 474, 477 (D. Del. 2010) (citing in support of willful infringement finding

that "Power Integrations has established, and Fairchild has not disputed that, prior to and through the filing of this action, Fairchild was aware of the patents-in-suit"); *Abstrax, Inc. v. Dell, Inc.,* 2009 WL 3255089, at *3 (E.D. Tex. Oct. 7, 2009) (because "Dell had actual knowledge of the patent-in-suit ... a reasonable jury could find that Dell acted despite an objectively high likelihood that its actions constituted infringement").

In order to prove willful infringement, a patentee must make a showing of "objective recklessness" under a two-part test. *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* Second, "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

In short, a person is "objectively reckless" if he "acts ... in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* Thus, in the patent infringement context, although there is no longer an affirmative duty of care to avoid infringement of a known patent, *id.,* a defendant still has a duty to avoid infringement when he knows or should know that there is a high risk of infringement. *Power Integrations,* 725 F. Supp. 2d at 477 (willful infringement verdict supported by fact that defendant "completely disregarded the substance of at least some of the patents-in-suit, making little or no effort to ensure that their products did not infringe").

3

III.   **ARGUMENT**

A.   **A Jury Could Find That SemiLEDs Acted Despite an Objectively High Likelihood of Infringement.**

SemiLEDs erroneously contends that Cree is applying the older affirmative-duty-of-care standard that was modified in *Seagate*. (Defs' Br. at 7-8.) Cree is doing no such thing. As Cree has explained, SemiLEDs failed to take steps to investigate and avoid infringement despite knowing that its products posed an "objectively high likelihood" of infringement under the operative *Seagate* test.

As confirmed by its opposition brief, although SemiLEDs claimed in its interrogatory responses                                    REDACTED

                                    REDACTED

SemiLEDs claims—despite            REDACTED            —that there is no "clear and convincing evidence" that it acted despite an objectively high likelihood of infringement, or that

---

[2]   Citations to "Ex." in this brief refer to the Declaration of Laura D. Hatcher in Support of Plaintiff's Reply Brief in Support of Its Motion for Leave to File Fourth Amended Complaint for Patent Infringement and attached exhibits, filed concurrently herewith.

it knew or should have known of this potential infringement. (Defs' Br. at 7-10.) These arguments clearly apply the wrong standard—the issue at this stage is not whether Cree has proven its claim of willful infringement, but rather, whether Cree's proposed amendments would be "futile" (*i.e.*, whether "***no set of facts*** can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense") *Miller*, 845 F.2d at 214. Cree's pleadings easily meet this requirement. Indeed, REDACTED

REDACTED

REDACTED

*See i4i*, 598 F.3d at

860 (factors such as knowledge of the patent, knowledge of accused product functionality similar to the patent, and lack of any "good faith effort to avoid infringement" are relevant and sufficient to support willfulness finding); *Power Integrations*, 725 F. Supp. 2d at 478 ("While *Seagate* does not impose an affirmative duty to obtain the opinion of counsel, the Court considers the absence of such objective opinions in this case to weigh heavily in favor of demonstrating an objectively high likelihood of infringement ....").

Cree fully anticipates that its expert witnesses will confirm that SemiLEDs lacks any strong defenses to its infringement of the '236 patent. *See Powell v. Home Depot U.S.A., Inc.*, --- F.3d ---, 2011 WL 5519820, at *10 (Fed. Cir. Nov. 14, 2011) (reasonableness of infringement defenses relevant to willfulness determination). But at this stage of the case, the parties have not even exchanged expert reports, much less presented substantive argument to the Court regarding issues such as the infringement and validity of the '236 patent. Nor has SemiLEDs presented any substantive argument in its brief establishing the reasonableness of its supposed belief that it did not infringe the '236 patent. Accordingly, it would be premature to adjudicate SemiLEDs' claim that REDACTED

5

REDACTED          [3] *See Arlington Indus.*, 610 F. Supp. 2d at 389 ("conflict[s]

regarding the existence of infringement … compel resolution of [the willfulness] question by the

jury"); *Abstrax*, 2009 WL 3255089, at *3 ("[T]he determination of willful infringement or lack

thereof is best made after a fully developed trial record.").

**B.      The Objectively High Risk of Infringement of the '236 Patent Was Known or
Should Have Been Known to SemiLEDs No Later Than 2006.**

REDACTED

REDACTED

REDACTED

REDACTED

RLF1 5626897v. 1

REDACTED

### C.     Cree Was Not Equally to Blame For Late Production of Important Documents.

Finally, although Cree's own document production is irrelevant to the viability of Cree's

motion to amend, SemiLEDs is wrong in suggesting that both parties are equally to blame for

late document production.  (Defs' Br. at 2.)

First and foremost, SemiLEDs' late production was extremely consequential in that it

included at least one document that directly contradicted representations that SemiLEDs had

been making throughout the entire case—*i.e.*,                    REDACTED

8

REDACTED

Second, unlike Cree, the vast majority of SemiLEDs' late-produced documents were emails and their attachments (Ex. 10 [9/23/11 Email from Jensen to Brooks] (notifying Cree of SemiLEDs' late email production)), which, under the Scheduling Order, were explicitly ordered to be produced by May 16 (Dkt. No. 52).  Indeed,                      REDACTED

REDACTED

Third, SemiLEDs' failure to            REDACTED            is especially unjustified given the small size of SemiLEDs' overall production.  While Cree has produced nearly five million pages of documents in this case, SemiLEDs has produced only 182,000 pages—*i.e.*, less than *four percent* the size of Cree's production.  Nevertheless, SemiLEDs admittedly produced more than twice as many pages of documents after the deadline as Cree. (Defs' Br. at 2.)

## IV.   CONCLUSION

For the foregoing reasons, Cree respectfully requests that the Court grant its motion for leave to file the Fourth Amended Complaint.

OF COUNSEL:

William F. Lee
Cynthia D. Vreeland
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Heath A. Brooks
WILMER CUTLER PICKERING HALE
AND DORR LLP
1801 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC  27612
(919) 854-1400

Dated:  November 28, 2011

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Anne Shea Gaza (#4093)
Gaza@rlf.com
Laura D. Hatcher (#5098)
Hatcher@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
902 N. King Street
Wilmington, Delaware  19801
(302) 651-7700

*Attorneys for Plaintiff Cree Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, I caused to be served by electronic mail copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
rsmith@mnat.com

William H. Wright
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
wwright@orrick.com

Steven J. Routh
Sten A. Jensen
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington DC 20005
srouth@orrick.com
sjensen@orrick.com

*/s/ Laura D. Hatcher*
Laura D. Hatcher (#5098)
hatcher@rlf.com

RLF1 3632898v. 1