IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>SEMILEDS CORPORATION, HELIOS CREW CORP., and SEMILEDS OPTOELECTRONICS CO., LTD.,<br><br>        Defendants. | C.A. No. 10-866-PSD |

## FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cree, Inc. ("Cree") files this Fourth Amended Complaint against defendants SemiLEDs Corporation ("SemiLEDs Corp"), Helios Crew Corp., ("Helios"), and SemiLEDs Optoelectronics Co., Ltd. ("SemiLEDs Optoelectronics") (collectively, "Defendants"), based upon actual knowledge as to itself and its own actions, and upon information and belief as to all other persons and events, as follows:

### The Parties

1. Plaintiff Cree is a corporation organized and existing under the laws of the state of North Carolina, with its principal place of business at 4600 Silicon Drive, Durham, North Carolina.

2. Upon information and belief, Defendant SemiLEDs Corp is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 999 Main Street, Suite 1010, Boise, Idaho.

3. Upon information and belief, Defendant Helios is a corporation organized and existing under the laws of the state of Delaware, with a place of business at 615 South DuPont Highway, Dover, Delaware. Upon information and belief, Helios is a wholly-owned subsidiary of SemiLEDs.

4. Upon information and belief, Defendant SemiLEDs Optoelectronics is a company organized and existing under the laws of Taiwan, with its principal place of business at 3F, No.11 Ke Jung Rd., Chu-Nan Site, Hsinchu Science Park, Chu-Nan 350, Miao-Li County, Taiwan, R. O. C.

## Jurisdiction and Venue

5. This claim arises under the United States patent laws, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. SemiLEDs Corp and Helios are subject to personal jurisdiction in Delaware because, among other things, they are residents and citizens of the state of Delaware and have submitted themselves to the jurisdiction of courts in Delaware by virtue of their incorporation under Delaware law.

7. Upon information and belief, SemiLEDs Optoelectronics is subject to personal jurisdiction in Delaware because, among other things, it has purposefully availed itself of the state of Delaware and it is foreseeable that its activities make it amenable to suit in the forum as a result of sales to its customer companies incorporated in the state of Delaware.

8. Venue is proper in this District and Division, under 28 U.S.C. §§ 1391 and 1400.

## Factual Background

9. Cree is a leading innovator in the design, development and manufacture of LEDs (light-emitting diodes) and LED lighting. LEDs enable environmentally friendly and energy-

efficient alternatives to traditional light sources such as incandescent light bulbs. Cree's LED products include LED fixtures and lamps, LED chips, high-brightness LEDs, and lighting-class power LEDs, and are used in applications such as general illumination, backlighting, and electronic signs and signals.

10. This action arises out of the Defendants' infringement of six Cree patents.

11. On June 15, 2010, United States Patent No. 7,737,459 (the "'459 Patent"), entitled "High Output Group III Nitride Light Emitting Diodes," was duly and legally issued to inventors John Adam Edmond, Michael J. Bergmann, David T. Emerson and Kevin Ward Haberern. The '459 Patent has been duly and legally assigned to Cree. A true and correct copy of the '459 Patent is attached hereto as Exhibit 1.

12. On May 1, 2007, United States Patent No. 7,211,833 (the "'833 Patent"), entitled "Light Emitting Diodes Including Barrier Layers/Sublayers," was duly and legally issued to inventors David B. Slater, Jr., Bradley E. Williams, Peter S. Andrews, John A. Edmond and Scott T. Allen. The '833 Patent has been duly and legally assigned to Cree. A true and correct copy of the '833 Patent is attached hereto as Exhibit 2.

13. On November 3, 2009, United States Patent No. 7,611,915 (the "'915 Patent"), entitled "Methods of Manufacturing Light Emitting Diodes Including Barrier Layers/Sublayers," was duly and legally issued to inventors David B. Slater, Jr., Bradley E. Williams, Peter S. Andrews, John A. Edmond and Scott T. Allen. The '915 Patent has been duly and legally assigned to Cree. A true and correct copy of the '915 Patent is attached hereto as Exhibit 3.

14. On December 2, 2003, United States Patent No. 6,657,236 (the "'236 Patent"), entitled "Enhanced Light Extraction in LEDs Through the Use of Internal and External Optical Elements," was duly and legally issued to inventors Brian Thibeault, Michael Mack and Steven


DenBaars. The '236 Patent has been duly and legally assigned to Cree. A true and correct copy of the '236 Patent is attached hereto as Exhibit 4.

15. On September 14, 2010, United States Patent No. 7,795,623 (the "'623 Patent"), entitled "Light Emitting Devices Having Current Reducing Structures and Methods of Forming Light Emitting Devices Having Current Reducing Structures," was duly and legally issued to inventors David Todd Emerson, Kevin Haberern, Michael John Bergmann, David B. Slater, Jr., Matthew Donofrio and John Edmond. The '623 Patent has been duly and legally assigned to Cree. A true and correct copy of the '623 Patent is attached hereto as Exhibit 5.

16. On July 7, 2009, United States Patent No. 7,557,380 (the "'380 Patent"), entitled "Light Emitting Devices Having a Reflective Bond Pad and Methods of Fabricating Light Emitting Devices Having Reflective Bond Pads," was duly and legally issued to inventors Kevin Haberern, Michael John Bergmann, Van Mieczkowski and David Todd Emerson. The '380 Patent has been duly and legally assigned to Cree. A true and correct copy of the '380 Patent is attached hereto as Exhibit 6.

17. Cree is the owner of the '459, '833, '915, '236, '623, and '380 Patents ("Cree Patents in Suit"), and has the full and exclusive right to bring suit to enforce the Cree Patents in Suit.

18. Upon information and belief, SemiLEDs and SemiLEDs Optoelectronics have infringed each of the Cree Patents in Suit by offering for sale, selling, using, and/or importing LED chips and LED components, including under the product family name MvpLED.

19. Upon information and belief, Helios has infringed each of the Cree Patents in Suit by offering for sale, selling, using, and/or importing LED products that integrate SemiLEDs

Corp's and SemiLEDs Optoelectronics' LED chips and components, including under the product family name P2 LED.

### Count 1 -- Defendants' Infringement of U.S. Patent No. 7,737,459

20. Cree repeats and re-alleges the allegations of paragraphs 1 - 19 above as if fully set forth herein.

21. Upon information and belief, the Defendants have infringed and are continuing to infringe the '459 Patent by engaging in acts including selling, offering to sell, using, and/or importing into the United States products that embody the patented inventions described and claimed in the '459 Patent. Upon information and belief, these infringing products include, but are not limited to, SemiLEDs Corp's and SemiLEDs Optoelectronics' MvpLED chips and Helios' P2 LED products.

22. The Defendants' activities have been without express or implied license from Cree.

23. Upon information and belief, the Defendants will continue to infringe the '459 Patent unless and until enjoined by this Court. As a result of the Defendants' infringing conduct, Cree has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Cree is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

24. As a result of the infringement of the '459 Patent, Cree has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

## Count 2 -- Defendants' Infringement of U.S. Patent No. 7,211,833

25.     Cree repeats and re-alleges the allegations of paragraphs 1 - 24 above as if fully set forth herein.

26.     Upon information and belief, the Defendants have infringed and are continuing to infringe the '833 patent by engaging in acts including selling, offering to sell, using, and/or importing into the United States products that embody the patented inventions described and claimed in the '833 Patent. Upon information and belief, these infringing products include, but are not limited to, SemiLEDs Corp's and SemiLEDs Optoelectronics' MvpLED chips and Helios' P2 LED products.

27.     The Defendants' activities have been without express or implied license from Cree.

28.     Upon information and belief, the Defendants will continue to infringe the '833 Patent unless and until enjoined by this Court. As a result of the Defendants' infringing conduct, Cree has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Cree is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

29.     As a result of the infringement of the '833 Patent, Cree has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

## Count 3 -- Defendants' Infringement of U.S. Patent No. 7,611,915

30.     Cree repeats and re-alleges the allegations of paragraphs 1 - 29 above as if fully set forth herein.

31. Upon information and belief, the Defendants have infringed and are continuing to infringe the '915 Patent by engaging in acts including selling, offering to sell, using, and/or importing into the United States products that embody the patented inventions described and claimed in the '915 Patent. Upon information and belief, these infringing products include, but are not limited to, SemiLEDs Corp's and SemiLEDs Optoelectronics' MvpLED chips and Helios' P2 LED products.

32. The Defendants' activities have been without express or implied license from Cree.

33. Upon information and belief, the Defendants will continue to infringe the '915 Patent unless and until enjoined by this Court. As a result of the Defendants' infringing conduct, Cree has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Cree is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

34. As a result of the infringement of the '915 Patent, Cree has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

**Count 4 -- Defendants' Infringement of U.S. Patent No. 6,657,236**

35. Cree repeats and re-alleges the allegations of paragraphs 1 - 34 above as if fully set forth herein.

36. Upon information and belief, the Defendants have infringed and are continuing to infringe the '236 Patent by engaging in acts including selling, offering to sell, using, and/or importing into the United States products that embody the patented inventions described and claimed in the '236 Patent. Upon information and belief, these infringing products include, but

are not limited to, SemiLEDs Corp's and SemiLEDs Optoelectronics' MvpLED chips and Helios' P2 LED products.

37. The Defendants had knowledge of the '236 Patent, and the possibility that their products infringe that patent, at least as early as 2006, and have willfully, deliberately and intentionally infringed the '236 Patent.

38. The Defendants' activities have been without express or implied license from Cree.

39. Upon information and belief, the Defendants will continue to infringe the '236 Patent unless and until enjoined by this Court. As a result of the Defendants' infringing conduct, Cree has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Cree is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

40. As a result of the infringement of the '236 Patent, Cree has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial. Cree is also entitled to enhanced damages pursuant to 35 U.S.C. § 284 for Defendants' willful, deliberate, and intentional infringement of the '236 Patent.

**Count 5 -- Defendants' Infringement of U.S. Patent No. 7,795,623**

41. Cree repeats and re-alleges the allegations of paragraphs 1 - 40 above as if fully set forth herein.

42. Upon information and belief, the Defendants have infringed and are continuing to infringe the '623 Patent by engaging in acts including selling, offering to sell, using, and/or importing into the United States products that embody the patented inventions described and

claimed in the '623 Patent. Upon information and belief, these infringing products include, but are not limited to, SemiLEDs Corp's and SemiLEDs Optoelectronics' MvpLED chips and Helios' P2 LED products.

43. The Defendants' activities have been without express or implied license from Cree.

44. Upon information and belief, the Defendants will continue to infringe the '623 Patent unless and until enjoined by this Court. As a result of the Defendants' infringing conduct, Cree has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Cree is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

45. As a result of the infringement of the '623 Patent, Cree has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

### Count 6 -- Defendants' Infringement of U.S. Patent No. 7,557,380

46. Cree repeats and re-alleges the allegations of paragraphs 1 - 45 above as if fully set forth herein.

47. Upon information and belief, the Defendants have infringed and are continuing to infringe the '380 Patent by engaging in acts including selling, offering to sell, using, and/or importing into the United States products that embody the patented inventions described and claimed in the '380 Patent. Upon information and belief, these infringing products include, but are not limited to, SemiLEDs Corp's and SemiLEDs Optoelectronics' MvpLED chips and Helios' P2 LED products.

RLF1 5544276v. 1

48. The Defendants' activities have been without express or implied license from Cree.

49. Upon information and belief, the Defendants will continue to infringe the '380 Patent unless and until enjoined by this Court. As a result of the Defendants' infringing conduct, Cree has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Cree is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

50. As a result of the infringement of the '380 Patent, Cree has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

## Jury Trial Demand

51. Cree demands a trial by jury on all appropriate issues.

## Prayer for Relief

Therefore, upon final hearing or trial, plaintiff Cree prays for the following relief:

(a) A judgment that the Defendants have infringed the '459 Patent;

(b) A judgment that the Defendants have infringed the '833 Patent;

(c) A judgment that the Defendants have infringed the '915 Patent;

(d) A judgment that the Defendants have infringed the '236 Patent;

(e) A judgment that the Defendants' infringement of the '236 Patent has been, and continues to be, willful and deliberate;

(f) A judgment that the Defendants have infringed the '623 Patent;

(g) A judgment that the Defendants have infringed the '380 Patent;

(h) A judgment and order permanently restraining and enjoining the Defendants, their directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active

concert or participation with any of them, from further infringing the Cree Patents in Suit identified in (a)-(g), above;

(i) A judgment and order requiring the Defendants to pay damages to Cree adequate to compensate it for the Defendants' wrongful infringing acts, including enhanced damages for Defendants' willful infringement of the '236 Patent, in accordance with 35 U.S.C. § 284;

(j) A finding in favor of Cree that this is an exceptional case, under 35 U.S.C. § 285, and an award to Cree of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

(k) A judgment and order requiring the Defendants to pay to Cree pre-judgment interest under 35 U.S.C. § 284, and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded; and

(l) Such other costs and further relief to which Cree is entitled.

OF COUNSEL:

William F. Lee
Cynthia D. Vreeland
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Heath A. Brooks
WILMER CUTLER PICKERING
HALE AND DORR LLP
1801 Pennsylvania, Avenue NW
Washington, DC 20006
(202) 663-6000

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC 27612
(919) 854-1400

Dated: November 1, 2011

/s/ Laura Hatcher
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Laura D. Hatcher (#5098)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
hatcher@rlf.com
*Attorneys for Plaintiff Cree, Inc.*