IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 10-866 (RGA) |
| v. | ) |
| | ) |
| SEMILEDS CORPORATION, | ) **DEMAND FOR JURY TRIAL** |
| HELIOS CREW CORP. and SEMILEDS | ) |
| OPTOELECTRONICS CO. LTD., | ) |
| | ) |
| Defendants. | ) |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF
SEMILEDS CORPORATION, HELIOS CREW CORPORATION,
AND SEMILEDS OPTOELECTRONICS CO., LTD.
TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendants SemiLEDs Corporation ("SemiLEDs"), Helios Crew Corporation ("Helios"), and SemiLEDs Optoelectronics Co., Ltd. ("SemiLEDs Optoelectronics") (collectively, "Defendants"), by and through their undersigned attorneys, hereby respond to the Fourth Amended Complaint (hereafter, "Complaint") of Plaintiff Cree, Inc. ("Cree") with the following Answer, Affirmative Defenses, and Counterclaims, and jury demand:

**GENERAL DENIAL**

Unless specifically admitted below, Defendants deny each and every allegation in the Complaint.

**RESPONSE TO SPECIFIC ALLEGATIONS**

Defendants hereby answer the numbered paragraphs of the Complaint with the following correspondingly numbered responses:

## THE PARTIES[1]

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and on that basis deny those allegations.

2. Defendants admit that SemiLEDs is a Delaware corporation and otherwise deny the allegations of paragraph 2 of the Complaint. SemiLEDs has a principal place of business at 3F, No.11 Ke Jung Rd., Chu-Nan Site, Hsinchu Science Park, Chu-Nan 350, Miao-Li County, Taiwan, R.O.C.

3. Defendants admit that Helios is a Delaware corporation and otherwise deny the allegations of paragraph 3 of the Complaint. Helios has a principal place of business at No. 12-5, Dungshr 2 Lin Dungming Tsuen Shinwu Shiang, 327 Taoyuan County, Taiwan, R.O.C.

4. Defendants admit that SemiLEDs Optoelectronics is a Taiwan company and otherwise deny the allegations of paragraph 4 of the Complaint. SemiLEDs Optoelectronics has a principal place of business at 3F, No.11 Ke Jung Rd., Chu-Nan Site, Hsinchu Science Park, Chu-Nan 350, Miao-Li County, Taiwan, R.O.C.

## JURISDICTION AND VENUE

5. This paragraph seeks to characterize and assert legal conclusions regarding Cree's claims and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, Defendants admit that the Complaint purports to assert claims arising under 35 U.S.C. § 1, et seq. and that this Court has subject matter jurisdiction over this action.

---

[1] The headings in the Complaint are reproduced in this Answer for convenience. Defendants do not admit, and instead expressly deny, any allegations contained or implied by the headings.

6. Defendants admit that this Court has personal jurisdiction over SemiLEDs and Helios for purposes of this action. Defendants deny that either SemiLEDs or Helios has committed any act of infringement in this judicial district.

7. Defendants deny that this Court has personal jurisdiction over SemiLEDs Optoelectronics but agree that, pursuant to the parties' stipulation resolving Cree's motion for leave to amend its Complaint, Defendants will not contend for purposes of this action that the Court lacks personal jurisdiction over SemiLEDs Optoelectronics. Defendants deny that SemiLEDs Optoelectronics has committed any act of infringement in this judicial district.

8. SemiLEDs and Helios admit that venue in this district is proper under 28 U.S.C. § 1391(c) and (d) and § 1400(b), although this district is not the most convenient or most appropriate forum for this action. SemiLEDs Optoelectronics admits that venue in this district is proper under 28 U.S.C. § 1391(d), although this district is not the most convenient or most appropriate forum for this action.

## FACTUAL BACKGROUND

9. Defendants admit that LEDs are an alternative to traditional light sources such as incandescent light bulbs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and on that basis deny those allegations.

10. Defendants deny the allegations of paragraph 8 of the Complaint.

11. Defendants admit that Exhibit 1 to the Complaint appears to be a copy of U.S. Patent No. 7,737,459 (hereafter "the '459 patent"), entitled "High Output Group III Nitride Light Emitting Diodes." Defendants lack knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

12. Defendants admit that Exhibit 2 to the Complaint appears to be a copy of U.S. Patent No. 7,211,833 (hereafter "the '833 patent"), entitled "Light Emitting Diodes Including Barrier Layers/Sublayers." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

13. Defendants admit that Exhibit 3 to the Complaint appears to be a copy of U.S. Patent No. 7,611,915 (hereafter "the '915 patent"), entitled "Methods of Manufacturing Light Emitting Diodes Including Barrier Layers/Sublayers." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

14. Defendants admit that Exhibit 4 to the Complaint appears to be a copy of U.S. Patent No. 6,657,236 (hereafter "the '236 patent"), entitled "Enhanced Light Extraction in LEDs Through the Use of Internal and External Optical Elements." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

15. Defendants admit that Exhibit 5 to the Complaint appears to be a copy of U.S. Patent No. 7,795,623 (hereafter "the '623 patent"), entitled "Light Emitting Devices Having Current Reducing Structures and Methods of Forming Light Emitting Devices Having Current Reducing Structures." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

16. Defendants admit that Exhibit 6 to the Complaint appears to be a copy of U.S. Patent No. 7,557,380 (hereafter "the '380 patent"), entitled "Light Emitting Devices Having a Reflective Bond Pad and Methods of Fabricating Light Emitting Devices Having Reflective Bond Pads." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny these allegations.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis deny these allegations.

18. Defendants deny the allegations of paragraph 16 of the Complaint.

19. Defendants deny the allegations of paragraph 17 of the Complaint.

**Count 1 – Defendants' Infringement of U.S. Patent No. 7,737,459**

20. Defendants repeat each of their respective responses to paragraphs 1-19 as if set forth fully here.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

**Count 2 – Defendants' Infringement of U.S. Patent No. 7,211,833**

25. Defendants repeat each of their respective responses to paragraphs 1-24 as if set forth fully here.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

### Count 3 – Defendants' Infringement of U.S. Patent No. 7,611,915

30. Defendants repeat each of their respective responses to paragraphs 1-29 as if set forth fully here.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

### Count 4 – Defendants' Infringement of U.S. Patent No. 6,657,236

35. Defendants repeat each of their respective responses to paragraphs 1-34 as if set forth fully here.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

### Count 5 – Defendants' Infringement of U.S. Patent No. 7,795,623

41. Defendants repeat each of their respective responses to paragraphs 1-40 as if set forth fully here.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

**Count 6 – Defendants' Infringement of U.S. Patent No. 7,557,380**

46. Defendants repeat each of their respective responses to paragraphs 1-45 as if set forth fully here.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

**PRAYER FOR RELIEF**

Defendants deny that Cree is entitled to any relief whatsoever against Defendants in this action, either as prayed for in its Complaint or otherwise.

**AFFIRMATIVE DEFENSES**

**First Defense: Non-Infringement**

Defendants have not and do not infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '459 patent, the '833 patent, the '915 patent, the '236 patent, the '623 patent or the '380 patent (collectively, the "patents-in-suit").

**Second Defense: Invalidity**

Each claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, because one or more of the claims lack definiteness, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they

7

are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention.

### Third Defense: Estoppel and Waiver

As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the patents-in-suit, specifically the admissions, representations, and amendments made on behalf of the applicants for the patents-in-suit, Cree is estopped from asserting any construction of the claims of the patents-in-suit to cover any activity engaged in or product sold by Defendants.

### Fourth Defense: Failure to State a Claim

The Complaint fails to state any claim against Defendants upon which relief may be granted.

### Fifth Defense: Lack of Standing

On information and belief, Cree lacks standing to bring a patent infringement action based on the patents-in-suit and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

### Sixth Defense: Costs Barred

Cree is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### Seventh Affirmative Defense: Marking

Cree's recovery is barred, in whole or in part, by its failure to comply with the provisions of 35 U.S.C. § 287.

**Eighth Defense: Unenforceability**

On information and belief, the '459 patent is unenforceable due to inequitable conduct by the patent attorney who prosecuted the application that led to the issuance of the '459 patent because he failed to discharge his duty of candor to the USPTO during the prosecution of the '459 patent. Cree's patent attorney, Mr. Philip Summa, failed to disclose to the Examiner information material to the patentability of the pending claims, including adverse decisions by another Examiner and the Board of Patent Appeals and Interference in application no. 11/037,965, to which the '459 patent claims priority. Mr. Summa acted with the intent to deceive the patent office in order to obtain an allowance of the claims. Additional information supporting this affirmative defense is set forth below in Paragraphs 14 through 32 of SemiLEDs' Third Counterclaim. Those paragraphs are incorporated by reference as though fully pleaded herein.

**COUNTERCLAIMS**

SemiLEDs, for its counterclaims against Cree, alleges as follows:

**GENERAL ALLEGATIONS**

1. Paragraphs 1 through 50 of this answer, Defendants' response to the prayer for relief, and the affirmative defenses raised by Defendants, are incorporated by reference as though fully pleaded herein.

2. Counterclaimant SemiLEDs is a corporation organized and existing under the laws of Delaware, with a principal place of business at 3F, No.11 Ke Jung Rd., Chu-Nan Site, Hsinchu Science Park, Chu-Nan 350, Miao-Li County, Taiwan, R.O.C.

3. Plaintiff and counterclaim defendant Cree alleges in the Complaint that it is a corporation organized and doing business under the laws of North Carolina, having a principal place of business in Durham, North Carolina.

4. Cree alleges that it is the sole owner of U.S. Patents Nos. 7,737,459, 7,211,833, 7,611,915, 6,657,236, 7,795,623 and 7,557,380 (collectively, the "patents-in-suit").

## JURISDICTION AND VENUE

5. In its counterclaims, SemiLEDs seeks to obtain a judgment declaring that the patents-in-suit are invalid and not infringed by SemiLEDs. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, §§ 2201 and 2202, and Title 35 of the United States Code.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue in this district is permissible under 28 U.S.C. § 1391(c) and (d) and § 1400(b).

## FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT

8. Paragraphs 1 through 7 are incorporated by reference as though fully pleaded herein.

9. SemiLEDs' products do not infringe, either directly or indirectly, any claim of the patents-in-suit, either literally or under the doctrine of equivalents, and SemiLEDs is not liable for infringement thereof, and SemiLEDs' actions do not infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the patents-in-suit.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between SemiLEDs and Cree concerning whether SemiLEDs infringes, or contributes to the infringement of, the patents-in-suit.

### SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY

11. Paragraphs 1 through 10 are incorporated by reference as though fully pleaded herein.

12. The patents-in-suit, and each claim thereof, are invalid for failure to comply with the requirements of the Patent Laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

13. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between SemiLEDs and Cree concerning the validity of the patents-in-suit.

### THIRD COUNTERCLAIM – DECLARATION OF UNENFORCEABILITY

14. Paragraphs 1 through 13 are incorporated by reference as though fully pleaded herein.

15. On information and belief, the '459 patent is unenforceable due to inequitable conduct by the patent attorney who prosecuted the application that led to the issuance of the '459 patent because he failed to discharge his duty of candor to the USPTO during the prosecution of the '459 patent. Specifically, Cree's patent attorney, Mr. Philip Summa, failed to disclose to the Examiner adverse decisions by another Examiner and the Board of Patent Appeals and Interference in application no. 11/037,965 (the "'965 application"), to which the '459 patent claims priority. The adverse decisions in the '965 application are clearly material to the patentability of the claims in the application that led to the issuance of the '459 patent. Mr.

Summa acted with the intent to deceive the patent office in order to obtain an allowance of the claims.

16. Application no. 11/112,429 (the "'459 patent application"), filed on April 22, 2005 and assigned to Examiner Louie, issued as the '459 patent and is a continuation-in-part of the '965 application, filed on Jan. 18, 2005 and assigned to Examiner Arena.

17. The claims of the '459 patent and the '965 application both recite a light emitting diode that possesses certain properties and characteristics. Specifically, claim 1 of the '459 patent recites: A light emitting diode having an area greater than 100,000 square microns and a radiant flux at 20 milliamps current of at least 29 milliwatts at its dominant wavelength between 390 and 540 nanometers. As filed, claim 1 of the '965 application recites: A light emitting diode with advantageous output on a per unit area basis, said diode comprising: an area of 100,000 square microns or less; a forward voltage of less than 4.0 a radiant flux of at least 24 milliwatts at 20 milliamps drive current; and a dominant wavelength between about 395 and 540 nanometers. Thus, the '459 patent and the '965 application both recite an LED that (a) is either greater than or less than 100,000 square microns, (b) has a radiant flux of at least 24 milliwatts measured at 20 milliamps current, and (c) has a dominant wavelength between 390 [or 395] and 540 nanometers.

18. Registered patent attorney Philip Summa (registration no. 31,573) prosecuted both the '459 patent application and the '965 application. Specifically, Mr. Summa held the Power of Attorney for the '459 patent application and the '965 application until March 30, 2010 and August 31, 2010, respectively.

19. On Jan. 10, 2006, Examiner Arena issued a Non-Final Rejection as to all claims of the '965 application. (Attached as Exhibit 1). On Sep. 25, 2006, Examiner Arena

issued a Final Rejection as to all claims of the '965 application. (Attached as Exhibit 2). On February 26, 2007, patent attorney Summa submitted a Request for Continued Examination with respect to the '965 application. On June 15, 2007, Examiner Arena issued a Non-Final Rejection as to all claims of the '965 application. (Attached as Exhibit 3). On January 6, 2010, Examiner Arena issued a Final Rejection as to all claims of the '965 application. (Attached as Exhibit 4).

20. On Sep. 12, 2007, patent attorney Summa submitted a Notice of Appeal with respect to the '965 application. On Jan. 14, 2009, the Board of Patent Appeals and Interference (the "BPAI") issued its decision, affirming Examiner Arena's rejections with respect to the '965 application. (Attached as Exhibit 5). The BPAI adopted the Examiner's reasoning that since the prior art disclosed the light emitting diode structure described by the Applicant, the prior art inherently possesses the properties and characteristics recited in the claims, unless the Applicant proves otherwise.

21. On Mar. 6, 2009, Examiner Louie issued a Requirement for Restriction/Election with respect to the '459 patent application. Patent Attorney Summa responded thereto on Apr. 2, 2009.

22. On Mar. 14, 2009, patent attorney Summa submitted a Request for Continued Examination with respect to the '965 application. On June 11, 2009, Examiner Arena issued a Non-Final Rejection as to all claims of the '965 application.

23. On July 16, 2009, Examiner Louie issued a Notice of Allowance with respect to the '459 patent application. On Sep. 22, 2009, patent attorney Summa submitted a Request for Continued Examination with respect to the '459 patent application, and filed with the Request for Continued Examination in a supplemental Information Disclosure Statement citing references made of record in application no. 11/082,470 after the filing of the '459 patent

continuation in part application. On Feb. 5, 2010, Examiner Louie issued a Notice of Allowance with respect to the '459 patent application.

24. The arguments Mr. Summa made for the '965 application before the BPAI and before Examiner Arena relate to the same subject matter claimed in the '459 patent. For example, under both 35 U.S.C. § 102(b) and § 103(a), the claims of the '965 application were rejected at least in part in view of the Slater reference (U.S. Pub. No. 2002/0123164). These rejections were affirmed by the BPAI because "the structure of Slater's diode substantially corresponds to the structure of Appellant's diode, Slater's diode would inherently possess the properties recited in the appealed claims." Because Slater did not specifically disclose the size of the diode in several claims, an additional reference was applied that specifically disclosed the size of the claimed diode. Indeed, it was this alleged distinction related to the lack of a specific chip size of Slater that formed the basis for Mr. Summa's argument that the rejections were improper.

25. Claim 1 of the '459 patent recites similar features to those the Patent Office and BPAI found to be inherently disclosed by the Slater reference. Both the '459 patent and the '965 application purport to claim a light emitting diode having a certain area relative to 100,000 square microns and other inherent properties including a radiant flux of more than a certain value at 20 milliamps current and dominant wavelength within a certain range. The Examiner of the '965 patent and the BPAI found the claims of the '965 patent to be unpatentable because the Slater reference discloses a light emitting diode that inherently included the claimed characteristics. The characteristics inherently disclosed by Slater include a certain radiant flux and dominant wavelength as discussed above.

26. Pending application no. 12/796,365 (the "'365 application"), filed June 8, 2010, is a divisional of the '459 patent application and is assigned to Examiner Arena. Similar to claim 1 of the '459 patent, the claims of the '365 application also recite a light emitting diode with an area greater than 100,000 microns that possesses certain properties and characteristics, including a certain quantum efficiency tested at the same 20 milliamps current and dominant wavelength between 390 and 540 nanometers as disclosed in the '459 patent. As further evidence of materiality, Examiner Arena issued a non-final rejection as to all claims of the '365 application on Dec. 23, 2010, relying on the same references and reasoning that the BPAI affirmed with respect to the '965 application. (Attached as Exhibit 6).

27. The rationale for rejecting the '365 application and the '965 application apply equally to the '459 application. Indeed, the decision to allow the '459 application to issue as a patent is completely inconsistent with the rejections in the '965 and '365 applications.

28. The '459 patent is subject to an *inter partes* reexamination proceeding (No. 95/001,627, granted on July 28, 2011). In the reexamination proceeding, all claims of the '459 patent have been rejected, at least in part, over the same Slater reference used to reject the claims of the '965 application and the '365 application. (Attached as Exhibit 7). The July 26, 2011 office action in the reexamination proceeding states that "[s]ince Slater discloses a substantially identical light emitting diode as claimed (that is to say, a light emitting diode with an area greater than 100,000 square microns), it is presumed to have the same properties." The Patent Office has now recognized that it is completely inconsistent for the Office to have allowed the '459 patent to issue while rejecting the '965 and '365 applications. Indeed, the Slater reference is even stronger against the '459 application than it was against the '965 application because both Slater and the '459 application disclose a light emitting diode with an area *greater*

15

than 100,000 square microns. As the Patent Office correctly concluded in the reexamination proceeding, the other properties and characteristics of an LED disclosed in claim 1 of the '459 patent are inherently present in the structure disclosed by Slater. The Patent Office decision in the reexamination proceeding provides further evidence that the adverse office actions in the '965 application were but-for material with respect to the claims in the '459 application.

29. During the prosecution of the '459 patent application between January 2009 and February 2010, Mr. Summa failed to apprise Examiner Louie of numerous material adverse decisions by Examiner Arena and the BPAI in the closely-related '965 application, to which the '459 patent claims priority. If those adverse decisions had been disclosed, the '459 patent would not have issued.

30. During the prosecution of the '459 patent, Mr. Summa had a continuing duty to disclose all information material to patentability to Examiner Louie. The Manual of Patent Examining Procedure ("MPEP") required Mr. Summa to inform Examiner Louie of the adverse office actions received from Examiner Arena in the co-pending '965 application. (MPEP § 2001.06(b)). This section of the MPEP states that prosecuting attorneys "cannot assume that the examiner of a particular application is necessarily aware of other applications which are 'material to patentability' of the application in question, but must instead bring such other applications to the attention of the examiner." Further, section 2001.06(b) specifically requires an applicant to disclose to an Examiner any copending applications that claim similar subject matter but patentably indistinct claims. Although MPEP §609 does not require prosecuting attorneys to resubmit specific prior art references from a co-pending related parent application in a separate Information Disclosure Statement, it does not absolve prosecuting attorneys from their duty to submit material adverse office actions from such a co-pending

related parent application. Thus, Mr. Summa had a continuing duty to inform Examiner Louie of the adverse material office actions in the '965 application and failed to comply with that duty.

      31.    The rejections based on the Slater reference in the adverse office actions issued in the '965 application establish a prima facie case of unpatentability with respect to the claims of the '459 patent and are therefore but-for material. The '365 application claims a light emitting diode with the same area as claimed in the '459 patent. The Examiner of the '365 application, being aware of the office actions in the '965 application, used the same reasoning as applied in the '965 application to reject all claims. The Examiner of the reexamination proceeding for the '459 patent, having been made aware of the specific reasoning of the office actions in the '965 application, rejected all of the claims of the '459 patent over the same Slater reference and with the same reasoning as applied by Examiner Arena in the '965 application. The same rejections would have resulted in the '459 application if Mr. Summa had brought the adverse actions from the '965 application to the attention of Examiner Louie.

      32.    Mr. Summa, as the prosecuting attorney that received and responded to the adverse office actions in the '965 application, was aware of this information that is material to the claims of the '459 patent. Mr. Summa made arguments to the Examiner of the '459 patent that Mr. Summa knew were inconsistent with the adverse office actions received in the '965 application. These arguments were made to obtain the allowance of the claims of the '459 patent. Accordingly, there is a reasonable inference that Mr. Summa did not disclose the adverse material office actions from the '965 application to Examiner Louie because he intended to deceive Examiner Louie and gain allowance of the '459 patent. If those adverse office actions had been submitted to Examiner Louie, the '459 patent would never have issued.

17

33. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between SemiLEDs and Cree concerning the enforceability of the '459 patent.

**PRAYER FOR RELIEF**

WHEREFORE, SemiLEDs prays for judgment:

**On Plaintiff's Claims**

A. Enter judgment in SemiLEDs' favor, and against Cree, thereby dismissing Cree's Complaint in its entirety, with prejudice, with Cree taking nothing by way of its claims;

B. Find that each of the claims of the patents-in-suit is not infringed, either willfully or otherwise, by any actions of SemiLEDs or its customers, suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

C. Find that each of the claims of the patents-in-suit is invalid and/or unenforceable;

D. Deny all of Cree's requests for injunctive relief;

E. Declare that this is an exceptional case under 35 U.S.C. § 285 and award SemiLEDs its costs, attorneys' fees, and expenses; and

F. Grant SemiLEDs such other and further relief as this Court deems just and proper under the circumstances.

**On SemiLEDs' Counterclaims**

G. Enter judgment against Cree and in favor of SemiLEDs with respect to SemiLEDs' counterclaims;

      H.     Declare that SemiLEDs and its customers, affiliates, and all others in privity with SemiLEDs do not infringe and have not infringed any of the claims of the patents-in-suit;

      I.     Declare that the patents-in-suit asserted by Cree are invalid;

      J.     Declare that the '459 patent is unenforceable due to inequitable conduct;

      K.     Declare that this is an exceptional case under 35 U.S.C. § 285 and award SemiLEDs its costs, attorneys' fees, and expenses; and

      L.     Grant SemiLEDs such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

SemiLEDs demands a trial by jury as to all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

William H. Wright
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017
(213) 629-202

Steven J. Routh
Sten A. Jensen
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington DC  20005
(202) 339-8400

January 9, 2012
4827695

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on January 9, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| William F. Lee, Esquire<br>Cynthia D. Vreeland, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109 | *VIA ELECTRONIC MAIL* |
| Heath A. Brooks, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1801 Pennsylvania Avenue, NW<br>Washington, DC  20006 | *VIA ELECTRONIC MAIL* |
| Lynne A. Borchers, Esquire<br>MYERS BIGEL<br>4140 Parklake Avenue, Suite 600<br>Raleigh, NC  27612 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)