IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-866 (RGA) |
| | ) |
| SEMILEDS CORPORATION, HELIOS | ) |
| CREW CORP., and | ) |
| SEMILEDS OPTOELECTRONICS | ) |
| CO. LTD., | ) |
| | |
| Defendant. | |

**[PROPOSED] SCHEDULING ORDER**

This ___ day of January, 2012, the Court having conducted a conference to address the remaining schedule for this case;

IT IS ORDERED that:

1. <u>Discovery</u>.

    a. <u>Fact Discovery Cut Off</u>. All remaining fact discovery—limited to the specific damages-related depositions the parties agreed to defer pending potential agreement on a stipulation to resolve damages issues through an ADR framework and [Cree proposal: "discovery on Cree's claim of willful infringement"; SemiLEDs proposal: "SemiLEDs' discovery on Cree's newly added claim of willful infringement."]—shall be complete by March 23, 2012. [Cree position: Cree does not believe that either party should require further discovery on the willful infringement claim—especially SemiLEDs, who already possesses all the evidence as to whether it willfully infringed Cree's patent. Discovery has long been concluded in this case with the exception of limited damages discovery the parties agreed to postpone. (Dkt. No. 138.) Cree agreed that it would be willing to discuss any reasonable request for discovery on

willfulness, but SemiLEDs' request for extensive depositions of Cree senior executives and lawyers—including its CEO—is not reasonable. The issue of whether SemiLEDs' infringement was willful necessarily turns on *SemiLEDs' conduct*, not Cree's conduct. As articulated by the Federal Circuit in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (2007) (en banc), the two-prong test for willfulness depends upon the conduct of the accused infringer—*i.e.*, (1) "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and (2) "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk … was either known or so obvious that it should have been known to the accused infringer." Cree's actions and state of mind have no relevance to this standard. Moreover, SemiLEDs has already taken substantial discovery on all of the topics on which it is seeking further depositions. There is no basis for duplicative discovery from Cree's high-level executives and lawyers— contrary to Delaware practice— particularly given that most of the issues SemiLEDs identifies are not in dispute—*i.e.*, Cree does not dispute that it obtained and evaluated some SemiLEDs chips in the 2006 timeframe, and that it did not charge SemiLEDs with infringement at that time. Furthermore, to the extent SemiLEDs is complaining that it did not have the opportunity to conduct these depositions during the discovery period, SemiLEDs has only itself to blame. SemiLEDs has represented throughout the entire case that it did not know of the '236 patent until the filing of this lawsuit, yet two months *after* discovery it produced the document proving just the opposite. SemiLEDs should not now be permitted six more depositions of high-level executives (*i.e.*, almost 50% more depositions than the parties originally agreed to) by virtue of not giving accurate interrogatory responses or timely producing relevant documents. If the Court includes in the scheduling order a time period for discovery on willfulness, Cree requests that

both parties be permitted discovery on this issue, so that Cree can address any issues that SemiLEDs raises. Cree further requests (1) that any additional discovery be consistent with the limitations imposed by the agreed discovery plan and court orders limiting discovery and (2) that Cree be provided the opportunity to brief the issues before any specific depositions are ordered.; SemiLEDs' position: Cree represented in its motion for leave to amend and during the December 21 hearing that it would not need further discovery on its willfulness claim. *See, e.g.,* December 21 transcript at 8 ("There's no additional factual discovery that we would need to take. We would merely use the discovery we have now to make the case."). The Court should hold Cree to its word on this issue. Moreover, during the December 21 hearing, SemiLEDs requested permission to conduct further discovery on Cree's newly added willfulness claim, Cree did not oppose that request, and the Court responded as follows: "I'm certainly sympathetic to Mr. Jensen saying, okay, there's a new issue in the case and we need to do some discovery, and apparently I think you're conceding that that is a reasonable request." *Id*. at 17. The discovery SemiLEDs seeks relates to Cree's purchase of 5,000 LEDs from SemiLEDs, Cree's reverse engineering of SemiLEDs' LEDs in the 2006 timeframe, comments by Cree managers that they liked SemiLEDs' unique technology, and the absence of any communications from Cree alleging that SemiLEDs was infringing Cree's patents. This discovery is highly relevant to both the objective and subject prongs of the willfulness standard under *Seagate*. Finally, it would be fundamentally unfair to force SemiLEDs to adhere to the limits on depositions in the original scheduling order. SemiLEDs planned its discovery strategy and selected depositions based on the claims that were in the case at the time. Cree's willfulness claim was just added to the case on December 21, 2011, five months after the close of fact discovery. SemiLEDs has advised Cree that the additional depositions it wishes to take could be completed in two days.]

b. <u>Disclosure of Expert Testimony</u>.

i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before [Cree proposal: April 6, 2012 (or four weeks after *Markman* decision, whichever is later); SemiLEDs' proposal: July 3, 2012 (or four weeks after *Markman* decision, whichever is later)]. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before [Cree proposal: May 4, 2012 (or four weeks after opening expert report, whichever is later); SemiLEDs' proposal: August 7, 2012 (or five weeks after opening expert report, whichever is later)]. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. The parties agree they will not need to produce any draft expert reports, any notes taken by the experts, or any written communications with their experts (including but not limited to email), unless such communications are relied upon by any expert in support of his/her expert report(s) or opinion(s). Expert discovery will be completed on or before [Cree proposal: June 1, 2012 (or four weeks after rebuttal expert reports, whichever is later); SemiLEDs' proposal: September 4, 2012 (or four weeks after rebuttal expert reports, whichever is later)].

ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

c.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a telephone conference. Unless otherwise ordered, by no later than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

2.  <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

3.  <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

4.  <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [Cree proposal: June 29, 2012 (or four weeks after completion of expert discovery, whichever is

later); SemiLEDs' proposal: October 4, 2012 (or four weeks after completion of expert discovery, whichever is later)]. Opposition briefs shall be served and filed on or before [Cree proposal: July 20, 2012 (or three weeks after submission of summary judgment motions, whichever is later); SemiLEDs' proposal: October 25, 2012 (or three weeks after submission of summary judgment motions, whichever is later);]. Reply briefs shall be served and filed on or before [Cree proposal: August 3, 2012 (or two weeks after submission of summary judgment oppositions, whichever is later); SemiLEDs' proposal: November 8, 2012 (or two weeks after submission of summary judgment oppositions, whichever is later)]. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. On [Cree proposal: August 29, 2012 (or three weeks after submission of summary judgment reply briefs, whichever is later); SemiLEDs' proposal: November 29, 2012 (or three weeks after submission of summary judgment reply briefs, whichever is later)], the Court will hold a hearing on any dispositive motions beginning at 10 a.m.

     5.     <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

     6.     <u>Pretrial Conference</u>. On [Cree proposal: October 17, 2012 (or approximately four months after the deadline for filing dispositive motions, whichever is later); SemiLEDs' proposal: February 26, 2013 (or approximately five months after the due date for filing dispositive motions, whichever is later)], the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 10 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the

Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

       7.       Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

       8.       Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The plaintiff should expect to submit to an email address to be designated each of the foregoing four documents in WordPerfect format.

       9.       Trial. This matter is scheduled for a 7 day jury trial beginning at 9:30 a.m. on [Cree proposal: November 28, 2012 (or approximately one month after the pretrial conference, whichever is later); SemiLEDs' proposal: March 25, 2013 (or approximately one month after the pretrial conference, whichever is later)], with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused

- 8 -

each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

10.     ADR Process. This matter has been referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE

Judge Andrews Form Scheduling Order (Patent Cases)
Updated November 2011