**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CREE, INC., | § § § § § § § § § § § § § | |
| Plaintiff, | | C.A. No. 10-866-RGA |
| v. | | **REDACTED – PUBLIC VERSION** |
| SEMILEDS CORPORATION, HELIOS CREW CORP., and SEMILEDS OPTOELECTRONICS CO., LTD, | | |
| Defendants. | | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS RENEWED MOTION TO
DISMISS DEFENDANTS' INEQUITABLE CONDUCT
<u>COUNTERCLAIM AND AFFIRMATIVE DEFENSE</u>**

OF COUNSEL:

William F. Lee
Cynthia D. Vreeland
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Heath A. Brooks
WILMER CUTLER PICKERING HALE
AND DORR LLP
1801 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC  27612
(919) 854-1400

Dated: January 17, 2012

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Anne Shea Gaza (#4093)
Gaza@rlf.com
Laura D. Hatcher (#5098)
Hatcher@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
902 N. King Street
Wilmington, Delaware  19801
(302) 651-7700

*Attorneys for Plaintiff Cree Inc.*

RLF1 5763982v. 1

-i-

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND.......................................................2

III. ARGUMENT...................................................................................................................4

    A. Defendants Cannot State a Claim or Assert an Affirmative Defense of Inequitable Conduct Because There Was No Duty to Resubmit Information Considered During Prosecution of the '965 Application..........................................................4

    B. SemiLEDs' Reliance on MPEP § 2001.06(b) Is Inappropriate...............................7

    C. SemiLEDs Has Failed to Adequately Plead Intent. .................................................9

IV. CONCLUSION..............................................................................................................10

## TABLE OF AUTHORITIES

Federal Cases

*ATD Corp. v. Lydall, Inc.*,
   159 F.3d 534 (Fed. Cir. 1998) .................................................................................... 5, 6

*Bone Care Int'l, LLC v. Pentech Pharm., Inc.*,
   741 F. Supp. 2d 854 (N.D.Ill. 2010) ......................................................................... 6, 7, 9

*Bone Care Int'l LLC v. Pentech Pharm., Inc.*,
   No. 08-cv-1083, 2010 WL 4102264 (N.D.Ill. Oct. 6, 2010) ........................................... 8

*Dayco Prod., Inc. v. Total Containment, Inc.*,
   329 F.3d 1358 (Fed. Cir. 2003) ........................................................................................ 8

*EBay Inc. v. IDT Corp.*,
   No. 08-cv-4015, 2009 WL 2706395 (W.D. Ark. Aug. 24, 2009) .................................... 6

*Exergen Corp. v. Wal-Mart Stores, Inc*.
   575 F.3d 1312 (Fed. Cir. 2009) .................................................................................... 1, 9

*McKesson Information Solutions, Inc. v. Bridge Med., Inc.*,
   487 F.3d 897 (Fed. Cir. 2007) ...................................................................................... 8, 9

*Sprint Commc'ns Co. v. Nuvox Commc'ns, Inc.*,
   No. 08-2047, 2009 WL 86565 (D. Kan. Jan. 12, 2009) ................................................ 6, 7

*Therasense, Inc. v. Becton, Dickinson & Co.*
   649 F.3d 1276 (Fed. Cir. 2011) .................................................................................. 1, 2, 8

*Wyeth v. Sandoz, Inc.*,
   570 F.Supp.2d 815 (E.D.N.C. 2008) ................................................................................ 6

I.     INTRODUCTION

Pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, plaintiff Cree, Inc. ("Cree") submits this renewed motion to dismiss defendants SemiLEDs Corporation's, Helios Crew Corporation's, and SemiLEDs Optoelectronics Company, Ltd.'s (collectively "SemiLEDs" or "Defendants") Eighth Defense and Third Counterclaim, both relating to allegations of inequitable conduct premised on Defendants' erroneous interpretation of patent practice and procedure.

As further set forth in Cree's original Motion to Dismiss (D.I. 79), because of the seriousness of the charge, and the substantial potential for abuse, the Federal Circuit has substantially heightened the standards for pleading and proving inequitable conduct in two recent cases. First, in *Exergen Corp. v. Wal-Mart Stores, Inc.*, the court made clear that, consistent with the heightened pleading standard of Rule 9(b), a party alleging inequitable conduct must set forth the "***particularized factual bases***" for the allegations – including "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information ***with a specific intent to deceive the PTO***." 575 F.3d 1312, 1327-29 (Fed. Cir. 2009) (emphasis added). Most recently, in *Therasense, Inc. v. Becton, Dickinson & Co.*, the *en banc* court tightened the standards for proving inequitable conduct, noting that inequitable conduct charges are a "common litigation tactic" that "has been overplayed" and "has plagued not only the courts but also the entire patent system" because these charges are "routinely brought on the slenderest grounds." 649 F.3d 1276, 1289 (Fed. Cir. 2011) (internal citations omitted).

- 2 -

Defendants' amended allegations of inequitable conduct, like their original allegations, are of the exact type criticized in *Therasense*. Indeed, now that Defendants have provided further detail on the allegations, it is clear that they are premised on a reading of the Patent Office's Manual of Patent Examining Procedure ("MPEP") that numerous courts, including the Federal Circuit, have rejected. SemiLEDs' inequitable conduct allegations ignore the requirements from the MPEP regarding related patent applications, and that applicants are not required to resubmit information considered during prosecution of the "parent" application when prosecuting the "child" application. (*See* Section III.A *infra*.) Based on the rules set forth in the MPEP, the Federal Circuit and numerous district courts have held that there is no duty to resubmit information – including prior art, office actions and rejections – considered in a "parent" application when prosecuting a continuation-in-part application, and that the failure to resubmit such information during the prosecution of a continuation application cannot be considered inequitable conduct. (*Id.*) Cree accordingly requests that the Court grant this renewed motion, and dismiss Defendants' Eighth Defense and Third Counterclaim for inequitable conduct with prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Cree is a leading innovator in the design, development and manufacture of LEDs (light-emitting diodes) and LED lighting. This case arises out of Defendants' misuse of Cree's patented LED technologies.

On December 10, 2010, Cree filed a Second Amended Complaint, seeking relief for SemiLEDs Corporation's and Helios Crew Corporation's ongoing infringement of six Cree patents (the "patents-in-suit"), including U.S. Patent No. 7,737,459 (the "'459 patent"), entitled "High Output Group III Nitride Light Emitting Diodes." (*See* D.I. 15 [Plaintiff's Motion for

Leave] at Ex. 1, pp. 4-5.)  On April 13, 2011, Cree filed a Third Amended Complaint, adding SemiLEDs Optoelectronics Co., Ltd. as a defendant.  (*See* D.I. 60 [Stipulated Order].)

On May 16, 2011, Defendants filed their Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Third Amended Complaint, including both a defense and counterclaim for declaratory judgment that the '459 patent was unenforceable because of inequitable conduct.  (*See* D.I. 71 at pp. 9, 11-14.)  Defendants premised their inequitable conduct pleading on conclusory allegations that "Cree, the named inventors, and/or the patent attorneys who prosecuted the ['459 patent] application" set out to "deceive" the Patent Office.  (*Id.* at pp. 11-12.)  SemiLEDs eventually deposed Mr. Phillip Summa, the prosecuting attorney for the '459 patent.

On June 9, 2011, Cree moved to dismiss SemiLEDs' inequitable conduct counterclaim and affirmative defense, on the basis that SemiLEDs had failed to meet the Federal Circuit's substantially heightened standards for pleading and proving inequitable conduct.  (*See* D.I. 79 [Plaintiff's Opening Brief].)  On December 21, 2011, the Court granted Cree's motion and dismissed SemiLEDs' Third Counterclaim and Eighth Defense relating to inequitable conduct without prejudice.  (*See* D.I. 173 [Order].)

On November 1, 2011, Cree filed a Fourth Amended Complaint re-asserting infringement of the '459 patent and adding a claim of willful infringement of another Cree patent.  (*See* D.I. 153-1 [Fourth Amended Complaint] at p. 5.)  On January 9, 2012, SemiLEDs filed an answer and counterclaims to Cree's Fourth Amended Complaint, again alleging that Cree's '459 patent is unenforceable due to inequitable conduct.  (*See* D.I. 176 (hereinafter "Amended Counterclaim") at pp. 9, 11-18.)

Defendants premise their new inequitable conduct argument on an allegedly "reasonable inference" that prosecuting attorney Summa had "intent to deceive the patent office" because he did not "disclose to the Examiner [of the '459 patent] adverse decisions by another Examiner and the Board of Patent Appeals and Interference in application no. 11/037,965 (the ''965 application'), to which the '459 patent claims priority."[1]  (*Id.* at pp. 11, 17.)

Here, SemiLEDs cannot state a claim or assert an affirmative defense of inequitable conduct because it cannot establish that prosecuting attorney Summa had a duty to resubmit, during prosecution of the '459 "child" patent, information considered during examination of the '965 "parent" application.  Similarly, SemiLEDs' conclusory allegations of Mr. Summa's intent to deceive the patent office must also fail because those pleadings are based on SemiLEDs' flawed analysis of the MPEP and a disregard for the special MPEP requirements that apply to related applications.

### III.   ARGUMENT

**A.   Defendants Cannot State a Claim or Assert an Affirmative Defense of Inequitable Conduct Because There Was No Duty to Resubmit Information Considered During Prosecution of the '965 Application.**

SemiLEDs bases its allegations of inequitable conduct upon the examination conducted during prosecution of the '965 application, the "parent" application to the "child" (or continuation-in-part) application that became the '459 patent.  Specifically, SemiLEDs accuses prosecuting attorney Summa of inequitable conduct for not resubmitting examiner rejections from the '965 application during prosecution of the '459 patent.

---

[1] In patent parlance, the '459 patent is a continuation-in-part, or "child," of the '965 "parent" application.  The '459 patent is listed as a continuation-in-part of the '965 application on the front cover of the '459 patent under the heading "Related U.S. Application Data."  (Ex. 1, '459 Patent.)

- 4 -

However, because the '459 patent is a continuation-in-part of the '965 application, Mr. Summa had no duty to resubmit information from the "parent" file that was already considered during prosecution of the "child." The MPEP, the manual published by the U.S. Patent Office which contains the patent rules for use by patent attorneys and examiners, sets forth disclosure requirements for related applications and provides that an applicant has *no duty* to resubmit materials from the "parent" application. MPEP § 609.02 states:

> The examiner will consider information which has been considered by the Office in a parent application when examining . . . a continuation-in-part application filed under 37 CFR 1.53(b). A listing of the information *need not be resubmitted in the continuing application* unless the applicant desires the information to be printed on the patent.

(Ex. 2, MPEP § 609.02(A)(2) (8th ed. 2001, rev. 7, July 2010) (emphasis added).)

The applicant has no duty to resubmit these materials because they are available to the examiner and the MPEP separately requires the examiner to review them. In fact, MPEP § 707.05 expressly states that the examiner must review the "parent" application during prosecution of the continuation application:

> In all continuation and *continuation-in-part applications, the parent applications should be reviewed* for pertinent prior art.

(*Id.* at § 707.05 (8th ed. 2001, rev. 6, Sept. 2007) (emphasis added).) Indeed, as the Court noted at the December 21, 2011 hearing, the '459 patent indicates *on its face* that the application issuing as the '459 patent was a continuation-in-part of the '965 application – thus confirming that the Examiner was aware of the parent application that he had a pre-existing duty to review.

Further confirming this reading of the MPEP, the Federal Circuit in *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534 (Fed. Cir. 1998), addressed allegations of inequitable conduct analogous to those leveled by SemiLEDs in its Amended Counterclaim, and held that there was no duty to resubmit information cited in a "parent" application:

> In view of [MPEP] § 609 *it can not be inequitable conduct* for an applicant not to resubmit, in the divisional application, the information that was cited or submitted in the parent application.

*Id.* at 547 (emphasis added).

Numerous district courts have come to the same conclusion that office actions in a parent application need not be resubmitted in the child application. *See Bone Care Int'l, LLC v. Pentech Pharm., Inc.*, 741 F. Supp. 2d 854, 862 (N.D.Ill. 2010) ("The M.P.E.P. provides clear guidance that *examiners reviewing continuation applications should review ancestor applications* . . . .") (emphasis added); Ex. 3, *eBay Inc. v. IDT Corp.*, No. 08-cv-4015, 2009 WL 2706395, at *3 (W.D. Ark. Aug. 24, 2009) ("[A]ny prior art references *and/or rejections* that are part of the file history of the parent application are considered when examining the continuation application. *The applicant is under no duty to resubmit such information in the continuing application*.") (emphasis added); Ex. 4, *Sprint Commc'ns Co. v. Nuvox Commc'ns, Inc.*, No. 08-2047, 2009 WL 86565, at *2-3 (D. Kan. Jan. 12, 2009) (finding no inequitable conduct when applicant did not highlight differences between the "parent" and continuation application because "M.P.E.P. § 609 is not limited merely to the PTO's consideration of prior art, but encompasses all information previously before the PTO in the prosecution of the parent application."); *Wyeth v. Sandoz, Inc.*, 570 F. Supp. 2d 815, 827 (E.D.N.C. 2008) ("PTO practice at the time [1997] required patent examiners to review the prosecution history of related applications.").

The fundamental rule from these holdings is simple. The patent examiner – and not the applicant – is responsible for reviewing the information and procedural history considered by the Patent Office in a parent application when examining a continuation application. As new information and references can be cited at any point during the pendency of a parent application,

- 6 -

the examiner must actively monitor the file history of the parent in order to satisfy the MPEP requirement that he "consider" and "review" information from the parent. (*See* Ex. 2, MPEP §§ 609.02, 707.05.) Indeed, Courts have been explicit that examiners are "required by the M.P.E.P. to review [the] ancestor applications." *Bone Care Int'l, LLC*, 741 F.Supp.2d at 862.

In light of the controlling Federal Circuit case law, the numerous district court opinions on this issue, and MPEP §§ 609.02 and 707.05, prosecuting attorney Summa had no duty to resubmit rejections from the '965 "parent" application during the prosecution of the '459 "child." Without this duty, Mr. Summa could not have intended to deceive the PTO by allegedly failing to resubmit information known to have been considered by the Examiner. In any event, the '965 rejections would have been cumulative and thus not material of information the Examiner already had a duty to review. *See Sprint Commc'ns*, 2009 WL 86565, at *3 (dismissing inequitable conduct counterclaim that was "based solely on an alleged failure to disclose information already available to and considered by the PTO in the parent and continuation applications"). Thus, SemiLEDs cannot prevail on its counterclaim of inequitable conduct or its affirmative defense as a matter of law.

    **B.**    **SemiLEDs' Reliance on MPEP § 2001.06(b) Is Inappropriate.**

Rather than acknowledge the examiner's obligation under MPEP Sections 609 and 707.05 to monitor the parent file history during prosecution of the child application, SemiLEDs attempts to rest its entire inequitable conduct allegation on a misreading of MPEP § 2001.06(b). (*See* Amended Counterclaim at p. 16.) SemiLEDs' application of § 2001.06 fails for several reasons.

*First*, although SemiLEDs attempts to conflate the relationship between the '965 "parent" and '459 "child" by describing them as mere "copending" applications (*see id.*), courts have declined to apply MPEP § 2001.06(b) to continuation applications such as these. *See* Ex. 5,

- 7 -

*Bone Care Int'l LLC v. Pentech Pharm., Inc.*, No. 08-cv-1083, 2010 WL 4102264, at *3 (N.D.Ill. Oct. 6, 2010) ("On its face, [MPEP] § 2001.06(b) requires a PTO examiner to note when he reviews all prior art contained in *copending* patent applications, not continuation applications. M.P.E.P. § 2001.06(b).  Reading that provision as pertaining only to copending applications – and not to continuation applications – is buttressed by the fact that the provision cites *Dayco Prod., Inc. v. Total Containment, Inc.,* 329 F.3d 1358, 1365-69 (Fed. Cir. 2003), a decision limited to copending applications…").[2]  Thus, because the '459 patent is a continuation-in-part of the '965 application, § 2001.06(b) did not create a duty for prosecuting attorney Summa to disclose the '965 rejections during prosecution of the '459 patent.

***Second***, the text of § 2001.06(b) says nothing about a duty to disclose office actions or adverse decisions.  Rather, the text of the rule is explicit that only "other copending United States applications" that are material should be brought to the attention of the examiner.[3]  Here, prosecuting attorney Summa repeatedly disclosed the '965 "parent" application during prosecution of the '459 patent, including explicit reference and discussion of the '965 "parent" in the application that ultimately led to the '459 patent.  (*See* Ex. 6, '459 Patent Application at pp.

---

[2] While *McKesson Information Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 923 (Fed. Cir. 2007) relied upon MPEP § 2001.06(b), it is distinguishable from the instant case on multiple grounds.  First, *McKesson* involved a rejection from a co-pending application rather than from a "parent" application, *id.* at 904, 906-08, and, as described *supra*, the MPEP has different disclosure requirements for co-pending versus parent/child applications.  Second, the Court in *McKesson* relied on the "reasonable examiner standard" for materiality, which has since been explicitly rejected in *Therasense*.  *Compare McKesson*, 487 F.3d at 913, 919-20, *with Therasense*, 649 F.3d at 1291.  Finally, McKesson used the "sliding scale" test for materiality and intent, which is also no longer good law post-*Therasense*.  *Compare McKesson*, 487 F.3d at 913, *with Therasense*, 649 F.3d at 1290.

[3] MPEP § 2001.06(b) states in relevant part: "The individuals covered by 37 CFR 1.56 have a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other copending United States applications which are 'material to patentability' of the application in question."  (*See* Ex. 2.)

1, 4, 7-12.) This both satisfied Mr. Summa's duty under MPEP § 2001.06(b), as well as put the Examiner "on notice" of the '965 application and its procedural history. *Bone Care Int'l, LLC*, 741 F.Supp.2d at 862; *see also McKesson*, 487 F.3d at 911.

### C. SemiLEDs Has Failed to Adequately Plead Intent.

In its Amended Counterclaim, SemiLEDs has also failed to sufficiently plead that Mr. Summa withheld the '965 rejections with a specific intent to deceive the PTO. As the Federal Circuit held in *Exergen*, a pleading does not support a reasonable inference of specific intent to deceive the PTO unless it alleges facts from which a court could reasonably infer that the prosecuting attorney believed he was wrongfully withholding the reference (i.e., ***believed it was material and should have been disclosed***). *See Exergen*, 575 F.3d at 1328-29.

While Defendants' pleading may support an inference that Mr. Summa knew of the '965 rejections, it contains no facts to support an inference that Mr. Summa believed these rejections were material to the '459 claims and should be disclosed. In fact, given that MPEP §§ 609 and 707.05(b) require the Examiner to monitor the parent file during prosecution of the child, the most reasonable inference from the pleadings is that Mr. Summa had no intent to deceive the PTO because the Examiner was already charged with independently reviewing the allegedly material '965 rejections. (Ex. 2, MPEP §§ 609 and 707.05(b).) Indeed, although this motion must be decided on the pleadings, Mr. Summa in fact testified at his deposition that he

> REDACTED

(Ex. 7, Aug. 24, 2011 Summa Dep. at 58:22 – 60:17; 64:18-65:6.) Not surprisingly, SemiLEDs has cited no deposition testimony from Mr. Summa to support its conclusory allegations of intent to deceive.

## IV. CONCLUSION

For the foregoing reasons, Cree respectively requests this Court grant its renewed Motion to Dismiss pursuant to Rule 12(b)(6) and Rule 9(b), and dismiss Defendants' Eighth Defense and Third Counterclaim for inequitable conduct with prejudice.

| | |
|---|---|
| | /s/ Laura D. Hatcher |
| OF COUNSEL: | Frederick L. Cottrell, III (#2555) |
| | Cottrell@rlf.com |
| William F. Lee | Anne Shea Gaza (#4093) |
| Cynthia D. Vreeland | Gaza@rlf.com |
| WILMER CUTLER PICKERING HALE | Laura D. Hatcher (#5098) |
| AND DORR LLP | Hatcher@rlf.com |
| 60 State Street | RICHARDS, LAYTON & FINGER, P.A. |
| Boston, MA  02109 | One Rodney Square |
| (617) 526-6000 | 902 N. King Street |
| | Wilmington, Delaware  19801 |
| Heath A. Brooks | (302) 651-7700 |
| WILMER CUTLER PICKERING HALE | |
| AND DORR LLP | |
| 1801 Pennsylvania Avenue NW | *Attorneys for Plaintiff Cree Inc.* |
| Washington, DC  20006 | |
| (202) 663-6000 | |

Lynne A. Borchers
MYERS BIGEL
4140 Parklake Ave., Suite 600
Raleigh, NC  27612
(919) 854-1400

Dated: January 17, 2012

- 10 -

RLF1 5763982v. 1

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2012, I caused to be served by electronic mail copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
rsmith@mnat.com

William H. Wright
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
wwright@orrick.com

Steven J. Routh
Sten A. Jensen
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington DC 20005
srouth@orrick.com
sjensen@orrick.com

*/s/ Laura D. Hatcher*
Laura D. Hatcher (#5098)
hatcher@rlf.com