IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-866 (RGA) |
| | ) | |
| SEMILEDS CORPORATION, HELIOS | ) | |
| CREW CORP., and | ) | |
| SEMILEDS OPTOELECTRONICS | ) | |
| CO. LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

This __ day of January, 2012, the Court having conducted a conference to address the remaining schedule for this case;

IT IS ORDERED that:

1.      Discovery.

        a.      Fact Discovery Cut-Off.  All remaining fact discovery—limited to the specific damages-related depositions the parties agreed to defer pending potential agreement on a stipulation to resolve damages issues through an ADR framework—shall be completed by March 23, 2012.  As to possible willfulness discovery, Defendants shall file a five-page, single-space letter on or before February 1, 2012 and Plaintiff shall file a similar response on or before February 8, 2012.

        b.      Disclosure of Expert Testimony.

                i.      Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 30, 2012.  The supplemental disclosure to contradict or rebut evidence

on the same matter identified by another party is due on or before May 31, 2012.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  The parties agree they will not need to produce any draft expert reports, any notes taken by the experts, or any written communications with their experts (including but not limited to email), unless such communications are relied upon by any expert in support of his/her expert report(s) or opinion(s).  Expert discovery will be completed on or before June 30, 2012.

        ii.      <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        c.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a telephone conference.  Unless otherwise ordered, by no later than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

RLF1 5785191v. 2

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        2.     <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

        3.     <u>Courtesy Copies</u>.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

        4.     <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 31, 2012.  Opposition briefs shall be served and filed on or before August 31, 2012.  Reply briefs shall be served and filed on or before September 14, 2012.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.  On November 2, 2012 the Court will hold a hearing on any dispositive motions beginning at 8:30 a.m. for one (1) hour.

        5.     <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

        6.     <u>Pretrial Conference</u>.  On February 1, 2013 the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:30 a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on

RLF1 5785191v. 2

the third business day before the date of the final pretrial conference.  Unless otherwise ordered

by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the

preparation of the proposed joint final pretrial order.

       7.          *Motions in Limine*.  Motions *in limine* shall not be separately filed.  All *in*

*limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party

shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in*

*limine* request and any response shall contain the authorities relied upon; each *in limine* request

may be supported by a maximum of three pages of argument and may be opposed by a maximum

of three pages of argument, and the party making the *in limine* request may add a maximum of

one additional page in reply in support of its request.  If more than one party is supporting or

opposing an *in limine* request, such support or opposition shall be combined in a single three

page submission (and, if the moving party, a single one page reply).  No separate briefing shall

be submitted on *in limine* requests, unless otherwise permitted by the Court.

       8.          Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is

to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file

(i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and

(iv) special verdict forms no later than 5 p.m. on the third business day before the date of the

final pretrial conference.  The plaintiff should expect to submit to an email address to be

designated each of the foregoing four documents in WordPerfect format.

       9.          Trial.  This matter is scheduled for a 7 day jury trial beginning at 9:30 a.m.

on March 5, 2013 with the subsequent trial days beginning at 9:30 a.m.  Until the case is

submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial

will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

10.     <u>ADR Process</u>. This matter has been referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE

RLF1 5785191v. 2