# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH II
302 351 9205
302 498 6209 FAX
rsmith@mnat.com

February 1, 2012

**PUBLIC VERSION**

**VIA E-FILING**

Confidential Version Filed: February 1, 2012
Public Version Filed: February 8, 2012

The Honorable Richard G. Andrews
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Cree, Inc. v. SemiLEDs, Inc. and Helios Crew Corporation,*
C.A. No. 10-866-RGA

Dear Judge Andrews:

Pursuant to the schedule set at the January 24, 2012 hearing, SemiLEDs respectfully requests permission to depose four Cree employees related to SemiLEDs' defense to Cree's willful infringement claim. Specifically, SemiLEDs requests the depositions of: (1) Charles Swoboda, Chairman; (2) Scott Schwab, Vice President and General Manager of Optoelectronics; (3) Christopher James, Vice President of Corporate Marketing; and (4) either James Ibbettson or Mitch Jackson, whoever was in charge of overseeing ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Each of these witnesses has unique, non-privileged, first-hand knowledge of facts that undermine Cree's willful infringement claim.

## FACTUAL BACKGROUND

Cree has asserted a claim for willful infringement, alleging that SemiLEDs engaged in infringing activity despite actual knowledge of Cree's U.S. Patent No. 6,657,236 and despite an objectively high likelihood that SemiLEDs' actions constituted infringement. Cree's own conduct tells a different story – Cree was interested in SemiLEDs' technology, told SemiLEDs that SemiLEDs' technology was unique, and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ SemiLEDs anticipates that the proposed depositions will establish:

The Honorable Richard G. Andrews
February 1, 2012
Page 2

- In March 2006, Chuong Tran, SemiLEDs' President, contacted Mr. Swoboda, Cree's Chairman, and asked whether Cree would be interested in collaborating with SemiLEDs;

- Mr. Swoboda responded immediately and directed Mr. Schwab, Cree's Vice President and General Manager of Optoelectronics, to schedule a meeting at Cree's headquarters in Raleigh, North Carolina;

- In April 2006, Mr. Tran and SemiLEDs' CEO Trung Doan gave a presentation to Mr. Schwab and Ty Mitchell, the Vice President and General Manager of Cree's LED Lighting Business, at Cree's North Carolina facility;

- Messrs. Schwab and Mitchell advised Messrs. Tran and Doan that they found SemiLEDs' technology to be unique;

- Shortly after the April 2006 meeting, Mr. Schwab directed Mr. James, Cree's Vice President of Corporate Marketing, to visit SemiLEDs' facility in Taiwan to continue investigating a potential deal with SemiLEDs. Mr. Doan and Dr. Tran gave Mr. James a presentation on SemiLEDs' technology and a tour of SemiLEDs' offices. At that meeting, Mr. James expressed interest in SemiLEDs' technology, advised Messrs. Tran and Doan that he found SemiLEDs' technology unique, and suggested that Cree would be interested in investing in SemiLEDs;

- ██████████████████████████████████████

- ██████████████████████████████████████

- ██████████████████████████████████████



- During none of the communications or meetings between Cree and SemiLEDs did anyone from Cree assert that SemiLEDs infringed any Cree patents; nor did they even mention Cree's patents.

The above facts and evidence are part of the "totality of circumstances" underlying any claim of willful infringement in this case. Cree's conduct bears directly on the subjective component of willful infringement as ███████████████████████████ Cree's actions reinforced SemiLEDs' view that it had unique technology. SemiLEDs needs the depositions not only to confirm Cree's understanding of the facts and to ensure no surprises at trial, but also to explore a number of questions for which existing discovery has provided no answers.

## ARGUMENT

The Court should permit SemiLEDs to take the four depositions.

A.  **The Requested Deponents Have First-Hand Knowledge Of Facts Relevant To Cree's Willful Infringement Claim**

SemiLEDs should be permitted to discover facts relevant to Cree's claim for willful infringement. Fed. R. Civ. P. 26(a)(1); *Kelly v. Microsoft Corp.*, 2008 WL 5000278, *1 (W.D. Wash. Nov. 21, 2008); *Mills v. Wal-Mart Stores, Inc.*, 2007 WL 2298249, *1 (W.D. Ark. Aug. 7, 2007). Willful infringement is evaluated under a "totality of the circumstances" standard; all evidence, including discussions between the parties, is germane. *Lucent Tech., Inc. v. Gateway, Inc.*, 2007 WL 6955272, *7 (S.D. Cal. Oct. 30, 2007). Courts construe relevance broadly to include what is reasonably calculated to lead to admissible evidence. *Mills*, 2007 WL 2298249 at *1. Evidence is relevant where it has a tendency to make the existence of a fact at issue more or less probable. Fed. R. Evid. 401.

To establish willful infringement, Cree must prove by **clear and convincing evidence** that SemiLEDs acted despite an objectively high likelihood that it infringed a valid patent. *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). A showing that SemiLEDs actions were objectively reasonable negates recklessness and willful infringement. As Cree never complained of infringement but instead complemented SemiLEDs' unique technology, SemiLEDs conduct was reasonable. *Bott v. Four Star Corp.*, 807 F. 2d 1567, 1572 (Fed. Cir. 1986).

If the threshold objective standard is established, Cree must show the objectively-defined risk was either known or so obvious that SemiLEDs should have known. *In re Seagate*, 497 F.3d at 1371. Although *In re Seagate* defined the objective and subjective requirements for willful infringement, the "totality of circumstances" analysis remains the standard for the scope of evidence to be considered. *Lucent Tech., Inc.*, 2007 WL 6955272. The circumstances surrounding the communications and meetings between SemiLEDs and Cree are relevant as they tend to make it more probable that SemiLEDs' conduct was objectively reasonable and that SemiLEDs had no reason to know of any risk of infringing the '236 patent. Fed. R. Evid. 401. For example, Mr. Swoboda's invitation to SemiLEDs to visit Cree suggested that he believed SemiLEDs' technology was different and worthy of investigation. Messrs. Schwab's and James' suggestions that SemiLEDs' technology was unique **led SemiLEDs away** from any belief that Cree would accuse it of infringement. Mr. James' statements that Cree might invest in SemiLEDs suggested that SemiLEDs' LEDs were unique and distinct from Cree's technology. It is equally important for SemiLEDs to obtain discovery about ███████████████████████████████████████████████████████████████████████████████ The discussions between SemiLEDs and Cree are relevant to the "totality of the circumstances" test applied in willful infringement cases.

### B. The "Apex Doctrine" Does Not Bar The Requested Depositions

The "apex doctrine" does not bar the depositions SemiLEDs has requested. First, Cree has not argued that the doctrine applies ████████████████. Second, from publicly available information, it appears that Cree has a very large senior management team, including more than twenty Vice Presidents. As just two of those Vice Presidents, Messrs. Schwab and James do not qualify for apex deponent treatment. *Kelly v. Provident Life & Accident Ins. Co.*, 695 F. Supp. 2d 149, 156-57 (D. Vt. 2010) (rejecting "apex doctrine" argument as applied to the Vice President of Claims for an insurance company). Third, the "apex doctrine" **only** precludes a deposition where the "apex deponent" lacks unique, personal knowledge of the matter in dispute or the information sought can be obtained from another witness. *Abarca v. Merck & Co.*, 2009 WL 2390583, at *3 (E.D. Cal. Aug. 3, 2009); *Echostar Satellite, LLC v. Splash Media Partners, L.P.*, 2009 WL 1328226, at *2 (D. Colo. May 11, 2009). Courts refuse to apply the "apex doctrine" where the "apex deponent" has relevant, unique, or superior knowledge. *Kelly*, 2008 WL 5000278, at *1-2; *Mills*, 2007 WL 2298249, at *1. The court in *Kelly* approved a deposition of Microsoft's CEO because the plaintiff had established "a nexus between [the CEO's] personal knowledge and the challenged action." 2008 WL 5000278, at *1. Likewise, the court in *Mills v. Walmart*, refused to apply the "apex doctrine" to a President and a CEO as they "*may* have relevant information concerning..." a Department of Justice investigation. 2007 WL 2298249 at *2 (emphasis in original).

As in *Kelly* and *Mills*, Messrs. Swoboda, Schwab, and James **each** have unique, first-hand, personal knowledge of relevant facts. Because each had separate communications with SemiLEDs outside the presence of the others, each deposition is necessary to obtain a complete understanding of the relevant facts. With the exception of Mr. Mitchell – who has already been deposed on the topic – there are no other Cree employees who possess first-hand knowledge of Cree's meetings with SemiLEDs.

That these witnesses are senior executives of Cree does not outweigh SemiLEDs' right to necessary facts. Indeed, their executive positions make their testimony more significant as Cree alleges SemiLEDs received notice of the '236 patent from a third party customer at approximately the same time in 2006. At a minimum, SemiLEDs acted reasonably in ignoring the third party, as SemiLEDs was directly engaged with Cree's executives and had no notice of infringement from them.

### C. Balancing The Hardships Favor SemiLEDs

Cree will not suffer undue burden or prejudice. SemiLEDs has agreed to (1) take the depositions near Cree's headquarters, (2) limit each deposition to 2-3 hours, and (3) work with Cree's counsel to set a schedule that is convenient for the witnesses. Courts have recognized that an executive's time, while valuable, will not shield him or her from discovery. *Kelly*, 2008 WL 5000278, at *2; *Johnson v. Jung*, 242 F.R.D. 481, 486 (N.D. Ill. 2007) (recognizing that the "I'm too busy..." argument does not exempt even the President of the United States from discovery obligations).

A willful infringement claim may subject SemiLEDs to treble damages. Accordingly, any prejudice to Cree or its executives is substantially outweighed by potential prejudice to SemiLEDs. The Federal Circuit has cautioned that a finding of willful infringement is serious and should be made only after **due consideration of the totality of the circumstances**. *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1547 (Fed. Cir. 1987). Without these depositions, it will be impossible for SemiLEDs to present all relevant evidence against a claim through which Cree will seek treble damages.

### D. Alternative Means Of Discovery Are Not A Feasible Option

SemiLEDs should be permitted to depose witnesses who have relevant, first-hand knowledge and SemiLEDs is not required to seek this discovery through written discovery. Fed. R. Civ. P. 26. In addition, SemiLEDs cannot obtain the information solely through written discovery. Interrogatories would lead to overly-sanitized and general responses prepared by Cree's counsel and requests for admission would prevent SemiLEDs from discovery of Cree's motivation. Relying on written discovery might also lead to wasteful motion practice.

Cree's suggestion that the parties might simply agree that certain facts are undisputed (1) denies SemiLEDs' right to present its case in the manner it believes will be most effective before the jury, and (2) would stipulate away the evidence most damaging to Cree's willfulness claim.

### E. Cree Did Not Initially Oppose This Discovery

When SemiLEDs first requested these depositions, counsel for Cree indicated that Cree was "not opposed" with the possible exception of a deposition of Mr. Swoboda because of his position as CEO. *See* Dec. 21, 2011 Tr. at 16-17. As shown above, the "apex doctrine" cannot preclude the deposition of Mr. Swoboda as he has first-hand knowledge of relevant facts, and Cree should be held to its initial non-opposition to the discovery SemiLEDs is seeking.

## CONCLUSION

For the reasons set forth above, SemiLEDs respectfully requests permission to conduct depositions of the four identified witnesses.

Respectfully,

Rodger D. Smith II (#3778)

cc: Counsel of Record (via electronic mail)
5196852.1