IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREE INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-866-RGA |
| SEMILEDS CORPORATION, et al., | : | |
| Defendants. | : | |

## ORDER

This **10th** day of February 2012, upon consideration of Defendant's Letter (D.I. 187) and Plaintiff's Letter (D.I. 191), IT IS HEREBY ORDERED:

The Defendant may take depositions of Mr. James and Mr. Schwab, as set forth below. In support thereof, the Court finds:

1. The Defendant produced in an untimely fashion an email chain that gave the Plaintiff a basis to amend its pleadings to allege willfulness in connection with the alleged infringement of one of its patents.

2. The Defendant now requests permission to depose four executives of Plaintiff. The reasons given might be broadly summarized as, Plaintiff knew what we were doing, Plaintiff made no complaint about it, and thus it was reasonable for us to think nothing was wrong.

3. Plaintiff responds (again broadly stated), the Defendant caused this problem, "fishing expedition" depositions of executives are disfavored, the Defendant is too late and has used up all its discovery, willfulness involves mostly an analysis of the Defendant's knowledge and

actions, and there are no real issues in dispute that the four executives could address.

4. Plaintiff represents that the subjects of the four depositions will not be called as witnesses at trial. That resolves a significant part of the Defendant's argument about avoiding surprise at trial. Plaintiff further represents that seven bulleted points at pp. 3-4 of its letter are "confirmed" or "undisputed." It certainly appears that the bulleted points should not be subject to argument, and the Court would take the Plaintiff's representation as agreeing that it will not contest any of them.

5. Defendant listed nine bulleted points at p. 2 of its letter. Six of the nine correspond with six of Plaintiff's seven. One of the nine corresponds generally with one of Plaintiff's seven, with additional information that "Mr. James ... advised [the two top people with Defendant] that he found [Defendant's] technology unique." The eighth bulleted point of Defendant, to which Plaintiff has no counterpart, is that "Messrs. Schwab and Mitchell advised [the same two top people] that they found [Defendant's] technology to be unique." The ninth bulleted point (Swoboda told Schwab to schedule a meeting) seems both unimportant and also obvious. Thus, it seems to me that the only thing Defendant can plausibly claim much of a need for is to depose James and Schwab (Mitchell having already been deposed, and not subject to this request) on the limited subject of what they said to Defendant's executives in 2006 about Defendant's products. It seems to me that the purported James and Schwab testimony could be relevant to willfulness. Given the significance of a willfulness allegation, the Court will allow the depositions of James

and Schwab on the topic of what they told the Defendant's executives about its technology. The depositions will be held at a place of Plaintiff's choosing near its headquarters, and each deposition will be limited to one hour.

*Richard G. Andrews*
United States District Judge