IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-0866-GMS-CJB |
| | ) | |
| SEMILEDS CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GOVERNING MEDIATION
CONFERENCES AND MEDIATION STATEMENTS**

**THIS ORDER CONTAINS IMPORTANT INFORMATION WHICH
SHOULD BE READ BY COUNSEL PRIOR TO PREPARATION OF A
MEDIATION STATEMENT.**

At Wilmington this 13th day of February, 2012.

IT IS ORDERED that:

**MEDIATION CONFERENCE**

1.      A mediation conference with is scheduled for **Thursday, March 29, 2012**

beginning at **10:00 a.m.**  All required participants (see ¶ 2) are to report at this time to

Courtroom 6C and are to remain available until excused by the Court.

**REQUIRED PARTICIPANTS**

2.      Each party must be represented at the mediation conference by the following

required participants: (a) trial counsel; (b) counsel who is/are familiar with the case; and (c) the

party/parties and/or decision maker(s) of the parties, who must have full authority to act on

behalf of the parties, including the authority to negotiate a resolution of the matter and to

respond to developments during the mediation process.  *Full authority* means that those

participants on behalf of a party should be able to make independent decisions and have a

knowledge or understanding of the dispute and/or the business objectives/operations of their

company to generate and consider solutions and/or to be able to address the negotiation

dynamics in mediation.  It is *not just* settlement authority, that is, to make an offer or to accept an

amount.

In-person attendance at the mediation conference by the required participants described

above is required unless otherwise authorized by the Court.  Any request to modify this

requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel or pro se

parties, no later than **fourteen (14) days before** the mediation conference.

**CONTACT INFORMATION FOR REQUIRED PARTICIPANTS**

3a.      **No later than the date on which mediation statements are due** (see ¶ 4 below),

counsel shall provide to the Court in a writing *separate from* the mediation statement, for each

attorney who will be attending the mediation conference: (i) a direct dial telephone work

number, (ii) a cell or home telephone number, and (iii) an electronic mail address where the

attorney can be regularly reached.  Unrepresented parties shall provide at least one of these three

forms of contact information.

3b.      **No later than the date on which mediation statements are due** (see ¶ 4 below),

counsel shall submit a list of all participants, including attorney and non-attorney

representatives, who will be attending mediation on behalf of their party, to the opposing party

or parties.

**CONFIDENTIAL MEDIATION STATEMENTS**

4.      On or before **Wednesday, March 14, 2012**, an original and one copy of a

confidential mediation statement containing all of the information required by ¶ 6 shall be

submitted *only* to the Magistrate Judge. The mediation statements *shall not* be filed with the

Clerk's Office, but shall be delivered to the Clerk's Office in an envelope addressed to U. S.

Magistrate Judge Burke_ and marked "CONFIDENTIAL MEDIATION STATEMENT." The

statements *shall not* be exchanged among the parties or counsel (unless the parties so desire),

*shall not* be provided to the trial judge, and *shall not* become part of the record in this matter.

Mediation statements *shall not* be electronically filed since they are not part of the Court record.

5.     The mediation statements may be in memorandum or letter form. They must be

double-spaced, in no less than a 12-point font, and be no longer than **fifteen (15) pages**.

6.     The mediation statements must contain each of the following headings and must

contain a discussion of each of the topics described below:

a)     **"The Parties"**: provide a description of who the parties are, their

relationship, if any, to each other, and by whom each party is represented, including the identity

of all individuals who will be participating on behalf of a party during the mediation conference.

b)     **"Factual Background"**: provide a brief factual background, clearly

indicating which material facts are not in dispute and which material facts remain in dispute.

c)     **"Summary of Applicable Law"**: provide a brief summary of the law,

including applicable statutes, cases and standards. Copies of any unreported decisions

(including decisions from this jurisdiction) that counsel believes are particularly relevant should

be included as exhibits (see ¶ 7).

d)     **"Honest Discussion of Strengths and Weaknesses"**: provide an honest

discussion of the strengths and weaknesses of the party's claims and/or defenses.

e)     **"Settlement Efforts"**: provide a brief description of prior settlement

negotiations and discussions, including the most recent offers or demands exchanged between

the parties and the reasons for rejection, and the party's assessment as to why settlement has not

been reached.

       f)      **"Settlement Proposal"**: describe the party's proposed term(s) for a

resolution.  Identify any interests or issues not directly involved in this matter that may frustrate

or further settlement.  If the party has any suggestions as to how the Court may be helpful in

reaching a resolution, such suggestions should also be described.

       g)      **"Fees and Costs"**: list separately each of the following: (i) attorneys' fees

and costs incurred to date; (ii) other fees and costs incurred to date; (iii) good faith estimate of

additional attorneys' fees and costs to be incurred if this matter is not settled; and (iv) good faith

estimate of additional other fees and costs to be incurred if this matter is not settled.

       In addition to the required topics described above, and provided that the mediation

statement complies with the page limit stated above, counsel are encouraged to address any other

matter they believe may be of assistance to the Court.

       7.      Crucial or pertinent documents may be submitted as exhibits to the mediation

statement.  Counsel are cautioned to limit such exhibits.

**CONFIDENTIALITY**

       8.      The contents of the mediation statements and the mediation conference

discussions, including any resolution or settlement, shall remain confidential, shall not be used in

the present litigation nor any other litigation (whether presently pending or filed in the future),

and shall not be construed as nor constitute an admission.  Breach of this provision shall subject

the violator to sanctions.

**EX PARTE CONTACTS**

9.      Before, during, and after the scheduled mediation conference, the Court may find

it necessary and useful to communicate with one or more parties outside the presence of the

other party or parties.

**REQUEST TO BRING ELECTRONIC EQUIPMENT**

10.     Any possession by an attorney of an electronic device shall be permitted in

accordance with this Court's Standing Order regarding possession by attorneys of cell phone,

other PDA devices, and laptop computers dated November 17, 2011.  Any request to bring

electronic equipment for use by a party during the mediation conference shall be made in writing

and shall be submitted in a separate letter **no later than the date on which mediation**

**statements are due** (see ¶ 4 above).  Any such request shall include the name(s) of the

individuals, a list of the equipment requested to be authorized, and a representation that counsel

believes the presence of the requested equipment will be of assistance in the mediation process

and that the request is not being made just for convenience.

**OBLIGATION OF GOOD FAITH PARTICIPATION**

11.     The required participants shall be available and accessible throughout the

mediation process.  The Court expects the parties' full and good faith cooperation with the

mediation process.  In particular, the Court expects both the lawyers and the party

representatives to be fully prepared to participate.  The Court encourages all participants to keep

an open mind in order to reassess their previous positions and to find creative means for

resolving the dispute.

**AVOIDANCE OF SANCTIONS**

12.      All counsel are reminded of their obligations to read and comply with this Order.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order.

To avoid the imposition of sanctions, counsel shall advise the Court immediately of any

problems regarding compliance with this Order.


/s/   Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE