

**RICHARDS LAYTON & FINGER**

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

February 8, 2012

<u>**VIA CM/ECF FILING & HAND DELIVERY**</u>

REDACTED
PUBLIC VERSION

The Honorable Richard G. Andrews
United States District Court
Federal Building
844 King Street
Wilmington, Delaware 19801

      Re:    *Cree, Inc. v. SemiLEDS Corp., et al.* (D. Del.), C.A. No. 10-866-RGA

Dear Judge Andrews:

      Plaintiff Cree, Inc. submits this response to Defendant SemiLEDs Corp.'s February 1, 2012 letter brief, seeking extra depositions of Cree's Chairman and CEO, two additional high-ranking executives, and a key engineer. SemiLEDs' request should be denied because:

- SemiLEDs has not established "good cause" for this expansive additional discovery on facts that have already been the subject of substantial discovery and are largely undisputed.
- The "apex" deposition doctrine prohibits such cumulative, non-unique deposition testimony from Cree's high-ranking executives.
- The proposed discovery is simply a fishing expedition, and if ordered, can be accomplished in a more efficient and less burdensome manner.

**BACKGROUND**

      At the outset of this case, the Court entered a Scheduling Order requiring fact discovery to be completed by July 29, 2011, and the parties agreed that each side would be limited to fifteen depositions of parties and party employees. (D.I. 13 at 7; D.I. 52 at 1.) Each party has already exhausted its fifteen party depositions in this case. Moreover, Judge Diamond has issued two orders, prompted by requests for extensions of third party discovery, making clear that no further discovery extensions would be permitted. (D.I. 126; D.I. 138.)

      During discovery, while deciding how to allocate its depositions, SemiLEDs was aware that the parties had met in 2006 to discuss a possible business collaboration; indeed, SemiLEDs' own CEO (Trung Doan) and President (Chuong Tran) were present at the relevant meetings. SemiLEDs also was aware that Cree had purchased ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Infra* at 3-4.)

      SemiLEDs is now attempting to use its ***own*** discovery violation to seek extensive and

■ ■ ■

The Honorable Richard G. Andrews
February 8, 2012
Page 2

*duplicative* discovery concerning these largely undisputed facts. SemiLEDs prevented Cree from adding a willfulness claim to the case prior to the close of discovery by asserting – incorrectly – in binding interrogatory responses that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Nearly two months after the deadline for fact discovery had passed, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Cree promptly moved to amend its complaint.



In its motion to amend, Cree stated that *neither party* should require any further discovery on willfulness. (D.I. 154 at 4.) In particular, SemiLEDs should not need further discovery because evidence of willfulness is entirely within the possession of the defendant. (*Id.*) In its opposition brief, SemiLEDs did not dispute this assertion – *i.e.*, SemiLEDs gave no indication that it thought it needed willfulness discovery if Cree's motion were granted. (*See generally* D.I. 162.) At the oral argument on Cree's motion, however, SemiLEDs suggested for the very first time that it would like some "very small" discovery on the issue – including Cree's CEO, Charles Swoboda. (12/21/11 Tr. at 15-16.) Cree responded that it was willing to discuss the issue, but that it had "significant concerns" with this request to depose its CEO. (*Id.* at 16-17.) SemiLEDs subsequently expanded its request to *six* additional fact depositions – *i.e.*, *40% more* depositions than it had agreed to for the entire six-patent case. (1/23/12 Email from Jensen to Brooks.)[1]

## ARGUMENT

### A. SemiLEDs Must Establish "Good Cause" For Additional Depositions

SemiLEDs frames its request as an issue of relevance. (SL Letter at 3.) But mere relevance is *not* the appropriate standard for obtaining discovery beyond the limitations already ordered by the Court and agreed to by the parties. Fed. R. Civ. P. 16 (b)(4) requires a showing of "good cause" to modify a scheduling order, as SemiLEDs seeks to do here by bypassing the July 29, 2011 deadline for fact discovery (D.I. 52 at 1). The parties' Discovery Plan similarly requires a showing of "good cause" for any additional depositions. (D.I. 13 at 9.)

As the Supreme Court has emphasized, "[t]he specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b)." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (U.S. 1964). Accordingly, SemiLEDs must demonstrate, among other things, that "each condition as to which the [discovery] is sought is *really and genuinely in controversy*." *Id.* (emphasis added). This heightened standard is significant; otherwise, the deposition limitations agreed to by the parties and imposed by the Court would be meaningless so long as a party could simply identify a sixteenth party witness with relevant information – a low bar with respect to Cree, a company with roughly 5,000 employees.

---

[1] SemiLEDs has since revised this request to four depositions. Because the various factual evidence cited in this letter is quite voluminous, Cree has not submitted the actual emails, deposition transcripts, party documents, and other exhibits cited herein. However, Cree is prepared to provide this evidence promptly at the Court's request.

RLF1 5816963v. 1

The Honorable Richard G. Andrews
February 8, 2012
Page 3

### B. The "Facts" SemiLEDs Seeks To Establish Have Already Been The Subject Of Substantial Discovery And Are Largely Undisputed

Tellingly, SemiLEDs has not cited a single case for the proposition that discovery of *the plaintiff* is relevant to whether *the defendant* willfully infringed a patent-in-suit. As the Court recognized at the status conference, the willfulness inquiry focuses on *SemiLEDs'* conduct, not Cree's conduct. (1/24/12 Tr. at 5); *see also In re. Seatage Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*) (articulating standard). The Court accordingly ordered SemiLEDs to identify "*specifically* what discovery they want as opposed to fishing around," and "[w]hat it is that they actually expect to get." (1/24/12 Tr. at 19 (emphasis added).) SemiLEDs has yet to comply with this order. Although SemiLEDs claims that there are "questions for which existing discovery has provided no answers" (SL Letter at 2), it has not identified a single such unanswered question.

SemiLEDs' main argument appears to be that Cree's conduct is somehow relevant to the subjective prong of the *Seagate* test because – although the parties met to discuss a potential collaboration in 2006 – Cree did not accuse SemiLEDs of infringement until 2010.[2] But SemiLEDs has already taken *substantial* discovery from Cree concerning this meeting and Cree's subsequent purchase ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This discovery has included deposition testimony from Ty Mitchell (VP and Gen. Mgr. for LED Lighting) concerning the 2006 meeting – taken *after* Cree filed its motion to add the willfulness claim – as well as Rule 30(b)(6) testimony from Julio Garceran (IP Counsel) and individual testimony from John Edmond (Co-Founder of Cree, Dir. of Advanced Optoelectronics), Hua-Shuang Kong (Research Scientist), Warren Stewart (VP of Sales), and Jason Yorks (Dir. of Marketing) concerning Cree's purchase, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓.

Indeed, the facts that SemiLEDs claims the depositions will "establish" (listed in nine bullet points in its letter) are largely undisputed. The parties' document productions and Cree's witnesses have already confirmed (or it is undisputed) that:

- During March 2006, Chuong Tran, SemiLEDs' President, contacted Mr. Swoboda, Cree's CEO, and asked whether Cree would be interested in collaborating with SemiLEDs.[3]

- In April 2006, Tran and SemiLEDs' CEO, Trung Doan, attended a meeting with at least Ty Mitchell and Scott Schwab (Dir. of Mkg, Optoelectronics) at Cree's North Carolina facility.[4]

- Shortly after the April 2006 meeting, Mr. Schwab and Christopher James (Vice President of Marketing and Business Development) visited SemiLEDs' facility in Taiwan to discuss

---

[2] SemiLEDs cannot credibly claim that the requested discovery is relevant because it relates to "Cree's motivation." (SL Letter at 5.) The willfulness test focuses entirely on SemiLEDs' belief concerning infringement and whether that belief was reasonable; it has nothing to do with the intent underlying any actions (or lack thereof) by Cree.

[3] *See* SL Letter at 2; Ty Mitchell Dep. Tr. ("Mitchell Tr.") at 97-100 (testifying regarding 2006 communications with SemiLEDs).

[4] *See* LEDS 0127927, LEDS 0127935 (Doan and Tran travel receipts for meeting with Cree); Mitchell Tr. at 97-100, 116-18 (testifying regarding 2006 communications with SemiLEDs); Mitchell Ex. 4 (photocopy of Cree business cards from meeting produced by SemiLEDs).

The Honorable Richard G. Andrews
February 8, 2012
Page 4

SemiLEDs' inquiry regarding whether Cree would be interested in collaborating with SemiLEDs.[5]

- In June 2006, Cree agreed to purchase from SemiLEDs about 5,000 LED evaluation samples ███████████████.[6]

- ███████████████████████████████████████████████████████████████████████████████████████████[7]

- Cree and SemiLEDs had no further communications after Cree purchased ████████████████████████████████████████.[8]

- During these 2006 communications and meetings between Cree and SemiLEDs, Cree did not assert that SemiLEDs infringed any Cree patents; nor did Cree mention Cree's patents.[9]

In other words, even if these facts had a modicum of relevance to Cree's willful infringement claim, SemiLEDs cannot claim that they are *"really and genuinely in controversy"* so as to merit "good cause" for going beyond the existing discovery limitations. *See Schlagenhauf*, 379 U.S. at 118 (emphasis added); *see also* Fed. R. Civ. P. 26(b)(2)(C) (court **must** limit frequency or extent of discovery if discovery is unreasonably cumulative or can be obtained by less burdensome means, if party seeking discovery has had ample opportunity to obtain information, or if burden or expense of discovery outweighs its likely benefit).

### C. SemiLEDs' Request To Depose Cree's Executives Violates The Apex Doctrine

---



[5] *See* SL Letter at 2; Mitchell Tr. at 97-100, 116-18 (testifying regarding 2006 communications with SemiLEDs).
[6] *See* Mitchell Tr. at 109-12 & Ex. 3 (Cree Purchase Order for SemiLEDs chips, LEDS 0178322). Although the purchase order was for 5,000 SemiLEDs chips, shipping records indicate that only roughly 4,500 chips were shipped to Cree (LEDS 0127856).
[7] *See, e.g.*, Mitchell Tr. at 101-06 & Ex. 1 (███████████████████ CREEDEL 04964002-04); Garceran Rule 30(b)(6) Tr. at 56-58 & Ex. 5 (CREEDEL 01264449-52); Edmond Tr. at 66-67 & Ex. 24 (CREEDEL 03864505 – 07); Stewart Tr. at 125, 159 & Exs. 5 (CREEDEL 03096873 – 76), 15 (CREEDEL 04321657); Yorks Tr. at 134-35 & Ex. 14 (CREEDEL 04321657). *See also* Kong Tr. at 69-72, 85-94 & Exs. 10 (CREEDEL 02897429 – 39), 17 (CREEDEL 01264087 – 109), 18 (CREEDEL 01264142 – 53), 19 (CREEDEL 01264211 – 36), 20 (CREEDEL 01264154), 21 (CREEDEL 01264156 – 58), 22 (CREEDEL 01264449 – 83), 23 (CREEDEL 03996275) (cited testimony and exhibits providing ████████████████████); Yorks Tr. at 99, 122-24 (testifying generally regarding ████████████████).
[8] *See, e.g.*, Mitchell Tr. at 95-106 (testifying regarding nature of 2006 communications with SemiLEDs and ██████████████████████); *see particularly* Mitchell Tr. at 104-05 (████████████████████████████████████████████████████████).
[9] *See, e.g.*, Mitchell Tr. at 95-106 (testifying regarding nature of 2006 communications with SemiLEDs and ██████████████████); Garceran Tr. at 56-58 (████████████████████████████).

RLF1 5816963v. 1

The Honorable Richard G. Andrews
February 8, 2012
Page 5

SemiLEDs' request to depose Cree's high-level executives would also violate the "apex" doctrine. As multiple courts have confirmed, to depose a high-level corporate executive, a party must demonstrate that (1) the executive has unique or special knowledge of the facts at issue, (2) the discovery is not cumulative or duplicative, *and* (3) other less burdensome avenues for obtaining the information sought have been exhausted.[10] Consistent with Rule 26(b)(2)(C), courts routinely prohibit "apex" depositions when an executive lacks "superior" or "unique" knowledge of the relevant issue,[11] or the deposition is duplicative or cumulative of other discovery in the case.[12]

SemiLEDs' request to depose Charles Swoboda, Cree's Chairman and CEO, is flatly inconsistent with this doctrine. Indeed, SemiLEDs *concedes* that Mr. Swoboda did not even participate in the 2006 meetings between Cree and SemiLEDs. It nevertheless seeks his deposition merely because (1) Mr. Tran contacted him to request the meeting and (2) he subsequently asked Mr. Schwab to schedule the meeting. SemiLEDs' request to depose Mr. Schwab and Mr. James is similarly strained. As both parties' bullet points confirm, it is undisputed that SemiLEDs contacted Cree about a possible business relationship, the parties met at Cree's facility in North Carolina and SemiLEDs' facility in Taiwan to discuss a possible business relationship, and Cree did not accuse SemiLEDs of infringement prior to filing this lawsuit. Cree's executives need not be deposed to confirm these simple, undisputed facts, which are already supported by multiple witnesses' deposition testimony and both parties' document productions. The knowledge of these executives is not "unique," and their depositions would merely be cumulative of already existing evidence.[13]

### C. At Most, The Court Should Order Less Burdensome Discovery

Cree continues to believe that neither party requires further discovery on the willfulness issue. If the Court is inclined to grant additional discovery, it should limit this discovery to interrogatories or, in the alternative, a Rule 30(b)(6) deposition (through which SemiLEDs could obtain all facts known to the company). Moreover, Cree requests that any discovery be mutual, so that Cree can respond to SemiLEDs' discovery, and so that the parties can maintain the deposition and discovery parity that they negotiated at the outset of the case.

---

[10] *ING Bank v. PNC Fin. Serv. Group, Inc.*, C.A. No. 08-514-GMS-LPS, at 38-42 (D. Del. June 23, 2009) (TRANSCRIPT) (attached hereto as Exhibit A) (holding that party seeking deposition of company President had not met "apex" burden of showing that evidence would be unique and non-cumulative or could not be obtained by less burdensome means). *See also Ingersoll v. Farmland Foods, Inc.*, 2011 WL 1131129, at *7 (W.D. Mo., Mar. 28, 2011); *HCP Laguna Creek CA, LP v. Sunrise Sr. Living Management, Inc.*, 2010 WL 890874, at *4 (M.D. Tenn. Mar. 8, 2010) (collecting cases).

[11] *Slater v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979); *Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991); *First Fidelity Bancorporation v. National Union Fire Ins. Co. of Pittsburgh, PA*, 1992 WL 46881, at *4 (E.D. Pa. Mar. 5, 1992).

[12] *See generally, e.g., Abarca v. Merck & Co., Inc.*, 2009 WL 2390583 (E.D. Cal., Aug. 3, 2009); *see also Kelley v. Microsoft Corp.*, 2008 WL 5000278, at *1 (W.D. Wash. Nov. 21, 2008) ("In deciding whether to allow the deposition of an 'apex' executive, a court considers ... whether the testimony sought will be unreasonably duplicative.").

[13] Nor can SemiLEDs claim that it needs to take any of these depositions in order to avoid "surprises at trial." (SL Letter at 2.) None of the four individuals whose deposition SemiLEDs requests is listed on Cree's initial disclosures; as such, Cree does not intend to present testimony from any of them at trial. Indeed, the only relevant individual who is listed on Cree's initial disclosures is Dr. Mitchell, who was just deposed in December 2011, *after* SemiLEDs knew of Cree's willfulness allegations.

The Honorable Richard G. Andrews
February 8, 2012
Page 6

                                        Respectfully,

                                        */s/ Frederick L. Cottrell, III*

                                        Frederick L. Cottrell, III (#2555)
                                        Cottrell@rlf.com

cc:     All Counsel of Record (via e-mail)

RLF1 5816963v.1