## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREE, INC.,     )<br><br>        Plaintiff,     )<br><br>        v.     )<br><br>SEMILEDS CORPORATION, HELIOS<br>CREW CORPORATION, and SEMILEDS<br>OPTOELECTRONICS CO., LTD.,     )<br><br>        Defendants.     ) | C.A. No. 10-866 (RGA/CJB) |
| SEMILEDS CORPORATION and<br>SEMILEDS OPTOELECTRONICS CO.,<br>LTD.,     )<br><br>        Plaintiffs,     )<br><br>        v.     )<br><br>CREE, INC.,     )<br><br>        Defendant. | C.A. No. 11-714 (RGA/CJB) |



## [~~PROPOSED~~] CONSENT JUDGMENT AND DISMISSAL WITHOUT PREJUDICE

WHEREAS Cree, Inc. ("Cree") filed C.A. No. 10-866 ("the '866 Action"), alleging infringement by SemiLEDs Corp., Helios Crew Corp., and SemiLEDs Optoelectronics Co., Ltd. (collectively, "SemiLEDs") of U.S. Patent Nos. 7,737,459, 7,211,833, 7,611,915, 6,657,236, 7,557,380, and 7,795,623 (collectively, "Cree Patents-in-Suit");

WHEREAS SemiLEDs filed C.A. No. 11-714 ("the '714 Action"), alleging infringement by Cree of U.S. Patent Nos. 7,615,789, 7,646,033, and D580,888 (collectively, "SemiLEDs Patents-in-Suit"), to which Cree filed counterclaims alleging infringement by SemiLEDs of U.S. Patent Nos. 6,958,497 and 6,515,313 (collectively, "Cree Counterclaim Patents-in-Suit");

WHEREAS the parties wish to settle the '866 and '714 Actions and have accordingly entered into a Settlement Agreement, the terms of which are confidential but include entry of an Agreed Permanent Injunction, attached hereto as Exhibit 1.

THE COURT ADJUDGES AND DECREES AS FOLLOWS:

1.      The Court has jurisdiction over the parties and subject matter of the '866 and '714 Actions.

2.      Venue for the '866 and '714 Actions is proper in this Court.

3.      Cree has standing to assert rights in the Cree Patents-in-Suit and Cree Counterclaim Patents-in-Suit against SemiLEDs.

4.      The Court hereby enters the Agreed Permanent Injunction attached hereto as Exhibit 1, the terms of which are expressly incorporated herein. The Court specifically retains jurisdiction to enforce, modify, or extend this Agreed Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute whether a product not specifically named in this Agreed Permanent Injunction is identical in structure of the substrate, epitaxial layers, and metal layers to an Enjoined Product.

5.      Any remaining claims or counterclaims of the parties in the '866 and '714

Actions, including any claims for infringement of any of the Cree Patents-in-Suit, SemiLEDs

Patents-in-Suit, or Cree Counterclaim Patents-in-Suit not covered by the Agreed Permanent

Injunction, are hereby dismissed without prejudice.

6.      The parties waive their right to appeal or otherwise contest this Consent

Judgment.

7.      Each party will bear its own attorneys fees and costs (statutory and otherwise).


/s/ Jason J. Rawnsley
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

Attorneys for Cree, Inc.

/s/ Rodger D. Smith II
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

Attorneys for SemiLEDs Corp., Helios Crew
Corp., & SemiLEDs Optoelectronics Co., Ltd.


SO ORDERED this 27th day of June, 2012.

_____
United States District Judge

- 2 -

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CREE, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>SEMILEDS CORPORATION, HELIOS CREW CORPORATION, and SEMILEDS OPTOELECTRONICS CO., LTD.,<br><br>        Defendants.<br><br><br>SEMILEDS CORPORATION and SEMILEDS OPTOELECTRONICS CO., LTD.,<br><br>        Plaintiffs,<br><br>        v.<br><br>CREE, INC.,<br><br>        Defendant. | C.A. Nos. 10-866, 11-714 (RGA/CJB) |

**AGREED PERMANENT INJUNCTION**

WHEREAS Cree, Inc. ("Cree") filed C.A. No. 10-866, and filed counterclaims in C.A. No. 11-714, alleging infringement by SemiLEDs Corp., Helios Crew Corp., and SemiLEDs Optoelectronics Co., Ltd. (collectively, "SemiLEDs") of U.S. Patent Nos. 6,657,236, 7,211,833, 7,611,915, 7,557,380, 7,795,623, 7,737,459, 6,958,497, and/or 6,515,313 (the "Asserted Patents");

WHEREAS SemiLEDs filed C.A. No. 11-714, alleging infringement by Cree of certain SemiLEDs patents;

WHEREAS the parties wish to settle C.A. Nos. 10-866 and 11-714 by, among other things, agreeing to this Permanent Injunction;

WHEREAS SemiLEDs has not and will not admit that it infringes any of the Asserted Patents or that any of the Asserted Patents are valid;

WHEREAS according to the parties' stipulation, the following Permanent Injunction will not begin until October 1, 2012:

IT IS HEREBY ORDERED that SemiLEDs Corporation, Helios Crew Corporation, SemiLEDs Optoelectronics Co., Ltd., any of their subsidiaries and affiliates, and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them who receive actual notice of this Permanent Injunction are hereby permanently enjoined from:

(a)     making, using, importing, selling, and/or offering to sell in the United States on or after October 1, 2012 the SL-M-B40AC, SL-M-B45AC, SL-V-B09AA, SL-V-B13AA, SL-V-B15AA, SL-V-B15AK, SL-V-B19BA, SL-V-B24AA, SL-V-B24AB, SL-V-B24AC, SL-V-B24AD, SL-V-B28AD, SL-V-B32AS, SL-V-B35AD, SL-V-B35AK, SL-V-B35AZ, SL-V-B40AA, SL-V-B40AB, SL-V-B40AC, SL-V-B40AC2, SL-V-B40AK, SL-V-B40AK2, SL-V-

1

B40EC, SL-V-B40EK, SL-V-B40GC, SL-V-B40SA, SL-V-B45AC, SL-V-B45AC2, SL-V-
B45AK (I-Do), SL-V-B45AK (I-core), SL-V-B45AK2, SL-V-B45AS, SL-V-B45EC, SL-V-
B45EK, SL-V-B50AH, SL-V-B50BQ, SL-V-B60AC, SL-V-B60AK, SL-V-B80AC, SL-V-
B80BQ, SL-V-G15AA, SL-V-G24AD, SL-V-G40AB, SL-V-G40AC, SL-V-G45AC, SL-V-
G45EK, SL-V-G60AC, SL-V-U15AA, SL-V-U15AK, SL-V-U15AKD, SL-V-U15AKD, SL-V-
U24ADD, SL-V-U40AB, SL-V-U40AC, SL-V-U40ACD, SL-V-U40AK , SL-V-U40EC, SL-V-
U40EK, SL-V-U45ACD, SL-V-U60ACD, SL-V-U80ACD, SL-V-U80BC, and/or SL-V-
W45AK chips, or any chip that is identical to any of these chips in structure of the substrate,
epitaxial layers, and metal layers (collectively, "Enjoined Products"), or any device that includes
any Enjoined Product (including, without limitation, packaged LED products and LED
components); and/or

(b)     assisting others in making, using, importing, selling, and/or offering to sell in the
United States any Enjoined Product and/or any device that includes any Enjoined Product, by
engaging in activities including, without limitation, the following:  (i) advertising, marketing, or
otherwise promoting any Enjoined Product and/or any device that includes any Enjoined Product
in the United States, except that SemiLEDs shall be in compliance regarding this subsection as to
its websites if it clearly and conspicuously indicates on such websites that the Enjoined Product
is "Not for use, sale, or importation into the United States"; (ii) entering or fulfilling product
orders, or setting, determining, or approving terms of sale, for any Enjoined Product and/or any
device that includes any Enjoined Product, unless all related documentation produced or
distributed after October 1, 2012 (including without limitation order forms, invoices, price
quotations, offer sheets, contracts, websites, and any other third party communications
concerning sales, customer support, or technical support) concerning any Enjoined Product

2

includes a written disclaimer clearly and conspicuously indicating that such products are "Not

for use, sale, or importation into the United States"; (iii) providing customer service or other

technical support relating to any Enjoined Product and/or any device that includes any Enjoined

Product, unless all related documentation produced or distributed after October 1, 2012

(including without limitation order forms, invoices, price quotations, offer sheets, contracts,

websites, and any other third party communications concerning sales, customer support, or

technical support) concerning any Enjoined Product includes a written disclaimer clearly and

conspicuously indicating that such products are "Not for use, sale, or importation into the United

States"; (iv) negotiating or entering into sales representative, reseller, or distributor agreements

relating to any Enjoined Product and/or any device that includes any Enjoined Product, unless all

related documentation produced or distributed after October 1, 2012 (including without

limitation order forms, invoices, price quotations, offer sheets, contracts, websites, and any other

third party communications concerning sales, customer support, or technical support) concerning

any Enjoined Product includes a written disclaimer clearly and conspicuously indicating that

such products are "Not for use, sale, or importation into the United States"; (v) preparing

documentation regarding the operation, use, or intended use of any Enjoined Product and/or any

device that includes any Enjoined Product, unless all related documentation produced or

distributed after October 1, 2012 (including without limitation order forms, invoices, price

quotations, offer sheets, contracts, websites, and any other third party communications

concerning sales, customer support, or technical support) concerning any Enjoined Product

includes a written disclaimer clearly and conspicuously indicating that such products are "Not

for use, sale, or importation into the United States"; (vi) offering, entering into, or performing

any written or oral agreement to indemnify, hold-harmless, defend, reimburse, or otherwise

3

protect (either partially or entirely) any downstream entity against any claims for infringement of the Asserted Patents in the United States relating to their making, using, importing, selling or offering for sale the Enjoined Products and/or any device that includes any Enjoined Product on or after October 1, 2012.

This Permanent Injunction shall begin on October 1, 2012 and expire on November 30, 2022.

The Court specifically retains jurisdiction to enforce or modify this Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute about whether a product not specifically named in this Permanent Injunction is identical in structure of the substrate, epitaxial layers, and metal layers to an Enjoined Product and, therefore, subject to this Permanent Injunction.

RLF1 6171489v. 1

/s/ Jason J. Rawnsley
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

Attorneys for Cree, Inc.

/s/ Rodger D. Smith II
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

Attorneys for SemiLEDs Corp., Helios Crew
Corp., & SemiLEDs Optoelectronics Co., Ltd.

SO ORDERED this 27th day of June , 2012.

_____
United States District Judge

5